UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YANNIS BONIKOS and RIGEL SHAHOLLI, *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>50 FRONT STREET ENTERPRISES, INC. (d/b/a "Mykonos"), PETER KAZAMIAS, JOHN DOE CORP. #1 (d/b/a "50 Front"), JOHN DOE CORPS. #2-10, and JOHN DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, YANNIS BONIKOS ("Plaintiff Bonikos") and RIGEL SHAHOLLI ("Plaintiff Shaholli") (collectively "Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorneys, Varacalli & Hamra, LLP, upon information and belief, and as against each of Defendants 50 FRONT STREET ENTERPRISES, INC. (d/b/a "Mykonos"), JOHN DOE CORP. #1 (d/b/a "50 Front"), JOHN DOE CORPS. #2-10 ("Defendant Corporations"), PETER KAZAMIAS, and JOHN DOES 1-10 ("Individual Defendants") (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action to recover overtime wages and liquidated damages, interest, costs, and attorney's fees for violations of the Federal Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and associated rules and regulations.

2.      Plaintiffs are former employees of 50 FRONT STREET ENTERPRISES, INC. (d/b/a Mykonos), JOHN DOE CORP. #1 (d/b/a "50 Front"), JOHN DOE CORPS. #2-10, JOHN DOES 1-10, and PETER KAZAMIAS.

1

3. Mykonos was a Greek restaurant owned and operated by PETER KAZAMIAS located at 50 Front Street, Newburgh, NY 12550.

4. 50 Front was a Greek restaurant owned and operated by PETER KAZAMIAS located at 50 Front Street, Newburgh, NY 12550.

5. Upon information and belief, during the course of Plaintiffs' employment, Defendant PETER KAZAMIAS owned, operated, and managed, Defendant Corporations.

6. Defendants employed Plaintiff Bonikos as a chef. His duties included, but were not limited to, preparing ingredients, cooking, and cleaning the kitchen.

7. Plaintiff Bonikos regularly worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for any of the hours that he worked.

8. Defendants failed to maintain accurate records of his hours worked and failed to pay Plaintiff Bonikos adequately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

9. Further, Defendants failed to pay Plaintiff Bonikos the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10. Plaintiff Shaholli was employed as a chef performing duties including but not limited to, prep work and dishwashing.

11. Plaintiff Shaholli regularly worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for any of the hours that he worked.

12. Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Shaholli adequately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

13. Further, Defendants failed to pay Plaintiff Shaholli the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

14. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing them overtime compensation required by federal and state law and regulations.

15. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §142-2.2, 2.4, and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a)

18. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants

in this district.

## PARTIES

*Plaintiff Bonikos*

19. Plaintiff Bonikos is an adult individual residing in Queens County, New York.

20. Plaintiff Bonikos was employed by Defendants from approximately May 2015 until on or about October 2016.

21. Pursuant to 29 U.S.C. § 216(b), Plaintiff Bonikos consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Shaholli*

22. Plaintiff Shaholli is an adult individual residing in Queens County, New York.

23. Plaintiff Shaholli was employed by Defendants from approximately July 2015 until on or about February 2016.

24. Pursuant to 29 U.S.C. § 216(b), Plaintiff Bonikos consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

25. At all times relevant to this Complaint, Defendants own, operate, and/or controlled a Greek restaurant located at 50 Front St, Newburgh, NY 12550 under the name "Mykonos."

26. At all times relevant to this Complaint, Defendants own, operate, and/or controlled a Greek restaurant located at 50 Front St, Newburgh, NY 12550 under the name "50 Front."

27. Upon Information and belief, 50 Front Street Enterprises, Inc. ("Defendant Corporations") doing business as "Mykonos" is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 50 Front St, Newburgh, NY 12550.

28. Upon Information and belief, 50 Front Street Enterprises, Inc. ("Defendant Corporations") doing business as "50 Front" is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 50 Front St, Newburgh, NY 12550.

29. Defendant PETER KAZAMIAS is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

30. Defendant PETER KAZAMIAS is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporations.

31. Defendant PETER KAZAMIAS possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations and/or controlled significant functions of Defendant Corporations.

32. Defendant PETER KAZAMIAS determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**
*Defendant Constitutes An Employer*

33. Individual Defendants operated Greek restaurants located at 50 Front St, Newburgh, NY 12550.

34. Individual Defendants possesses operational control over Defendant Corporations, possesses an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations.

35. Individual Defendants possessed substantial control over Plaintiffs (and other similarly situated employees) working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

36. Individual Defendants employed Plaintiff Bonikos, and all similarly situated individuals, and is Plaintiff Bonikos' employer within the meaning of 29 U.S.C. §§ 201 *et seq.* and the NYLL.

37. Individual Defendants employed Plaintiff Shaholli, and all similarly situated individuals, and is Plaintiff Shaholli's employer within the meaning of 29 U.S.C. §§ 201 *et seq.* and the NYLL.

38. Upon information and belief, Individual Defendants operate Defendant Corporations as either an alter ego of themselves and/or fail to operate Defendant Corporations as a legal entities separate and apart from themselves by, among other things:

   a. failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

   b. defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

   c. transferring assets and debts freely as between all Defendants;

    d. operating Defendant Corporations for their own benefit as the sole or majority shareholders;

    e. operating Defendant Corporations for their own benefit and maintaining control over them as a closed corporation or closely controlled entity;

    f. intermingling assets and debts of their own with that of Defendant Corporations;

    g. diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

    h. other actions evincing a failure to adhere to the corporate form.

39. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

40. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

41. In each year from 2011 to 2017, Defendants had gross annual volume of sales of not less than $500,000.

42. In addition, upon information and belief, Defendant and/or their enterprises were directly engaged in interstate commerce. For example, numerous transactions were made by credit card and numerous items that were sold in Mykonos and 50 Front were produced outside of the State of New York.

*Plaintiffs*

43. Plaintiffs are former employees of Defendants.

7

44. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Bonikos*

45. Plaintiff Bonikos was employed by Defendants from approximately May 2015 until on or about October 2016.

46. At all relevant times, Plaintiff Bonikos was employed by Defendants as a chef.

47. At various times throughout his employment, Plaintiff Bonikos worked for Defendants at their various locations.

48. Plaintiff Bonikos regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

49. Plaintiff Bonikos did directly engage and affect interstate commerce during the execution of his various duties for Defendants, including but not limited ordering goods, supplies, equipment, and ingredients from interstate vendors.

50. Plaintiff Bonikos' work duties required neither discretion nor independent judgment.

51. Throughout his entire employment with Defendants, Plaintiff Bonikos worked from approximately 9:00am until on or about 10:00pm seven days a week (typically 91 hours a week).

52. Throughout his entire employment with Defendants, Plaintiff Bonikos was paid his wages in a mixture of cash and check.

53. Throughout his entire employment with Defendants, Plaintiff Bonikos was paid a fixed salary of $1,800 a week; $500 in check and $1,300 in cash.

54. Defendants never granted Plaintiff Bonikos any meal breaks or any other kind of rest period of any length.

55. Plaintiff Bonikos' wages did not vary regardless of how many additional hours he worked in a week.

56. In fact, Defendants required Plaintiff Bonikos to work several hours before his scheduled arrival time and stay 30 minutes after his scheduled departure time regularly, without paying him any additional compensation.

57. Defendants did not provide Plaintiff Bonikos with an accurate statement of wages with each payment of wages, as required by NYLL §195(3).

58. Plaintiff Bonikos was not required to keep track of his time, nor to his knowledge did the Defendant utilize any tracking device, such as punch cards or sign in sheets, that accurately reflected his actual hours worked.

59. Defendants never provided Plaintiff Bonikos with a written notice, in English and in Greek (Plaintiff Bonikos' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Bonikos regarding overtime and wages under the FLSA and NYLL.

*Plaintiff Shaholli*

61. Plaintiff Shaholli was employed by Defendants from approximately July 2015 until on or about February 2016.

62. At all relevant times, Plaintiff Shaholli was employed by Defendants as a chef.

63. At various times throughout his employment, Plaintiff Shaholli worked for Defendants at their various locations.

9

64. Plaintiff Shaholli regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

65. Plaintiff Shaholli did directly engage and affect interstate commerce during the execution of his various duties for Defendants, including but not limited ordering goods, supplies, equipment, and ingredients from interstate vendors.

66. Plaintiff Shaholli's work duties required neither discretion nor independent judgment.

67. Throughout his entire employment with Defendants, Plaintiff Shaholli worked from approximately 9:00am until on or about 9:00pm six days a week (typically 72 hours a week).

68. Throughout his employment with Defendants, Plaintiff Shaholli was paid his wages in a mixture of cash and check.

69. Throughout his entire employment with Defendants, Plaintiff Shaholli was paid a fixed salary of $1200 a week; $400 in check and the remainder in cash.

70. Plaintiff Shaholli wages did not vary regardless of how many overtime hours he worked in a week.

71. In fact, Defendants required Plaintiff Shaholli to work a couple hours before his scheduled arrival time and stay 30 minutes after his scheduled departure time regularly, without paying him any additional compensation.

72. Defendants never granted Plaintiff Shaholli any meal breaks or any other kind of rest period of any length.

73. Defendants did not provide Plaintiff Shaholli with an accurate statement of wages with each payment of wages, as required by NYLL §195(3).

74. Plaintiff Shaholli was not required to keep track of his time, nor to his knowledge did the Defendant utilize any tracking device, such as punch cards or sign in sheets, that accurately reflected his actual hours worked.

75. Defendants never provided Plaintiff Shaholli with a written notice, in English and in Greek (Plaintiff Shaholli primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

76. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Shaholli regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

77. Defendants regularly required their employees, including Plaintiffs, to work in excess of forty (40) hours per week without paying them the proper overtime or spread of hours compensation.

78. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate overtime compensation, as required by federal and state laws.

79. All Plaintiffs were victims of Defendants' common policy and practices which violated their rights under the FLSA and NYLL by, *inter alia*, not paying them the wages they were owed for the hours they worked.

80. At no time did Defendants inform their employees that they had reduced their wages by a meal allowance.

81. Defendants habitually required their employees, including Plaintiffs, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

82. Furthermore, as part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

83. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

84. Upon information and belief, these practices were done to disguise the actual number of hours Plaintiffs, and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked, (2) overtime wages, and (3) spread of hours pay.

85. Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiffs, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiffs, relative lack of sophistication in wage and hour laws.

86. Defendants failed to provide Plaintiffs and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or

rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

87. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

88. Plaintiffs bring their FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

89. At all relevant times, Plaintiffs, and other members of the FLSA Class who are/and/or have been similarly situated, had substantially similar job requirements and pay provision, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

90. The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

91. Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

92. At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

93. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

94. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

95. Defendants, in violations of 29 U.S.C. § 207(a)(1) of the FLSA, failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

96. Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

97. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW)

98. Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

99. Defendants, in violation of N.Y. Lab. Law §§ 190 *et seq.* and the supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and on-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

100. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law 663.

101. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

102. Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

103. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs spread of hours exceeded ten hours in violation of NYLL §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6(a) (2009).

104. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of N.Y. Lab. Law § 663.

105. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

106. Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

107. Defendants failed to provide Plaintiffs with a written notice, in English and in Greek (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

108. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

109. Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

110. Defendants did not provide Plaintiffs with a statement of wages with each payment of wages, as required by NYLL §195(3).

111. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the

pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

e) Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

f) Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

h) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

i) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

j) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs and the FLSA Class members;

k) Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits taken against wages;

l) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

m) Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

n) Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

o) Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

q) All such other and further relief as the Court deems just and proper.

Dated: October 17, 2017
New York, NY

                VARACALLI & HAMRA, LLP

                /s/ Salim Katach
                By: Salim Katach (SK0924)
                *Attorneys for Plaintiffs*
                110 E 59th Street, Suite 3200
                New York, New York 10022
                Tel.: (646) 590-0571
                Fax.: (646) 619-4012
                E-mail: skatach@svhllp.com