# VARACALLI & HAMRA, LLP

32 Broadway, Suite 1818, New York, NY 10004
Tel: 646-590-0571, Fax: 646-619-4012
Web: www.vhllp.com

September 10, 2018

Anthony R. Portesy, Esq.
aportesy@vhllp.com

**VIA ECF**
Honorable Magistrate Judge Ramon E. Reyes, Jr
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Bonikos et. al v. 50 Front Street Enterprises et al.*
       **Civil No.: 17-cv-06076**

Dear Judge Reyes:

As you know, this office represents plaintiffs in the above captioned action. I write today to oppose the Defendants' Motion to Substitute counsel and apprise the court of additional discovery abuses that serve to further prejudice Plaintiffs in this action. Plaintiffs oppose this motion as it will unfairly delay the litigation while new counsel attempts to get up to speed on the case. We therefore request that Mr. Chong continue as an attorney of record on this case as he has the knowledge of the case to prepare the JPTO prior to the Court's imposed September 28th deadline to submit this to the Court.

As discussed at the August 30th pre-trial conference, there have been numerous discovery abuses as well as delay and stalling tactics put forth by Defendants' present counsel, Mr. Chong. At no point since the conference was my firm alerted that his client intended on replacing him as counsel. In fact, since the conference, we have exchanged settlement proposals in an attempt to resolve the case. It is clear that these settlement discussion were meaningless and yet another stalling and delay tactic while Mr. Chong secretly negotiated his withdrawal as counsel. In lieu of engaging in meaningless settlement discussions, this time could have been better spent preparing for trial.

In addition, as Your Honor stated at the conference, Defendants were to provide Plaintiffs with the contact information for the new witnesses which were sent to Plaintiffs the day before the August 30th conference and pay for the cost of any additional depositions resulting from this production. Not only did Defendants' counsel fail to alert my firm that he was to be substituted by his client, he provided this updated witness information after the close of business on Friday at nearly 7 PM via e-mail See Exh. A (e-mail where Mr. Chong insists on waiting until the day of the Court imposed deadline to produce this information and September 7th e-mail with Amended witness list). Moreover, the updated witness list contains an additional four (4) witnesses that were not previously disclosed at any point in this litigation. Annexed hereto as Exhibits B and C are the August 30th witness list from the Defendants and FRCP Rule 26 Amended witness disclosure produced on September 7th, respectively. These witnesses should be excluded from trial and plaintiff's counsel ask the Court to exclude these entirely new witnesses. In review of the list

provided on Friday, it is apparent that plaintiffs will likely need to depose each of the witnesses prior to the trial in order to properly analyze the information with which they intend to testify. This will substantially delay this case for months. Therefore, I respectfully request the Court eliminate the use of these witnesses at trial or in the alternative, request the Court formally Order that the Defendants pay for all costs associated with these depositions.

Lastly, I reviewed the documents that Mr. Chong provided and none of the documents have been provided prior to August 30th. Therefore, pursuant to the Court's directive at the August 30th, hearing, I respectfully request that all documents provided in that production bates numbered "D Docs 124- D Docs 3337" be excluded from trial.

Therefore, plaintiffs respectfully request the following relief: (1) deny Defendants' counsel Motion to Substitute Attorney until the Joint Pre-Trial Order has been submitted to the Court on September 28th as previously ordered by Your Honor; (2) an Order whereby Defendants are ordered to produce all of the witnesses listed in Exhibit B and pay all related expenses for the depositions or in the alternative strike all of the witnesses from testifying for the Defendants; (3) an Order striking the additional four witnesses not listed in exhibit B from testifying at trial in the event the Court in its discretion allows the other witnesses to testify; and lastly (4) exclude documents bates numbered "D Docs 124 – D Docs 3337." The parties thank the Court for their consideration of this matter.

Very truly yours,

_____
Anthony R. Portesy

Enc. AP/ah