T. Bryce Jones, Esq.
Jones Law Firm, P.C.
450 7th Avenue, Suite 1408
New York, NY 10123
(212) 258-0685
bryce@joneslawnyc.com

September 20, 2018
Magistrate Judge Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N208
Brooklyn, New York 11201

      Re: Bonikos et al. v. 50 Front Street Enterprises, Inc. et al.,
         1:17-cv-06076 (ARR) (RER)

Dear Magistrate Judge Reyes:

I write in response to Plaintiff's counsel Anthony Portesy's letter dated September 10, 2018. Plaintiffs have opposed substitution of our firm as counsel and request that certain witnesses be excluded from testifying at trial.

Your Honor having already granted our request to be substituted as counsel, we write to oppose preclusion of certain witnesses from testifying at trial.

As an initial matter, we note that Exhibit B to Mr. Portesy letter, which purports to contain an initial witness list submitted by former Defendants' attorney Michael Chong, is a single-paged document containing no identifying information or mark of counsel. Without more, there is no way for the Court to determine who created this list or why it should have any binding effect.

Second, and more importantly, any errors Defendants' prior counsel made in witness disclosure were harmless, and should not be subject to any kind of sanction under Federal Rule of Civil Procedure 37. A failure to "disclose witness information is 'harmless' if the other party was well aware of the identity of the undisclosed witness and the scope of their knowledge well before trial." *Fleet Capital Corp. v. Yamaha Motor Cor., U.S.A.*, No. 01-Civ.1047 (AJP), 2002 U.S. Dist. LEXIS 17502 (S.D.N.Y. Sep. 23, 2002).

Plaintiffs have objected to the presence of "an additional four (4) witnesses that were not previously disclosed at any point in this litigation."[1] Presumably, Plaintiffs' counsel did not seek to exclude Mr. Kazamias from testifying because he is known to the parties. The other four witnesses Plaintiffs seek to exclude, however, are also known to the parties. In fact, they all worked and dined alongside Plaintiffs as servers and guests. It cannot come as a surprise to Plaintiffs that Defendants will introduce evidence of staff and customers who will undoubtedly be able to shed light on the claims Plaintiffs make with respect to, at a bare minimum, hours worked.

Rule 37's harmless-error standard is not designed to protect the parties from inconvenience or delay. Rather, the rule's purpose is to "prevent the 'sandbagging' of an opposing party with new evidence." *Ebeo v. Martinez*, 309 F.Supp.2d 600, 607 (S.D.N.Y. 2002) ("The purpose of these rules is to avoid surprise or trial by ambush".)

Our firm is new to this case and certainly does not intend to ambush anyone. Rather, we merely intend to follow up on prior counsel's work by offering as witnesses those people best qualified to testify on this matter – that is, workers and patrons at the establishments in question.

Plaintiffs seek a sanction against Defendants for errors allegedly made by prior counsel. Defendants' should not be penalized in this manner, particularly because "preclusion of evidence is generally a disfavored action." *Am. Stock Exch., LLC . Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002). *See also Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012) ("Preclusion is a harsh remedy that should only be imposed in rare situations.").

To the extent Defendants have failed to comply with disclosure requirements, they have done so in good faith reliance on prior counsel. The testimony Plaintiffs seek to exclude is both important and highly relevant, and Plaintiffs would suffer no

---

[1] In fact, there are five names included in prior counsel's witness disclosure list that did not appear in Plaintiffs' Exhibit B. The names are: Peter Kazamias, a defendant in this action, Elizabeth Serrano (waitress) Kimberly Ortega (waitress), Vicki Salamoras (customer), Konstantina Christodoulou (customer).

prejudice if servers and guests of the restaurant were permitted to testify. Further, Your Honor has already granted a continuance in this matter which will permit the parties to confer regarding the four witnesses, and if necessary, take short depositions to ensure no party is ambushed before trial.

In light of the foregoing, Defendants respectfully request that the relief Plaintiffs seek in their September 10th letter be denied in its entirety.

Respectfully Submitted,

/s/ T. Bryce Jones
T. Bryce Jones