# VARACALLI & HAMRA, LLP

32 Broadway, Suite 1818, New York, NY 10004
Tel: 646-590-0571, Fax: 646-619-4012
Web: www.vhllp.com

September 21, 2018

Anthony R. Portesy, Esq.
aportesy@vhllp.com

**VIA ECF**
Honorable Magistrate Judge Ramon E. Reyes, Jr
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Bonikos et. al v. 50 Front Street Enterprises et al.*
**Civil No.: 17-cv-06076**

Dear Judge Reyes:

As you know, this office represents plaintiffs in the above captioned action. I respectfully submit this Reply In Response to Defendant's Reply in Opposition to Plaintiffs' Letter Motion to Oppose Substitution of Counsel and Exclude Late Discovery addressing the issues set forth in Defendants September 20th opposition.

First and foremost, in their response filed late yesterday, Defendants cite to Plaintiffs' counsel Exhibit B to my September 12th letter, which was circulated to my office by Defendants' prior counsel, Mr. Michael Chong as an attachment in an email correspondence (annexed hereto as Exhibit A). Defendants' letter appears to assert and allege specious authentication issues regarding the exhibit, however, Plaintiff's counsel cannot speak for prior counsel's method of transmittance of witness list documents. Plaintiffs hope that the email correspondence is enough to alleviate any concerns the Court may have regarding authenticity of the documents produced by Mr. Chong and the allegations set forth by Defendants' present counsel.

Secondly, Defendants' citation to Rule 37's harmless error standard while factually correct, is invalid to the application in this case. It is true that a party that fails to disclose information or fails to amend a previous response is not permitted to use such information as evidence unless there is substantial justification provided for the failure and such failure is harmless. *Fed. R. Civ. P. 37(c)(1)*. Rule 37(c)(1)'s preclusionary sanction is automatic, absent a determination of either substantial justification, or "harmlessness". *American Stock Exchange, LLC v. Mopex, Inc.,* 2002 U.S. Dist. LEXIS 23924, * 19-20 (S.D.N.Y. 2002). However, Rule 26 of the Federal Rules of Civil Procedure contains mandatory disclosure requirements, including the requirement of a party to disclose the identity of witnesses with information relevant to the issues alleged in the Complaint. *Fed. R. Civ. P. 26(a)*. The Rule also contains a duty to supplement discovery responses if it later becomes known that a response is incorrect or incomplete. *Fed. R. Civ. P. 26(e)*.

There is absolutely no reasonable explanation for the Defendants' complete failure to disclose these fourteen witnesses prior to the close of discovery except to surprise the Plaintiffs so close to the trial. Moreover, "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure." *Henrietta D. v. Giuliani,* 2001 U.S. Dist. LEXIS 21848 at *13.

Under the second prong of the test - "the importance of the anticipated testimony" - there is simply no way of knowing what these potential witnesses will testify to. The Defendants failed set forth in any form what the substance of the anticipated testimony would be other than vague statements regarding hours worked.

Plaintiffs will be severely prejudiced if the testimony of these proposed witnesses were allowed. Plaintiffs have received no discovery whatsoever regarding whatever matters these individuals intend to allege. As I stated in my September 12th, 2018 correspondence, Plaintiffs would need to depose all fourteen witnesses in order to craft a proper litigation strategy for trial. Moreover, the court may assume there is prejudice in Defendants' failure to disclose, unless the Defendant proves otherwise. *Castro v. City of New York,* 2009 U.S. Dist. LEXIS 69723, *15 ("The burden to prove ... harmlessness rests with the party who has failed to disclose information pursuant to Rule 26."). The crux of Defendants' arguments regarding the harmlessness rest of the laurels that an employee of a restaurant who later sues their former employer under the Fair Labor Standards Act should rationally expect any patron or former staff member to testify regarding the allegations made in the litigation[1]. Defendants' purported broad witness standard would render Rule 26 useless if the parties could merely supplement their witness disclosures after the close of discovery without penalty of exclusion.

Defendants failed to provide these witnesses in their Rule 26 disclosures before the close of discovery and therefore, all witnesses should be excluded from testifying at trial except for the witnesses identified prior to the close of discovery, notably the named parties in this action, as well as George Kokkinos Kayla McCambride, and the witnesses disclosed by the Plaintiffs.

Furthermore, Defendants state this was a harmless error made by prior counsel, however this isn't the first case this type of tactic has been deployed by Mr. Chong and Mr. Jones. This "harmless error", is not an error but rather a strategy deployed by Mr. Chong with the cooperation of Mr. Jones. We direct the Court's attention to EDNY case # 1:17-cv-02162, Bonikos v. Foodoni NY 23 Corp., et al. In that case, our firm represented the Plaintiffs and Mr. Chong was retained as counsel for the Defendants. In that case Mr. Chong appeared on 10/31/17. After the close of discovery, Mr. Chong made a late rule 26 amendment disclosure, including over 10 new witnesses, similar to what is happening in this case. After which, Mr. Chong, on 6/3/2018, was replaced by Tanner Bryce Jones, right before the JPTO was due. Mr. Jones asked for an extension and we argued with his co-counsel Mr. Lehman as to the admissibility of these new witnesses' testimony.

---

[1] "The other four witnesses Plaintiffs seek to exclude, however, are also known to the parties. In fact, they all worked and dined alongside Plaintiffs as servers and guests. It cannot come as a surprise to Plaintiffs that Defendants will introduce evidence of staff and customers who will undoubtedly be able to shed light on the claims Plaintiffs make with respect to, at a bare minimum, hours worked." See, Doc. No 27, Defendant's September 20th 2018 Letter Reply in Opposition.

This is a strategy that Mr. Chong and Mr. Jones deployed a mere four month ago. Mr. Chong makes late disclosures ducks out of the case, and Mr. Jones appears in his place as the presumed innocent new attorney. In this case, Mr. Chong and Mr. Jones, are using the same type of tactic they attempted to use in the case mentioned above.

       This type of strategy is intended to prejudice the Plaintiffs, by further delaying the case and is intended to ambush Plaintiffs with a mountain of newly disclosed witnesses. While Defendants would like to make it appear that this was a harmless error, deploying the same go-to litigation strategy on two separate litigations four months apart, undercuts that argument and fits part and parcel that this tactic is not an unintended error, but rather a repeated strategy to undermine plaintiff's wage claims by devious and disingenuous discovery tactics.

       In closing, we respectfully request the court grant the relief plaintiffs have requested in their September 20th, 2018 letter with respect to the exclusion of witnesses' testimony at trial and the documents bates numbered D Docs 124 -D Docs 3337.

       We thank the Court in advance for their consideration of this matter.

       Very truly yours,

_____
Anthony R. Portesy

Enc. AP/ah