UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YANNIS BONIKOS and RIGEL SHAHOLLI, *individually and on behalf of others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> 50 FRONT STREET ENTERPRISES, INC. (d/b/a "Mykonos"), PETER KAZAMIAS, JOHN DOE CORP. #1 (d/b/a "50 Front"), JOHN DOE CORPS. #2-10, and JOHN DOES 1-10, <br><br> Defendants. | Case No. 1:17-cv-06076-ARR-RER <br><br><br> **JOINT PRE-TRIAL ORDER** |

**Trial Counsel**

*Trial Counsel for Plaintiffs:*

Anthony R. Portesy (AP-3804)
Douglas Varracalli (DV-3756)
Varacalli & Hamra LLP
32 Broadway, Suite 1818
New York, NY 10004
Tel: (646) 590-0571
Fax (646- 619-4012
E-mail: aportesy@vhllp.com
          dvaracalli@vhllp.com

*Trial Counsel for Defendants:*

Tanner Bryce Jones
The Law Office of T. Bryce Jones
745 5th Avenue
Suite 500
New York, NY 10151
Tel: 917-405-0137
Fax: 212-207-3111
E-mail: bryce@sagacitylaw.com

**Jurisdiction**

*Plaintiffs' Statement*

Plaintiff asserts that subject matter jurisdiction exists over their Fair Labor Standards Act ("FLSA") claims pursuant to 28 U.S.C. §1331, in so far as the FLSA is federal statue, 29 U.S.C §201 *et seq.* and thus presents a federal question. With respect to plaintiff's New York Labor Law ("NYLL") claims, it is asserted that

supplemental jurisdiction exists pursuant to 28. U.S.C. §1367 as the NYLL claims share a common nucleus of operative facts with the FLSA claims.

*Defendants' Statement*

Defendants do not dispute that this Court has subject matter jurisdiction over this matter; nor do they dispute that the Eastern District is the appropriate venue for this matter.

**Claims and Defenses to be Tried**

*Plaintiffs' Statement*

This is an action for monetary damages brought by the Plaintiffs Yannis Bonikos and Rigel Shaholli. Plaintiffs bring this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"), violations of the New York Labor Law, N.Y Lab. Law §§190, *et seq. and 650,* et seq. ("NYLL") and the spread of hours' and overtime wage orders of the New York Commission of Labor codified in the New York Codes, Rules and Regulations ("NYCRR") specifically, 12 NYCRR § 146, *et seq.* Plaintiff asserts the following claims, all of which remain to be tried:

a. **Violation of the Overtime Wage Provisions of the FLSA.** Plaintiffs allege that Defendants were their employers and willfully failed to pay them overtime at 1.5 times their regular rate hour hours above 40 worked in a week. 29 U.S.C. §§ 207(a), 255. (*See Compl.* §91-§97)
b. **Violation of the Overtime Wage Provisions of the NYLL**. Plaintiffs allege that Defendants were their employers and willfully failed to pay them overtime at 1.5 times their regular rate for all hours worked over 40 worked in a week. 12 N.Y.C.R.R. § 146-1.4. (*See Compl.* §98-§101)
c. **Violation of the Spread of Hours Provisions of the NYLL.** Plaintiffs allege that Defendants were their employers and willfully failed to pay him overtime at 1.5 times his regular rate for all hours worked over 40 worked in a week. 12 N.Y.C.R.R. § 146-1.4. (*See Compl.* §102-§105).
d. **Violation of the Notice and Recordkeeping Provisions of the NYLL.** Plaintiffs allege that Defendants were their employers and failed to provide them with a written notice, in English and Greek (Plaintiff's primary language), of his rate of pay and other information as required by the NYLL § 195(1). (*See Compl.* §106-§108)
e. **Violation of the Wage Statement Provisions of the NYLL**. Plaintiffs allege that Defendants were their employers and failed to provide them with wage statements together with each payment of wages, as required by NYLL § 195(3). (*See Compl.* §109-§111)

*Defendants' Statement*

Defendants assert that their payment of wages to Plaintiffs were valid in all respects in that they were either paid time and half for all hours worked over 40 hours or they were properly classified as exempt. Defendants also assert that Plaintiffs did not work the hours they alleged to have worked.  Additionally, any claims for liquidated damages are barred by the provisions of 29 U.S.C. 260, NYLL §§ 198(1-a) and 663(1) because the acts and omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violations of the FLSA.  . Additionally, Defendant claims that Plaintiffs' claims are barred by the provisions of Section 29, U.S.C. 259, because all actions taken in connection with the Plaintiffs compensation were done in good faith and in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

**Jury/Non-Jury**

This case is to be tried with a jury before the court. Pending the Court's decision on the additional witnesses provided after the close of discovery, the Parties anticipate the trial lasting from two (2) to five (5) days.

**Trial Before Magistrate Judge**

The parties do not consent to a trial before Magistrate Judge Ramos E. Reyes.

**Damages and Relief**

Plaintiffs seek back wages for overtime violations and liquidated damages pursuant to the FLSA. Plaintiffs also seek overtime, spread of hours, liquidated damages, and record keeping violations pursuant to the NYLL. Plaintiffs' overtime and liquidated damage claims are pursuant to 29 U.S.C §§ 207, 216(b), New York Labor Law Articles 6 & 19, and 12 NYCRR §§ 146, *et seq*. Plaintiffs' spread of hour's claim is pursuant to New York Labor Law Articles 6 & 19, and 12 NYCRR §§ 146, *et seq*. Plaintiff's relief for statutory violations are pursuant to New York Labor Law Article 6 §§ 195(1),(3) and 198-1(b),(d). A calculation of damages based upon Plaintiffs' best recollections is attached as Exhibit "1", and is incorporated by reference herein.

Plaintiffs are seeking compensation for unpaid overtime compensation. In order to calculate the Plaintiff's overtime claims, his regular rate of pay must first be determined. *Llolla v. Karen Gardens Apt. Corp.*, 2014 U.S. Dist. LEXIS 44884, *24 (E.D.N.Y. Mar. 10, 2014). In order to calculate the Plaintiff's regular rate of pay, the salary paid is divided by 40 regular hours. *See* 29 C.F.R. §778.113; 12 NYCRR § 146-3.5(b); *Yuquilema v. Manhattan's Hero Corp.*, 2014 U.S. Dist. LEXIS 120422, *14 (S.D.N.Y. Aug. 26, 2014) ("[T]here is a rebuttable presumption that a weekly salary covers the first 40 hours"). One and one half times this regular rate of pay is multiplied by the number of overtime hours the Plaintiff worked in the set time interval and then that product was multiplied by the approximate number of weeks within that set time interval.

Plaintiffs are seeking compensation for unpaid spread of hours compensation pursuant to 12 NYCRR § 146-1.6. Plaintiff's spread of hours compensation is calculated by multiplying the applicable minimum wage rate by the number of days the Plaintiff worked more than ten hours. *Rodriguez v. Obam Mgmt.*, 2016 U.S. Dist. LEXIS 34154, *16 (S.D.N.Y. Mar. 14, 2016) (internal quotations and citations omitted).

Plaintiffs are also claiming maximum statutory damages for the Defendants' failure to provide proper annual wage statements under N.Y. Lab. Law § 195(1), 198(1-b). This section provides for a statutory remedy of $5,000.00. Plaintiff is also claiming maximum statutory damages for the Defendants' failure to provide proper weekly wage statements under N.Y. Lab. Law § 195(3), 198(1-d). This section also provides for a statutory remedy of $5,000.00.

Plaintiffs are seeking liquidated damages at a rate of 100% of back wages for the time period in which the NYLL was applicable, and 100% of back wages for the time period under which FLSA

applied. Where there was an overlap between the statutory period of the FLSA and NYLL, Plaintiffs seek liquidated damages under both laws as they serve different interests. *See, e.g.*, *Yu Y. Ho v. Sim Enters.*, 2014 U.S. Dist. LEXIS 66408, *50-51 (S.D.N.Y. May 13, 2014); *Ahmed v. Subzi Mandi, Inc.*, 2014 U.S. Dist. LEXIS 115228, *14 (E.D.N.Y. May 27, 2014).

      Plaintiffs seek seeking prejudgment interest pursuant to N.Y Lab. Law §198(1-a) at a rate of 9% per annum on the New York State causes of action. Because the underpayments occurred at various times, interest was computed from a single reasonable intermediate date. *See Gunawan v. Sake Sushi Rest.*, 897 F.Supp2d 76, 93 (E.D.N.Y 2012). The prejudgment interest rate was multiplied by amounts owed. This was then multiplied by the approximate number of years within that set time interval. It should be noted that prejudgment interest is ongoing. In addition, under New York law, prejudgment interest may be awarded in addition to liquidated damages.  *See Gonsalez v. Marin*, 2014 U.S. Dist. LEXIS  77421,
*41 (E.D.N.Y. Apr. 25, 2014); *Maldonado v. La Nueva Rampa, Inc.*, 2012 U.S. Dist. LEXIS  67058,*36-37 (S.D.N.Y. May 14, 2012).

      Lastly, Plaintiffs are seeking reasonable attorneys' fees and costs incurred in prosecuting this action. Notably, under both the FLSA and the NYLL, a successful plaintiff *must* recover his attorneys' fees and costs. *See* 29 U.S.C. 216(b); N.Y Lab. Law §663; *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). If the Plaintiff prevails on any of his claims, a fee application will be made to the Court based on a fee application.

**<u>Stipulations of Law And Fact</u>**

*Joint Stipulations of Fact*
1. Plaintiffs filed this action on October 17th, 2017 in the United States District court in the Eastern District of New York.
2. Each Defendant was timely served with the Complaint.
3. Plaintiffs never sought certification as a class action.
4. Plaintiffs are former employees of Defendants.
5. Defendants did not provide Plaintiffs with proper pay stubs under the NYLL.
6. Defendants did not provide Plaintiffs with proper notices of payrate under the NYLL.
7. Mykonos is a Greek restaurant owned and operated by 50 Front Street Enterprises, Inc.
8. Peter Kazamias is President of 50 Front Street Enterprises Inc.
9. Plaintiff Bonikos was hired  in the Mykonos restaurant.
10. Plaintiff Shaholli was hired as a kitchen helper in the Mykonos restaurant.

*Joint Stipulations of Law*
1. The Court has subject matter jurisdiction for Plaintiffs' claims under 28

  U.S.C. 1331 pursuant to claims asserted under the FLSA, 29 U.S.C. 201 *et seq*.
2. Plaintiffs' claims arising under the New York law are so related to the FLSA that they form part of the same case or controversy, and are therefore within the supplemental jurisdiction of the Court. 28 US.C. 1367.
3. That statute of limitations for FLSA actions is two (2) years, or three years in cases of "willful" violations. 29 U.S.C. 255
4. The statute of limitations under the New York Labor Law is six (6) years. N.Y. Lab. Law 198(3), 663(3).
5. Under both federal and New York law, a non-exempt employee must be paid at the rate of one and one half times the employee's regular hourly rate for each hour the employee works in excess of 40 hours in a given workweek. 29 U.S.C. § 207; 12 NYCRR § 146-1.4.
6. Plaintiff Shaholli's employment does not fall under an exemption from the FLSA or the NYLL requirement to pay time and a half to an employee working excess of 40 hours in any given week.

**Witnesses**

**\*\*SUBJECT TO COURT'S RULING ON PLAINTIFF'S MOTION IN LIMINE/LTR MOTION TO EXCLUDE:**

| Witness Name | Objection | Basis for Objection | Response | Basis for Response |
|---|---|---|---|---|
| Yannis Bonikos | | | | |
| Rigel Shaholli | | | | |
| Peter Kazamias | | | | |
| Steven Rogers | Provided 8/29/18 after 8/15/18 close of discovery. | FRCP RULE 26 FRCP RULE 37; Relevant case law | Co-worker of Plaintiffs, identified in Plaintiffs' depositions; evidence is therfrore not new and Plaintiffs are not subject to surprise. Exclusion is an extraordinary remedy and should not be granted. | FRCP 26(a)(1)(A)(i) FRCP 37; relevant case law |
| Dean Clavio | Provided 8/29/18 after 8/15/18 close of discovery. | FRCP RULE 26 FRCP RULE 37; Relevant case law | Co-worker of Plaintiffs identified in Plaintiffs' depositions; evidence is | FRCP 26(a)(1)(A)(i) FRCP 37; relevant case law |

| | | | therefore not new and Plaintiffs are not subject to surprise. Exclusion is an extraordinary remedy and should not be granted | |
|---|---|---|---|---|
| Kayla McCambridge | | | | |
| John Lisi | Provided 8/29/18 after 8/15/18 close of discovery. | FRCP RULE 26 FRCP RULE 37; Relevant case law | Co-worker of Plaintiffs Identified by Plaintiffs in their Rule 26 disclosures and depositions; evidence is therefore not new and Plaintiffs are not subject to surprise. Exclusion is an extraordinary remedy and should not be granted. | FRCP 26(a)(1)(A)(i) FRCP 37; relevant case law. |
| Jose Galvez | Provided 8/29/18 after 8/15/18 close of discovery. | FRCP RULE 26 FRCP RULE 37; Relevant case law | Co-worker of Plaintiffs identified in Plaintiffs' depositions; evidence is therefore not new and Plaintiffs are not subject to surprise. Exclusion is an extraordinary remedy and should not be granted. | FRCP 26(a)(1)(A)(i) FRCP 37; relevant case law. |
| Chintia Lemus Nova | Provided 8/29/18 after 8/15/18 close of discovery. | FRCP RULE 26 FRCP RULE 37; Relevant case law | Co-worker of Plaintiffs Identified by Plaintiffs in their Rule 26 disclosures and depositions with the wrong name; evidence is | FRCP 26(a)(1)(A)(i) FRCP 37; relevant case law. |

| | | | | |
|---|---|---|---|---|
| | | | therefore not new and Plaintiffs are not subject to surprise. Exclusion is extraordinary remedy and should not be granted. | |
| Barry Clark | Provided 8/29/18 after 8/15/18 close of discovery/ | FRCP RULE 26 FRCP RULE 37; Relevant case law | Co-worker of Plaintiffs identified in Plaintiffs' depositions; evidence is therefore not new and Plaintiffs are not subject to surprise. Exclusion is extraordinary remedy and should not be granted. | FRCP 26(a)(1)(A)(i) FRCP 26(a)(1)(A)(i) FRCP 37; relevant case law. |
| Rob Finnerty | Provided 8/29/18 after 8/15/18 close of discovery. | FRCP RULE 26 FRCP RULE 37; Relevant case law | | |
| Angelo Angelis | Provided 8/29/18 after 8/15/18 close of discovery | FRCP RULE 26 FRCP RULE 37; Relevant case law | Identified in multiple communications between counsel at the start of discovery; evidence is therefore not new and Plaintiffs are not subject to surprise. Exclusion is extraordinary remedy and should not be granted. | FRCP 26(a)(1)(A)(i) FRCP 37; relevant case law |
| George Kokinos | Provided 8/29/18 after 8/15/18 close of | | Co-worker of Plaintiffs Identified by Plaintiffs in their Rule 26 disclosures and | FRCP 26(a)(1)(A)(i) FRCP 37; relevant case law. |

| | | | | |
|---|---|---|---|---|
| | discovery | | depositions. Evidence is therefore not new and Plaintiffs are not subject to surprise. Exclusion is extraordinary remedy and should not be granted. | |
| Kim Hentschel | Provided 8/29/18 after 8/15/18 close of discovery | FRCP RULE 26 FRCP RULE 37; Relevant case law | Co-worker of Plaintiffs identified in Plaintiffs' depositions; evidence is therefore not new and Plaintiffs are not subject to surprise. Exclusion is extraordinary remedy and should not be granted. | FRCP 26(a)(1)(A)(i) FRCP 37; relevant case law. |
| Elizabeth Serrano | Provided 9/7/18 after 8/15/18 close of discovery | FRCP RULE 26 FRCP RULE 37; Relevant case law | Co-worker of Plaintiffs identified in Plaintiffs' depositions; evidence is therefore not new and Plaintiffs are not subject to surprise. Exclusion is extraordinary remedy that should not be granted. | FRCP 26(a)(1)(A)(i) FRCP 37; relevant case law. |
| Kimberly Ortega | Provided 9/7/18 after 8/15/18 close of discovery | FRCP RULE 26 FRCP RULE 37; Relevant case law | Co-worker of Plaintiffs identified in Plaintiffs' depositions; evidence is therefore not new and Plaintiffs are not subject to surprise. | FRCP 26(a)(1)(A)(i) FRCP 37; relevant case law. |

| | | | Exclusion is extraordinary remedy that should not be granted. | |
|---|---|---|---|---|
| Vicky Salamoras | Provided 9/7/18 after 8/15/18 close of discovery | FRCP RULE 26 FRCP RULE 37; Relevant case law | Known to Plaintiffs to be witnesses to allegations in the complaint; evidence is therefore not new and Plaintiffs are not subject to surprise. Exclusion is extraordinary remedy that should not be granted. | FRCP 26(a)(1)(A)(i) FRCP 37; relevant case law. |
| Konstantina Christodoulou | Provided 9/7/18 after 8/15/18 close of discovery | FRCP RULE 26 FRCP RULE 37; Relevant case law | Known to Plaintiffs to be witnesses to allegations in the complaint; evidence is therefore not new and Plaintiffs are not subject to surprise. Exclusion is extraordinary remedy that should not be granted. | FRCP 26(a)(1)(A)(i) FRCP 37; relevant case law. |

In submitting this table, the parties await the court's ruling on Plaintiffs' letter request to exclude certain witnesses or, in the alternative, require Defendants to pay for their depositions.

**Deposition Transcripts**

Defendants intend to rely on the following deposition testimony for any and all reasons permitted under the Federal Rules of Evidence. Defendants reserve the right to use any portion of any deposition for the purposes of impeachment.

| **DEPOSITION OF** | **PAGE RANGE** |
|---|---|
| YANNIS BONIKOS | 4-20 |
| YANNIS BONIKOS | 34-37, 57-60 |
| YANNIS BONIKOS | 80-95 |
| YANNIS BONIKOS | 100-125 |

| RIGEL SHAHOLLI | 3-5 |
|---|---|
| RIGEL SHAHOLLI | 8-10 |

Plaintiffs intend to rely on the following deposition testimony for any and all reasons permitted under the Federal Rules of Evidence. Plaintiffs reserve the right to use any portion of any deposition for the purposes of impeachment.

| **DEPOSITION OF** | **PAGES AND RANGE** |
|---|---|
| PETER KAZAMIAS | 21, 6-15 |
| PETER KAZAMIAS | 23, 20-23 |
| PETER KAZAMIAS | 74, 10-17 |
| PETER KAZAMIAS | 77, 14-25 |
| PETER KAZAMIAS | 88, 8-25 |
| PETER KAZAMIAS | 94, 4-7 |
| PETER KAZAMIAS | 104, 2-17 |
| PETER KAZAMIAS | 108, 11-25 |
| PETER KAZAMIAS | 110, 22-26 |
| PETER KAZAMIAS | 111, 5-19 |

## Exhibits

| **Exhibit** | **Objection** | **Basis for Objection** |
|---|---|---|
| 1- Bonikos Pay stubs | | |
| 2- Shaholli pay stubs | | |
| 3- Bonikos Pay Records 2015 | | |
| 4-Bonikos Pay Records 2016 | | |
| 4- Shaholi Pay Records 2015 | | |

| | | |
|---|---|---|
| 5- LS-54 | | |
| 6- NYS-45 all Years | | |
| 7- Lease 50 Front | May be Subject to Motion in Limine | |
| 8- Letter from OPA Hospitality | May be Subject to Motion in Limine | |
| 9- Bank records of Plaintiffs received pursuant to subpoena. | Provided After the Close of Discovery | FRCP 26, FRCP 37, relevant case law |

**Proposed Jury Instructions**

This cast arises under the Fair Labor Standards Act, the federal law that provides for the payment of minimum wages and time and a half over time pay for hours worked in excess of forty (40). The Plaintiffs claim that the Defendants did not pay the Plaintiffs the overtime required by law.

In order to prevail on this claim, the Plaintiffs must prove each of the following facts by a preponderance of the evidence:

| | |
|---|---|
| First: | That the Plaintiffs were employed by the Defendant during the time period involved; |
| Second: | That the Plaintiffs were an employee employed by an enterprise engaged in commerce or in the production of goods for commerce; and |
| Third: | That the Defendants failed to pay the Plaintiffs the overtime pay required by law. |

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

The parties have stipulated or agreed to the first fact—that the Plaintiff was employed by the Defendant—and you should consider it as established.

With respect to the second fact—that the Plaintiff was employed by an enterprise engaged in commerce or in the production of goods for commerce—the term "commerce" has a very broad meaning and includes any trade, transportation, transmission or communication between any place within a state and any place outside that state. The Plaintiff was engaged in the "production of goods" if the Plaintiff was employed in producing, manufacturing, mining, handling or transporting goods, or in any other manner worked on such goods or worked in any closely related process or occupation directly essential to the production of goods. Finally, an enterprise engaged in commerce on the production of goods for commerce means an enterprise that has employees engaged in commerce or production of goods for commerce and has annual gross sales of at least $500,000.

The Act requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in any one work week over 40 hours. This is commonly known as time-and-a-half pay for "overtime" work.

The employee's "regular rate" during a particular week is the basis for calculating any overtime pay due to the employee for that week. The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, would be one and one-half of that rate and would be owing for each hour in excess of 40 hours worked during the work week.

The Defendant claims that even if you should find that the Plaintiff has proved all the necessary facts that must be proved to establish this claim, the overtime pay law does not apply because of an exemption from these requirements.

The particular exemption claimed by the Defendants is [insert applicable exemption if any being claimed]

In order to receive the benefit of this exemption, the Defendant has the burden of proving by a preponderance of the evidence [list or describe essential elements of the claimed exemption].

If you find that the Plaintiffs have proved the claim, and that the Defendants have failed to establish an exemption, then you must turn to the question of damages which the Plaintiffs are entitled to recover.

The measure of damages is the difference between what the Plaintiff should have been paid under the Act and the amount that you find the Plaintiff actually was paid.

The Plaintiff is entitled to recover lost wages from the present time back to no more than two years before this lawsuit was filed on _____, unless you find the employer either knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA If you find that the employer knew, or showed reckless disregard for the matter of whether, its conduct was prohibited by the FLSA the Plaintiff is entitled to recover lost wages from the present time back to no more than three years before this lawsuit was filed.

The Plaintiff is entitled to recover lost wages from the present time back to no more than six years before this lawsuit was filed on _____ for overtime claims under the New York Labor Law.

In addition to the claims set forth under the FLSA, Plaintiffs allege that Defendants failed to pay what is called "Spread of Hours Pay" under the NY Comp. Codes R & Regs Titl 12 146.2.4(a) or the "Minimum Wage Order for Miscellaneous Industries and Occupations." This Order states "an employee s hall received one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required n this Party for any day in which" (a) the spread of hours exceeds 10 hours.

The Plaintiffs are entitled to recover one hour at the New York State minimum wage for each shift in which you find the Plaintiffs worked ten or more hours in a day. The New York State minimum wage was $8.75 from January 1, 2015 to December 30th 2015 and $9.00 per hour from December 31, 2015 to December 30th, 2016.

Plaintiffs allege that Defendants failed to provide proper wage notices under the New York Labor Law ("NYLL") Section 195 (1) and Section 195(3).

The New York Labor Law Section 195 (1) states that every employer shall provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee at the time of hiring a notice containing the rate of pay and basis, any allowances claimed including tip, meal or lodgings, the regular pay day, designated by the employer, the name of the employer, any "doing business as " names used by the employer, the physical address of the employer's main office,  telephone of the employer.

The New York Labor Law Section 195 (3) states that an employer shall give each employee with a statement with every payment of wages consisting of the dates of work covered by that payment of wages; name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour shift, day week as well as any allowances taken or deducted from wages. This is commonly referred to as a "pay stub."

If you find that the Defendants failed to provide a proper pay stub to employees with the information required under the New York Labor Law, you may award $250 per workday in which the pay stubs were not proper up to a maximum of $5,000.00 for each Plaintiff.

The parties have stipulated that Defendants did not provide a notice compliant with New York Labor Law 195(1) and you may consider it established. As such, each Plaintiffs is entitled to recover $100 per workday in which the notice was not provided during their employment up to a maximum of $5,000.00 for each Plaintiff.

SPECIAL INTERROGATORIES TO THE JURY

**Do you find from a preponderance of the evidence:**

1 That Plaintiff Bonikos was an employee [engaged in commerce or in the production of goods for commerce] [employed by an enterprise engaged in commerce or in the production of goods for commerce]?
  Answer Yes or No                                                                                                         _


2 That the [Defendants failed to pay Plaintiff Bonikos the overtime pay required by federal and state law]?
  Answer Yes or No                                                                                                         _


   [Note:          If you answered 'No' to either of the preceding questions you need not answer the remaining questions.]


3 That Plaintiff Bonikos was exempt from the Fair Labor Standards Act as an [describe pertinent exemption, i.e., "administrative," "executive"] employee?
  Answer Yes or No                                                                                                         _


   [Note:          If you answered 'Yes' to the preceding question you need not answer the remaining questions.]


4 That the employer either knew or showed reckless disregard for whether its conduct was

prohibited by the FLSA?
  Answer Yes or No                                                                                              _

  5. That the employer failed to provide "Spread of Hours" Pay under the New York Labor Law?
       Answer Yes or No

6. That the employer failed to provide proper "Wage Notices" under the New York Labor
Law Section 195(3)?


5 That the Plaintiff should be awarded _____ as the Plaintiff's damages.
SO SAY WE ALL.
_____ Foreperson DATED: _____


**Do you find from a preponderance of the evidence:**

1 That Plaintiff Shaholli was an employee [engaged in commerce or in the production of goods for commerce] [employed by an enterprise engaged in commerce or in the production of goods for commerce]?
  Answer Yes or No                                                                                              _


2 That the [Defendant failed to pay Plaintiff Shaholli the overtime pay required by federal and state law]?
  Answer Yes or No                                                                                              _


  [Note:          If you answered 'No' to either of the preceding questions you need not answer
                  the remaining questions.]


3 That Plaintiff Shaholli was exempt from the Fair Labor Standards Act as an [describe pertinent exemption, i.e., "administrative," "executive"] employee?
  Answer Yes or No                                                                                              _


  [Note:          If you answered 'Yes' to the preceding question you need not answer the
                  remaining questions.]


4 That the employer either knew or showed reckless disregard for whether its conduct was prohibited by the FLSA?
  Answer Yes or No                                                                                              _

    5. That the employer failed to provide "Spread of Hours" Pay under the New York Labor Law?
        Answer Yes or No

6. That the employer failed to provide proper "Wage Notices" under the New York Labor Law Section 195(3)?


5 That Plaintiff Shaholli should be awarded _____ as the Plaintiff's damages.

SO SAY WE ALL.
_____ Foreperson DATED: _____



**Relief Sought**


**SO ORDERED.**

                                                          _____
                                                                                 U.S.D.J.

Dated: Brooklyn, New York
                , 20____