UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YANNIS BONKOS and RIGEL SHAHOLLI, individually, and on behalf of all others similarly situated,

Civil Action No. 17-cv-06076

Plaintiffs,

-against-

50 FRONT STREET ENTERPRISES, INC. (d/b/a "Mykonos"), PETER KAZAMIAS, JOHN DOE CORP. #1 (d/b/a "50 Front"), JOHN DOE CORPS. #2-10, and JOHN DOES 1-10.

Defendants.

## PRETRIAL MEMORANDUM OF LAW

Anthony R. Portesy (AP-3804)
Varacalli & Hamra, LLP
*Attorneys for Plaintiffs*
32 Broadway, Suite 1818
New York, New York 10018
Tel: (646) 590-0571
Fax: (646) 619-4012
E-mail: aportesy@vhllp.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................... 1

DEFENDANTS FAILED IN THEIR DUTY TO KEEP EMPLOYMENT RECORDS ............... 1

PLAINTIFF'S RECOLLECTIONS OF HIS EMPLOYMENT HISTORY ARE
PRESUMPTIVELY CORRECT AND ESTABLISHES A PRIMA FACIE CASE ...................... 2

THE REMEDIAL PURPOSES OF THE FLSA AND NYLL ........................................ 4

THE PLAINTIFF IS ENTITLED TO UNPAID OVERTIME COMPENSATION ...................... 5

PLAINTIFF'S WEEKLY SALARY COVERED ONLY 40 HOURS OF WORK AT
STRAIGHT TIME, AND HE RECEIVED NO OVERTIME PAY .............................. 6

PLAINTIFF IS ENTITLED TO SPREAD OF HOURS PAY UNDER NEW YORK LAW ........ 7

DEFENDANTS RECORDKEEPING VIOLATIONS ENTITLED THE PLAINTIFF TO
STATUTORY DAMAGES ........................................................... 8

LIQUIDATED DAMAGES PROVISIONS OF THE FLSA AND THE NYLL .......................... 9

DEFENDANTS ARE JOINTLY AND SEVERALLY LIABLE FOR THE FULL AMOUNT OF
WAGES OWED PLAINTIFF ......................................................... 10

    Coverage under Federal and State Law ................................................. 10

    The Individual Defendants are Personally Liable ................................... 11

CONCLUSION ............................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Ahmed v. Subzi Mandi, Inc.*, 2014 U.S. Dist. LEXIS 115228, *14 (E.D.N.Y. May 27, 2014) .... 12

*Amaya v. Superior Tile and Granite Corp.*, 2012 U.S. Dist. LEXIS 5246, *22 (S.D.N.Y. Jan. 17, 2012) ................................................................................................................................ 8

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) ........................................ 2, 3

*Barfield v. New York City Health and Hosp. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) .............. 11

*Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 387 (E.D.N.Y. 2012)............. 9

*Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987) ................................................................. 12

*Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) ................................................... 13

*Da Silva v. Bennet St. Dev. Corp.*, 2010 U.S. Dist. LEXIS 112832, *9 (EDNY Sept 24, 2010).... 6

*Davis et al. v. J.P. Morgan Chase & Co.,* 587 F.3d 529, 535 (2d Cir. 2009)................................ 5

*Doo Nam Yang v. ACBL Corp.*, 427 F.Supp.2d 327 (S.D.N.Y 2005) ....................................... 4, 7

*Guallpa v. N.Y. Pro Signs, Inc.*, 2014 U.S. Dist. LEXIS 77033, *12 (S.D.N.Y. May 27, 2014).... 8

*Herman v. RSR Sec. Servs.,* 172 F.3d 132, 139 (2d Circ. 1999) ............................................ 14, 15

*Jacobsen v. Stop & Shop Supermarket Co.*, 2003 U.S. Dist. LEXIS 7988, *7 (S.D.N.Y. 2003) ... 8

*Jiao v. Chen*, 2007 U.S. Dist. LEXIS 96480, *9-10 (S.D.N.Y. Mar. 30, 2007) ...................... 4, 13

*Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011)........................................... 3, 4

*Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *3 (S.D.N.Y. Jan. 7, 2004) ........................... 3

*Lopez v. Silverman*, 14 F. Supp. 2d 405, 414 (S.D.N.Y. 1998).................................................... 13

*Mclean v. Garage Mgm't Corp.*, 2012 WL 1358739, at *5 (S.D.N.Y. Apr. 19, 2012)............... 12

*Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979) ........................... 13

*Reich v. SNET*, 121 F.3d 58, 70-71 (2d Cir. 1997) .................................................................... 13

*Rodriguez v. Obam Mgmt.*, 2016 U.S. Dist. LEXIS 34154, *16 (S.D.N.Y. Mar. 14, 2016) .......... 9

*Wirtz v. Harper Buffing Mach. Co.*, 280 F. Supp. 376, 381 (D. Conn. 1968) .............................. 8

*Yang v. ACBL, Corp., et al.*, 427 F.Supp.2d 327, fn. 2 (S.D.N.Y. 2005)...................................... 3

*Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 264 (S.D.N.Y. 2008)................................. 13

*Yu Y. Ho v. Sim Enters.*, 2014 U.S. Dist. LEXIS 66408, *50-51 (S.D.N.Y. May 13, 2014)........ 12

*Yuquilema v. Manhattan's Hero Corp.*, 2014 U.S. Dist. LEXIS 120422, *14 (S.D.N.Y. Aug. 26, 2014) ................................................................................................................................ 7

*Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 69 (2d Cir. 2003) .................................................... 13

**Statutes**

29 U.S.C. § 202(a) ........................................................................................................... 5

29 U.S.C. § 203 .............................................................................................................. 13

29 U.S.C. § 203(d) ......................................................................................................... 13

29 U.S.C. § 203(e)(1) ..................................................................................................... 13

29 U.S.C. § 203(g) ......................................................................................................... 13

29 U.S.C. § 207 ............................................................................................................... 5

29 U.S.C. § 211(c) ........................................................................................................... 1

29 U.S.C. § 216(b) ...................................................................................................... 5, 11

29 U.S.C. § 207(a)(1) ....................................................................................................... 6

N.Y. Lab. Law § 21 .......................................................................................................... 5

N.Y. Lab. Law § 190 ...................................................................................................... 10

N.Y. Lab. Law § 191 ...................................................................................................... 10

N.Y. Lab. Law § 195(1) .................................................................................................. 10

N.Y. Lab. Law § 195(3) .................................................................................................. 11

N.Y. Lab. Law § 196-a .................................................................................................... 3

N.Y. Lab. Law § 198 ...................................................................................................... 12

N.Y. Lab. Law § 198(1-b) ............................................................................................... 10

N.Y. Lab. Law § 198(1-d) ............................................................................................... 11

N.Y. Lab. Law § 650 ........................................................................................................ 5

N.Y. Lab. Law § 663 .................................................................................................... 6, 12

N.Y. Lab. Law § 663(1) .................................................................................................... 6

**Regulations**

12 N.Y.C.R.R. § 146–1.4 ........................................................................................... 4, 5, 6

12 N.Y.C.R.R. § 146-1.6 .................................................................................................. 9

12 N.Y.C.R.R. § 146-1.6 (d) .......................................................................................... 10

12 N.Y.C.R.R. § 146-2.3 .................................................................................................. 2

12 N.Y.C.R.R. § 146-3.1(b) ........................................................................................... 10

29 C.F.R. § 516 ................................................................................................................ 2

## PRELIMINARY STATEMENT

The Plaintiff Yannis Bonikos ("Bonikos") and Rigel Shaholli ("Shaholli") ( collectively "Plaintiffs") filed this action seeking unpaid overtime wages, liquidated damages, interest, attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), as well as Articles 6 and 19 of the New York Labor Law ("NYLL"). Plaintiffs further seek compensation related to spread of hours compensation and statutory compensation for record keeping violations under the NYLL.

Plaintiffs case would otherwise be a simple matter but for the Defendants' failure to maintain complete and accurate records, as mandated by Federal and State law. Instead, Plaintiffs are forced to rely on their own recollection to demonstrate their case. In situations such as this, Plaintiffs are entitled to a special burden shift rule in order to prevent an employer from unlawfully denying an employee his right to seek unpaid wages.

Plaintiffs respectfully submit this pretrial memorandum of law to advise the Court of the applicable burdens and various other aspects of wage and hour law under the FLSA and NYLL.

## DEFENDANTS FAILED IN THEIR DUTY TO KEEP EMPLOYMENT RECORDS

Under the FLSA, an employer must "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." 29 U.S.C. § 211(c). In particular, federal regulations require an employer to keep records of: (1) a written employment agreement or a record of an oral contract that explains of the basis of pay showing the monetary amount paid on a per hour, per day, or per week basis; (2) the total daily and weekly work hours or a schedule of daily and weekly hours an employee regularly works; (3) regular hourly rates of pay for each week that overtime is worked; (4) total

daily or weekly earnings; (5) total wages paid; and (6) total weekly premium pay for overtime hours. 29 C.F.R. § 516. Moreover, New York law requires employers to provide an employee with every payment of wages, a statement of "hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages." 12 N.Y.C.R.R. § 146- 2.3.

Here, it is beyond dispute that Defendants failed to provide the Plaintiffs with an accurate statement of hours worked, rates paid, gross wages, or allowances. Further, as the record will show during trial, the Defendants failed to keep any records regarding the number of hours actually worked by the Plaintiffs.

## PLAINTIFFS' RECOLLECTIONS OF THEIR EMPLOYMENT HISTORY ARE PRESUMPTIVELY CORRECT AND ESTABLISHES A PRIMA FACIE CASE

When an employer has failed to comply with the statutory record-keeping requirements, the Supreme Court has laid out a clear allocation of the relative burdens of proof on the employer and the employee. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946). In *Mt. Clemens*, the Supreme Court recognized that an employee is in a particularly difficult position when an employer fails to keep records in compliance with its statutory duties:

> When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes, a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act.

*See id.* New York incorporates a similar standard in its statutes. *See* N.Y. Lab. Law § 196-a ("in such a case [of a failure to maintain accurate records] the employer in violation shall bear the

burden of proving that the complaining employee was paid wages, benefits and wage supplements.")

The framework set forth in *Mt. Clemens* favors the employee and sets forth a high bar for the employer. Employees can demonstrate a *prima facie* case of wage and hour violations by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *See Mt. Clemens*, 328 U.S. at 680, 687-88. Courts in this Circuit recognize that *Mt. Clemens*' application extends to "presentation of evidence with regard to wages received." *See Yang v. ACBL, Corp., et al.*, 427 F.Supp.2d 327, n. 2 (S.D.N.Y. 2005). An employee can meet this burden with his recollections of his employment history. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011); *Yang*, 427 F.Supp. 2d 327, 335-36. Such recollections are deemed to be presumptively correct. *See Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *3 (S.D.N.Y. Jan. 7, 2004). Consistent with the remedial purposes of the FLSA, the employee's "burden in this regard is not high". *Kuebel v. Black & Decker Inc.*, 643 F.3d at 362.

Once an employee makes a *prima facie* case using his own best recollections, the burden then shifts to the employer to produce evidence to show the precise number of hours worked by the employee and the precise amount paid to the employee. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) (*quoting Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686 (1946); *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 337 n. 15 (S.D.N.Y 2005). Like the FLSA, "in the absence of adequate records," New York law also "places the burden on the employer to show the employee was properly compensated:" *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 337 n. 15 (S.D.N.Y 2005) (*citing* N.Y Lab. Law §196-a). If the employer is unable to meet its burden under the FLSA then the employer cannot satisfy the more demanding burden under New York law.  *See Jiao v. Chen*, 2007 U.S. Dist. LEXIS 96480, *9-10 (S.D.N.Y.

Mar. 30, 2007).

The Defendants cannot make their burden under the FLSA or NYLL because they did not make, keep, and preserve records of the precise number of hours worked by the Plaintiffs.

## THE REMEDIAL PURPOSES OF THE FLSA AND NYLL

The FLSA was enacted to combat "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). Congress determined that employees are entitled to overtime premium pay at time and one-half of their regular rates of pay for all hours worked in excess of forty during each workweek. 29 U.S.C. § 207. "The overtime requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of a workweek beyond the hours fixed in the act." *Davis et al. v. J.P. Morgan Chase & Co.,* 587 F.3d 529, 535 (2d Cir. 2009) (internal quotations omitted). Any employer that violates the overtime provisions of the FLSA shall be liable to the employee in an "amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages," plus attorney's fees and costs. 29 U.S.C. § 216(b).

The NYLL was enacted for similar remedial purposes. N.Y. Lab. Law § 650. The NYLL's regulations state that non-exempt employees are entitled to "one and one-half times the employee's regular rate" for hours worked in excess of forty per workweek. N.Y. COMP. CODES R. & REGS. ("N.Y.C.R.R.") tit. 12, § 146–1.4 (overtime provision). Under the NYLL, the New York Department of Labor's Commissioner has rulemaking authority to issue regulations concerning the NYLL's overtime provisions. N.Y Lab. Law § 21. An employer who fails to comply with the

NYLL's overtime provisions shall be liable for unpaid wages, liquidated damages, interest, attorney's fees, and costs. N.Y. Lab. Law § 663.

### THE PLAINTIFFS ARE ENTITLED TO UNPAID OVERTIME COMPENSATION

Plaintiffs have filed suit for overtime compensation under the FLSA and NYLL. In pertinent part, federal law states:

> No employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation of his employment in excess of the hours above specified at a rate not less than one and one half times the regular rate at which he is employed.

29 U.S.C. §207(a)(1). Thus, to prove an overtime claim under the FLSA, a Plaintiff must show that: 1) they worked in excess of forty hours per week; and 2) they were not compensated at one and one half times their regular hourly rate for the hours over forty they worked each week.

New York's Labor Law is the state analogue to the FLSA. The state legislation essentially "mirrors the FLSA in compensation provisions regarding minimum hourly wages and overtime." *Da Silva v. Bennet St. Dev. Corp.*, 2010 U.S. Dist. LEXIS 112832, *9 (EDNY Sept 24, 2010). *See, e.g.,* 12 N.Y.C.R.R. § 146-1.4 (illustrates that identical methods are used in calculating FLSA overtime wages). New York law expressly authorizes an employee to sue for recovery of unpaid wages. N.Y Lab. Law §663(1).

In order to prove an overtime claim under New York law, the Plaintiff must show that: 1) he worked in excess of forty hours per week; and 2) he was not compensated at one and one half times his regular hourly rate for the hours over forty he worked each work week.

As detailed below, Plaintiffs were not compensated on an hourly basis but was instead paid a salary in cash which was paid partially in cash and partially by check, which only covered 40 hours of work at straight time. Therefore, the plaintiffs did not receive any overtime pay. As

such, Defendants failed to provide overtime compensation, in violation of State and Federal mandates.

## PLAINTIFFS' WEEKLY SALARY COVERED ONLY 40 HOURS OF WORK AT STRAIGHT TIME, AND HE RECEIVED NO OVERTIME PAY

Plaintiffs were paid a flat weekly salary, and this weekly salary did not include overtime payments. Defendants present no evidence about Plaintiffs' weekly salary including overtime payments, let alone showing the existence of an "employer-employee agreement that the salary cover a different number of hours". *Doo Nam Yang v. ACBL Corp.*, 427 F.Supp.2d 327 (S.D.N.Y 2005).

When an employer does not keep the required records, an employee who receives a flat weekly salary is in a particularly difficult situation in demonstrating that the employer has not paid overtime.  Courts have recognized this difficulty and have presumed that the salary did not include overtime pay. *Yuquilema v. Manhattan's Hero Corp.*, 2014 U.S. Dist. LEXIS 120422, *14 (S.D.N.Y. Aug. 26, 2014) ("[T]here is a rebuttable presumption that a weekly salary covers the first 40 hours").

Employers must meet a notably high standard to rebut this presumption.  Courts have ruled that if an employer claims a flat weekly salary included overtime, they must show "an express agreement of such an arrangement". *Jacobsen v. Stop & Shop Supermarket Co.*, 2003 U.S. Dist. LEXIS 7988, *7 (S.D.N.Y. 2003); *See Wirtz v. Harper Buffing Mach. Co.*, 280 F. Supp. 376, 381 (D. Conn. 1968) ("The important objective is assurance that the employees and the employer are aware that overtime compensation in a specific amount is included in the contract. Unless both sides clearly understand this to be so, it cannot be said with any certainty that the purposes of the law in requiring additional pay for overtime work are being achieved."); *see also Guallpa v.  N.Y.*

6

*Pro Signs, Inc.*, 2014 U.S. Dist. LEXIS 77033, *12 (S.D.N.Y. May 27, 2014) (finding that the plaintiff's salary covered only the first forty hours of work as there was no evidence that the parties agreed that plaintiff's salary would include an overtime premium for the additional hours he worked); *Amaya v. Superior Tile and Granite Corp.*, 2012 U.S. Dist. LEXIS 5246, *22 (S.D.N.Y. Jan. 17, 2012) (agreement regarding weekly salary for more than forty-hour work week does not comply with statutes without explicit agreement as to inclusion of overtime premium). Such a contract cannot be inferred, as there must be actual evidence that the plaintiff understood that his weekly wages included a premium for time and one half for the hours worked over forty. *See Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 387 (E.D.N.Y. 2012).

Defendants have provided no evidence of any agreement, let alone an express agreement that the Mr. Cajamarca's salary was for anything other than the presumptive first forty hours worked. Therefore, Plaintiff was not paid any wages for any work performed beyond the first forty hours.

## PLAINTIFF IS ENTITLED TO SPREAD OF HOURS PAY UNDER NEW YORK LAW

Spread of hours is defined as the "beginning and end of an employee's workday".   12 N.Y.C.R.R. § 146-1.6. Under the NYLL, in addition to receiving damages for unpaid overtime, an employee is entitled to receive spread of hours pay, which is "one hour's pay at the basic minimum hourly wage rate" for any workday that lasts longer than 10 hours. 12 N.Y.C.R.R. § 146-1.6 (a). "Spread of hours compensation is calculated by multiplying the minimum wage by the number of days an employee worked more than ten hours." *Rodriguez v. Obam Mgmt.*, 2016 U.S. Dist. LEXIS 34154, *16 (S.D.N.Y. Mar. 14, 2016) (internal quotations and citations omitted).

As of January 1, 2011, New York law provides that restaurant employees are to receive

7

spread of hours pay for any workday in which his or her spread of hours exceeds 10 hours "regardless of [the] employee's regular rate of pay." 12 N.Y.C.R.R. § 146-1.6 (d). A "restaurant" is defined in the law to include "any eating or drinking place that prepares and offers food or beverage for human consumption . . . on any of its premises." 12 N.Y.C.R.R. § 146-3.1(b).

Defendants must concede that they are a restaurant under New York law and are thus required to pay the Plaintiffs spread of hours pay for each workday which lasts more than ten hours. Defendants have provided no evidence to negate Plaintiffs' testimony that he did not receive any spread of hours pay from the Defendants, but rather admitted to failing to know what spread of hours premium was (See Portesy Decl Exh.A, Deposition of Kazamias ¶25, 3-4).

## DEFENDANTS RECORDKEEPING VIOLATIONS ENTITLED THE PLAINTIFFS TO STATUTORY DAMAGES

It is a cornerstone of the New York State Labor Law that employees are protected from wage underpayments and improper employment practices. N.Y. Lab. Law §§ 190, 191. As a result, Section 195 of the New York Law requires every employer to notify its employees of their rate of pay and regular pay day at the time of hire. N.Y. Lab. Law § 195(1). For each day an employer fails to furnish to an employee a notice pursuant to § 195(1), the employee is entitled to recover $50.00 per workday, but not to exceed a total of $5,000.00. N.Y. Lab. Law § 198(1-b). In addition, an employer is required to "furnish each employee with a statement with every payment of wages, listing gross wages, deductions and net wages, and upon the request of an employee furnish an explanation of how such wages were computed." N.Y. Lab. Law § 195(3). For each day an employer fails to furnish to an employee a notice pursuant to § 195(3), the employee is entitled to recover $100.00 per workweek, but not to exceed a total of $5,000.00. N.Y. Lab. Law § 198(1-d).

## **LIQUIDATED DAMAGES PROVISIONS OF THE FLSA AND THE NYLL**

Under the FLSA, a plaintiff is entitled to liquidated damages of 100% of the actual damages owed. 29 U.S.C. § 216(b) ("Any employer who violates the [overtime provisions of the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). Under this provision, a court "is generally required to award a plaintiff liquidated damages equal in amount to actual damages." *Barfield v. New York City Health and Hosp. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). While an employer may avoid its obligation to pay liquidated damages by demonstrating that it acted in subjective "good faith" with objectively "reasonable grounds" that its actions were not in violation of the FLSA, the Second Circuit has characterized this burden as "a difficult one" to meet. *Id*. Indeed, to avoid paying liquidated damages under the FLSA, an employer must demonstrate that it "took active steps to ascertain the dictates of the FLSA and then act[ed] to comply with them." *Id*. (internal quotations and citation omitted). Reliance on the employer's own judgment is insufficient as a matter of law to satisfy the "active steps" requirement. *Mclean v. Garage Mgm't Corp.*, 2012 WL 1358739, at *5 (S.D.N.Y. Apr. 19, 2012). With the bar set so high, the Second Circuit has confirmed that "double damages are the norm, single damages the exception." *Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987).

Since November 24, 2009, the NYLL has maintained the same burden of proof in awarding liquidated damages as the FLSA. Indeed, under the post-November 24, 2009 NYLL scheme, an employer must pay liquidated damages "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." N.Y. Lab. Law §§ 198, 663.

Moreover, the majority view in the Second Circuit is that a plaintiff may recover liquidated

9

damages under the FLSA and NYLL for the same time period because the FLSA's liquidated damages are meant to be compensatory, while the NYLL's liquidated damages are meant to be punitive. *See, e.g. Yu Y. Ho v. Sim Enters.*, 2014 U.S. Dist. LEXIS 66408, *50-51 (S.D.N.Y. May 13, 2014); *Ahmed v. Subzi Mandi, Inc.*, 2014 U.S. Dist. LEXIS 115228, *14 (E.D.N.Y. May 27, 2014). While the Second Circuit has not expressly resolved this issue, it has impliedly recognized that the liquidated damages provisions of the NYLL and FLSA serve different goals. *See Reich v. SNET*, 121 F.3d 58, 70-71 (2d Cir. 1997) ("Liquidated damages under the FLSA are considered compensatory rather than punitive in nature.").

The Plaintiffs are thus entitled to liquidated damages under both the FLSA and NYLL.

## DEFENDANTS ARE JOINTLY AND SEVERALLY LIABLE FOR THE FULL AMOUNT OF WAGES OWED PLAINTIFF

It will be shown at trial that both individual defendant as well as the corporate defendant are jointly and severally liable to the Plaintiffs for the entire judgment. There cannot be any question that the corporate Defendant is liable. It is Plaintiffs' position that the individual Defendant is also liable because he was, individually, Plaintiff's employer during the claim period. (See, Portesy Declaration Exh A, Deposition of Kazamias ¶21: 6-15).

*Coverage under Federal and State Law*

The corporate defendant 50 Front Street Enterprises Inc. meets the threshold coverage requirements under the FLSA and NYLL. Under the FLSA, coverage is obtained either because the individual worker in question directly engaged in interstate commerce or production of goods for commerce (termed "individual" coverage) or worked for an "enterprise" engaged in commerce with gross revenues in excess of $500,000 in a year (termed "enterprise" coverage) 29 U.S.C. §

203. There is no dispute that the corporate defendant falls under individual coverage of the FLSA because the plaintiffs cooked food for various patrons of the restaurant and produced the food as goods for commerce (i.e. consumption by patrons).

*The Individual Defendant is Personally Liable*

Federal and State law broadly define what entities or individuals may be considered an "employer" under the statutes.  FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Employee," with certain exceptions irrelevant here, means "any individual employed by an employer." 29 U.S.C. § 203(e)(1).   And "employ" includes "to suffer or permit to work." 29 U.S.C. § 203(g). This definition of "employer" under FLSA is to be broadly construed. *See Herman v. RSR Sec. Servs.,* 172 F.3d 132, 139 (2d Circ. 1999) ("The Supreme Court has emphasized the 'expansiveness' of the FLSA's definition of employer.    Above and beyond the plain language    the remedial nature of the statute further warrants an expansive interpretation of its provisions so that they will have the widest possible impact' in the national economy."). The NYLL likewise broadly construes who may be considered an employer for purposes of liability, and employs the same test used under FLSA. *See, e.g., Jiao v. Chen*, 2007 U.S. Dist. LEXIS 96480, *30-31, n. 12 (S.D.N.Y. Mar. 30, 2007) ("[C]ourts have interpreted the definition of 'employer' under New York Labor Law coextensively with the definition used by the FLSA.").

Under these broad definitions, federal and state law provide that individuals, including general managers, as well as corporate entities may be "employers" for purposes of liability for unpaid wages. The Second Circuit employs an "economic reality" test to determine whether an individual defendant is an employer for FLSA purposes. *See Carter v. Dutchess Cmty. Coll.*, 735

13

F.2d 8, 12 (2d Cir. 1984). The goal of the economic reality test is "to determine whether the employees in question are economically dependent on the putative employer." *Lopez v. Silverman*, 14 F. Supp. 2d 405, 414 (S.D.N.Y. 1998). As with other aspects of the employment relationship, "joint employment" must be construed broadly "in order to effectuate the broad remedial purposes of the [FLSA]." *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979).

The Second Circuit has utilized a four-factor control test that analyzed whether the company (1) hired and fired the workers; (2) maintained payroll records; (3) determined the rate of pay; and (4) determined work schedules of the subcontractor's employees. *See Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984); *Herman v. RSR Security Services Ltd.*, 172 F.3d 132 (2d Cir. 1999); *See also Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 69 (2d Cir. 2003) (stating that this four factor test is sufficient for a showing of joint employer). An individual with sufficient operational control may be deemed an employer of the Plaintiff. *See Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 264 (S.D.N.Y. 2008) (holding manager with no ownership interest liable as employer under FLSA and New York law).

In the instant case the evidence will show that the individual defendants had the power to hire and fire employees, and in fact hired Plaintiff Bonikos (See Portesy Decl. Exh A Kazamias Dep Tr at . ¶21: 6-15, ¶54: 21- ¶55:7). For the entire period of their employment, the individual defendant was the primary contact to which the Plaintiff reported for any work related issue (See Portesy Decl. Exh A Kazamias Dep Tr at ¶94: 4-7). The individual defendant directly controlled Plaintiff's work schedules, working conditions, and rates and methods of pay (See Portesy Decl. Exh A Kazamias Dep Tr at ¶21: 6-15, ¶104: 2-17). The individual defendants were also involved to the extent inadequate employment records were kept (See Portesy Decl. Exh A Kazamias Dep Tr at ¶23: 20-23).

As the individual defendants clearly meet the definition of "employer" during the entire

period outlined in the Complaint, they are personally liable to the Plaintiff for the entire relevant period of her employ, irrespective of the corporate form in which they choose to do business.

<u>**CONCLUSION**</u>

Defendants have no viable defenses on the issues that Plaintiffs have briefed herein. It is undisputed that Defendants paid the Plaintiffs flat weekly salaries meant to cover only Plaintiffs' first forty hours worked. Plaintiffs have asserted that they each have worked over forty hours each week and the Defendants did not pay them at any rate, let alone his overtime rate, for each and every hour that they worked in excess of forty. Defendants also failed to provide Plaintiffs with proper wage statements on each payday as required under the NYLL. Defendants only attempt at compliance with the law were purported pay stubs that were not NYLL compliant and further, Defendants have not produced viable payroll records for each week of Plaintiffs' employment. Lastly, Defendants have provided no evidence to overcome their burden under the *Anderson v. Mt. Clemens Pottery Co.* framework and they certainly haven't overcome their burden under the New York Labor Law. Accordingly, after trial, the Court must hold Defendants responsible for their FLSA and NYLL violations.

DATED:      NEW YORK, NEW YORK.
            OCTOBER 12, 2018

_____

Anthony R. Portesy (AP-3804)
Varacalli & Hamra, LLP
*Attorneys for Plaintiffs*
32 Broadway, Suite 1818
New York, New York 10018
Tel: (646) 590-0571
Fax: (646) 619-4012
E-mail: aportesy@vhllp.com

13