UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YANNIS BONIKOS and RIGEL SHAHOLLI, individually, and on behalf of all others similarly situated, | Civil Action No. 17-cv-06076 |
| Plaintiffs, | |
| -against- | |
| 50 FRONT STREET ENTERPRISES, INC. (d/b/a "Mykonos"), PETER KAZAMIAS, JOHN DOE CORP. #1 (d/b/a "50 Front"), JOHN DOE CORPS. #2-10, and JOHN DOES 1-10. | |
| Defendants. | |

# PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE

Anthony R. Portesy (AP-3804)
Varacalli & Hamra, LLP
*Attorneys for Plaintiffs*
32 Broadway, Suite 1818
New York, New York 10018
Tel: (646) 590-0571
Fax: (646) 619-4012
E-mail: aportesy@vhllp.com

## PRELIMINARY STATEMENT

Plaintiffs Yannis Bonikos ("Bonikos") and Rigel Shaholli ("Shaholli" and collectively "Plaintiffs"), brought this wage and hour action against their former employer 50 Front Street Enterprises Inc. and Peter Kazamias (collectively, "Defendants").

Plaintiffs respectfully submits this Motion *In Limine*, which seeks an order:

(i) Excluding Defendants from using as evidence at trial all documents, pursuant to Rule 37(c)(1), which were improperly withheld by Defendants until after the close of discovery, specifically those bates numbered D Docs 124- D Docs 3337;

(ii) Precluding Defendants from using evidence trial Defendants are attempting to elicit after the close of fact discovery;

(iii) Precluding the Defendants from eliciting or offering at trial testimonial evidence from witnesses produced after the close of discovery which the Defendants failed to identify during discovery as required by the Federal Rules of Civil Procedure, and;

(iv) Granting such other and different relief as the court determines to be just and proper.

## STATEMENT OF FACTS

Plaintiffs were employed as cooks in the Defendants' Greek theme restaurant known as the "Mykonos" restaurant in Newburgh, New York. Plaintiffs were paid a flat weekly salary for all hours worked and were not paid an overtime premium for any hours worked in excess of forty (40) hours per week. Plaintiffs commenced the present lawsuit before the Court on October 17, 2017 alleging a garden variety of violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On January 17, 2018 Defendants produced their First Set of Rule 26(a) (1)(A)(i) disclosures identifying the Plaintiffs and Defendant Peter Kazamias as individuals likely to have discoverable information (See Portesy Decl Exh A "Defendants' FRCP

Disclosures). On February 16, 2018, Defendants produced a Second Set of FRCP Rule 26 disclosures, this time identifying only Defendant Kazamias as a party having discoverable information(See Portesy Decl Exh B "Defendants' Second FRCP Disclosures"). On August 20th, the day before Defendant Kazamias' deposition, Defendants produced documents bate stamped "D Docs 100-D Docs 123."[1] Thereafter, on August 29th, 2018 around 5:11 PM, after the August 14, 2018 Court Ordered deadline for the close of all discovery, Defendants produced to Plaintiffs' counsel a "witness list" via e-mail with eleven (11) witnesses, nine (9) of which were new witnesses that had not been identified previously(See Portesy Decl Exh C "Defendants' e-mail and attachment"). Defendants also produced nearly three thousand pages of paper discovery which had never been produced to Plaintiffs prior to August 29, 2018, nearly two weeks after the close of discovery. These issues were explained before the Court at the August 30th hearing whereby the Court ordered that any documents that had not been produced prior to the deadline could be subject to a motion in limine as they were produced after the close of discovery. On September 7th, 2018, at 6:41 PM, nearly three full weeks after the close of discovery, Defendants produced a third set of Amended Rule 26 Initial disclosures, this time including fifteen (15) total witnesses, twelve (12) of which had not been identified previously. (See Portesy Decl Exh D "Defendants' e-mail and Exh E Defendants" FRCP Rule 26 Third Amended disclosures dated September 7, 2018).

---

[1] Defendant Kazamias' deposition was held after the close of discovery because he could not attend any dates in July or early August due to traveling (See Portesy Decl. Exh. F July 24th, emails from Keiry Rodriguez of MKC Law Group apprising that client was not available until late August).

## ARGUMENT

### A. Document Evidence Preclusion

Defendants should be precluded from introducing any documents not already produced during discovery. Fed. R. Civ. P. 26(a)(1)(ii) requires "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e)(1) requires parties to supplement their initial disclosures and discovery responses "in a timely manner" if they learn that the responses are materially incomplete or incorrect. While there is no universal rule as to what "a timely manner" means, the advisory committee has noted that supplementation "should be made at appropriate intervals during the *discovery period*, and with special promptness as the trial date approaches." Delay of as little as one week, let alone several months, can violate this requirement, especially if a party waits until after the close of discovery to produce materials for the first time. *See e.g. Wilson v. Bradlees of New England*, 250 F.3d 10, 18-20 (1st Cir. 2001).

According to Fed. R. Civ. P. 37(c)(1) if "[a] party that without substantial justification fails to…amend a prior response to discovery as required by Rule 26(e), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." The purpose of these rules is to avoid "surprise" or "trial by ambush." *See Transclean Corp. v. Bridgewood Servs., Inc.,* 77 F. Supp. 2d 1045, 1061 (D. Minn. 1999) (Rule 26(e)(2) "has a simple but important purpose; namely, to prevent trial by ambush"); *Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.,* 911 F. Supp. 76, 79-80 (E.D.N.Y. 1996) (Rule 26(e)(2) is designed to facilitate the objective of the Federal Rules of Civil Procedure by "eliminating surprise").

Furthermore, the exclusionary provision of this rule is "self-executing" and "automatic

absent a determination of either substantial justification or harmlessness." *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (E.D.N.Y. 2003). *Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir. 1998); *In re Motel 6 Sec. Litig.,* 161 F. Supp. 2d 227, 243 (S.D.N.Y. 2001); *Bastys v. Rothschild,* 2000 U.S. Dist. LEXIS 17807, No. 97 Civ. 5154, 2000 WL 1810107, at *26 (S.D.N.Y. Nov. 21, 2000). "Substantial justification means 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" *Henrietta D. v. Giuliani,* 2001 U.S. Dist. LEXIS 21848, No. 95 Civ. 0641, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001). "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 680 (D. Kan. 1995). The burden to prove substantial justification or harmlessness rests with the dilatory party. *See Wright v. Aargo Sec. Servs., Inc.,* 2001 U.S. Dist. LEXIS 13891, No. 99 Civ. 9115, 2001 WL 1035139, at *2 (S.D.N.Y. Sept. 7, 2001).

      Here, Defendants failed to produce or identify documents they now seek to introduce at trial during discovery. In fact, Plaintiff only even learned about the existence of these documents nearly two full weeks after the close of discovery. Worse yet, Defendants throughout this litigation have exhibited a pattern and practice of discovery delay and stalling tactics that have hindered the prosecution of this litigation. Defendants attempt to include these documents represent the exact type of "surprise" or "ambush" that the Federal Rules were intended to prevent. Furthermore, Defendants have not provided any sort of justification for their failure to provide these documents during discovery. Discovery in this case lasted about six months, and was even extended by the Court. There is no justifiable excuse for the failure to produce these documents during the pendency of the discovery time frame.

      Defendants' attempts at introducing late evidence is not harmless. Even now, the Plaintiff

have not had an opportunity to review the evidence. Moreover, as discovery has concluded Plaintiff also will be denied the opportunity to investigate or locate impeachment evidence. As the parties have already had extensive time to complete discovery, it would be inappropriate to grant a continuance. Defendants have had more than enough time to produce the following evidence and should not now, at the eve of trial, be permitted to further delay this case.

### B. Witness Testimony Preclusion

Regarding the now named fifteen (15) additional witnesses simply stated, apart from the named Plaintiffs, named Defendants, and the two (2) named witnesses that the Plaintiffs provided in their FRCP Rule 26 disclosures, the names of these additional witnesses do not appear in either the First Rule 26 disclosure, nor the Second Rule 26 disclosure, nor do they appea in any of the documents provided by the Defendants as an individual likely to have discoverable information that the Defendants may use to support its claim or defenses (as specifically required by *Federal Rule Civ. Pro. 26(a)(1)(A)(i)*.

*Rule 26 of the Federal Rules of Civil Procedure* contains mandatory disclosure requirements, including the requirement of a party to disclose the identity of witnesses with information relevant to the issues alleged in the Complaint. *Fed. R. Civ. P. 26(a)*. The Rule also contains a duty to supplement discovery responses if it later becomes known that a response is incorrect or incomplete. *Fed. R. Civ. P. 26(e)*. A party that fails to disclose information or fails to amend a previous response is not permitted to use such information as evidence unless there is substantial justification provided for the failure and such failure is harmless. *Fed. R. Civ. P. 37(c)(1)*. Rule 37(c)(1)'s preclusionary sanction is automatic, absent a determination of either substantial justification, or "harmlessness". *American Stock Exchange, LLC v. Mopex, Inc.,* 2002 U.S. Dist. LEXIS 23924, * 19-20 (S.D.N.Y. 2002).

There is no reasonable explanation for the Defendants' complete failure to disclose these except to surprise the Plaintiffs so close to the trial. "Justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure." *Henrietta D. v. Giuliani,* 2001 U.S. Dist. LEXIS 21848 at *1Under the second prong of the test – "the importance of the anticipated testimony there is simply no way of knowing what this potential witness will testify to. The Defendants failed set forth in any form what the substance of the witnesses' anticipated testimony would be.

Plaintiffs will be prejudiced if the testimony of these proposed witnesses were allowed. Plaintiffs have received no discovery whatsoever regarding whatever matters these individuals intend to allege. Moreover, the court may assume there is prejudice in Defendants' failure to disclose, unless the Defendant proves otherwise. *Castro v. City of New York*, 2009 U.S. Dist. LEXIS 69723, *15 ("The burden to prove . . . harmlessness rests with the party who has failed to disclose information pursuant to Rule 26.")

For all the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion *in limine* in its entirety, and grant such other and further relief as the Court deems just and proper.

DATED:   NEW YORK, NEW YORK.
         OCTOBER 12, 2018

_____
Anthony R. Portesy (AP-3804)
Varacalli & Hamra, LLP
*Attorneys for Plaintiffs*
32 Broadway, Suite 1818
New York, New York 10018
Tel: (646) 590-0571
Fax: (646) 619-4012
E-mail: aportesy@vhllp.com