UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YANNIS BONIKOS and RIGEL SHAHOLLI, *individually and on behalf of others similarly situated*,<br><br>    Plaintiffs,<br><br>                v.<br><br>50 FRONT STREET ENTERPRISES, INC. (d/b/a "Mykonos"), PETER KAZAMIAS, JOHN DOE CORP. #1 (d/b/a "50 Front"), JOHN DOE CORPS. #2-10, and JOHN DOES 1-10,<br><br>    Defendants. | Case No. 1:17-cv-06076-ARR-RER<br><br>**DEFENDANTS' PRETRIAL MEMORANDUM** |

Defendants 50 Front Street Enterprises, Inc., ("50 Front") and Peter Kazamias ("Kazamias" and, collectively, "Defendants") submit this Memorandum of Law pursuant to the Court's Individual Practices and Rules, Section IV(A)(6), and the October 12, 2018 Joint Pre-Trial Order.

**PRELIMINARY STATEMENT**

Plaintiffs Rigel Shaholli and Yannis Bonikos allege that Defendants have violated the following duties under New York State and federal law: failure to keep adequate records, failure to pay overtime compensation, and failure to pay "spread of hours" compensation under New York law. Given the procedural posture of this submission, Defendants will not respond to the factual conclusions set forth in Plaintiffs' pretrial memorandum because such conclusions are the province of the jury.

**I.    Plaintiff Bonikos Is an Executive and Therefore Exempt from Overtime Pay**

Plaintiffs both allege employment as chefs. Defendants intend to show that, in his capacity as "head" chef, Plaintiff Bonikos was an "executive" and therefore exempt from overtime regulations.

The FLSA exempts from overtime those employees working in a "bona fide executive . . . capacity." 29 U.S.C. § 213(a)(1). Whether an individual employee falls within the executive exemption is a mixed question of law and fact that depends on the actual job characteristics and duties of the employee. *See Myers v. Hertz Corp.*, 624 F.3d 537, 548 (2d Cir. 2010). The U.S. Department of Labor ("DOL") has promulgated regulations defining the FLSA's executive exemption (*see* 29 C.F.R. § 541.00 *et seq.*) and courts generally defer to those regulations. *See, e.g. Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 560-61 (2d Cir. 2012). Further, the executive exemption under the NYLL parallels that of the FLSA, and courts regularly consult the DOL's FLSA regulations when evaluating the applicability of the executive exemption under New York law. *See, e.g., Reiseck v. Universal Comm'ns of Miami, Inc.*, 591 F.3d 101, 105 (2d Cir. 2010).

Defendants intend to adduce evidence sufficient to show that Plaintiff Bonikos meets the executive exemption because: (1) he was compensated on a fixed salary basis sufficient to meet the federal guidelines; (2) his primary duty was management of his kitchen; (3) he customarily and regularly directed the work of two or more other employees; and (4) he had the authority to hire or fire other employees *or* their suggestions and recommendations concerning personnel matters were given particular weight. *See* 29 C.F.R. § 541.100. Plaintiff Bonikos also meets the slightly different standards under the NYLL and its regulations. *See* 12 N.Y.C.R.R. § 142-2.14(c)(4)(i).

**II.  Plaintiffs Have Failed to Show That They Worked Hours for Which They Were Not Properly Compensated. They Were Paid A Lawful Minimum Wage for All Regular Hours Worked, And A Lawful Overtime Rate.**

If Plaintiff Bonikos is determined not to be an executive, he and Plaintiff Shaholli have still failed in their burden to adduce reasonable evidence indicating entitlement to the requested relief. Any employee who "brings suit under § 16(b) of the [FLSA] for unpaid minimum wages

or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946). Even when the employer's records are insufficient or incomplete, the employees must set forth "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference" and show that the employer had actual or constructive knowledge of that uncompensated work. *Id.* at 687. The employer may negate the reasonableness of the inference drawn from the employee's testimony by submitting its own evidence. *Id.* at 687-88.

Plaintiffs were compensated fairly for all hours worked. The evidence will show that Plaintiffs did not work the hours that they claim. Even if Plaintiffs can demonstrate that they worked the days and hours they claim, Plaintiffs received the compensation they were due under law. Plaintiff Bonikos alleges that he worked 91 hours a week for a fixed salary of $1800 per week. (Compl. ¶¶ 51-53). While Plaintiff Bonikos would no doubt wish to jump the gun and calculate "regular" wages under the law (i.e., divide 1800 by 91 to get the base rate, and then superimpose overtime pay upon that rate), the fact is that such pay for such hours worked is completely consistent with receiving hourly pay of just over $15, and overtime pay of $22.50. Plaintiffs should not be permitted to put the cart before the horse and ignore the fact that, during all relevant time periods, their allegations are completely consistent with an agreement for Defendants to pay all applicable minimum wages and overtime compensation due under law.

The same is true for Plaintiff Shaholli, who alleges that he was paid $1200 weekly for 72 hours worked. (Compl. ¶¶ 67-69). Such pay for such hours worked is completely consistent with receiving hourly pay of just under $14, and overtime pay just under $21 per hour. Again, Plaintiffs are seeking protections from laws that do not apply to them.

Defendants intend to demonstrate that they paid a market rate for Plaintiffs' services, did so in good faith, knowing that the pay issued was sufficient to compensate Plaintiffs across-the-board for applicable obligations under both minimum wage laws and overtime laws. Defendants intend to demonstrate that the parties agreed and understood that compensation was sufficient to comply with applicable laws and regulations, and Defendants are exempt from "regular rate" calculations under the exceptions set forth in the federal regulations. 29 C.F.R. § 778.400.

In the alternative, should the regular rate be calculated through other means, Defendants are still entitled to, and intend to, rebut the presumption of the veracity of Plaintiffs' testimony. Defendants intend to present documentary and testamentary evidence rebutting Plaintiffs' claims with respect to hours worked. *See* Section V, *infra*.

### III. Plaintiff Bonikos Is Not Entitled To "Spread of Hours" Pay or Pay Statements Reflective of Overtime Hours Worked

Because Plaintiff Bonikos is an executive exempt from overtime under the NYLL, he is not entitled to "spread-of-hours" compensation or pay stubs reflecting overtime hours worked. New York Department of Labor regulations require that an "employee" receive one additional hour's pay for any day in which "the spread of hours exceeds 10 hours." 12 N.Y.C.R.R. § 142-2.4. But those regulations define "employee" to exclude "any individual permitted to work in . . . [an] [e]xecutive . . . capacity." The regulations then go on to define "executive" using the multi-pronged test discussed *supra*. *Id.* § 142-2.14(c)(4)(i). Likewise, section 195 of the NYLL requires employers to provide pay statements that include "the number of overtime hours worked," but only for "employees who are not exempt from overtime compensation" under the applicable regulations. N.Y. Lab. Law § 195(3). Because Plaintiff Bonikos is an exempt executive, he is not entitled to spread of hours pay.

### IV.     Any Violation of the FLSA Was Not Willful

Plaintiffs have failed to demonstrate that the alleged violations of the FLSA and NYLL were willful and as such, any provisions with respect to willfulness, including, but not limited to, statutes of limitations and liquidated damages, are inapplicable in this case.

Plaintiffs have set forth only conclusory allegations that Defendants failed to act in good faith in this case. They style Defendants' obligations as reaching for a "high bar" (See Plaintiffs' Pretrial Memorandum at 13), but the requirement is only that the Defendant act "reasonably in determining its legal obligation" *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 n.13 (1988). The jury will decide what steps Defendants took to comply with their obligations. Defendants maintain that their actions, including but not limited to paying Plaintiffs the wages to which they were entitled, are sufficient to demonstrate reasonable conduct under the FLSA and NYLL.

Therefore, even if Defendants are found liable, Plaintiffs should be permitted to recover damages for the FLSA only under a two-year statute of limitations from accrual, rather than three. 29 US.C. § 255(a). This distinction is critical and reflective of Congressional intent to "draw a significant distinction between ordinary violations and willful violations." *Gunawan v. Sake Sushi Rest.*, 897 F.Supp.2d 76, 86-87 (E.D.N.Y. 2012) (quoting *McLaughlin*, *supra*, at 132).

While the assignment of damages, liquidated or otherwise, are subject to the Court's discretion (*see, e.g., Hernandez v. JRPAC, Inc.*, 2016 U.S. Dist LEXIS 75430, at *107-*108 (S.D.N.Y. June 9, 2016) (quoting 29 U.S.C. § 260), they should not be available to Plaintiffs when Defendants have acted in good faith regarding their obligations under the law. Therefore, at trial, Defendants intend to show that they "took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F.Supp.2d 901, 938 (S.D.N.Y. 2013).

V.     **Witness Credibility and Potential Perjury**

While fact-finding is the province of the jury, Defendants intend to introduce evidence tending to impeach or disprove the testimony of one or both Plaintiffs. Based upon documentary and testimonial evidence, Defendants intend to show that there are numerous dates during the relevant time period during which Plaintiffs claimed to have worked, but on which the restaurant in question was closed. In addition to setting forth this evidence in order to determine hours worked, Defendants intend to use this evidence to aid the jury's determinations of credibility.

## CONCLUSION

Plaintiffs received exactly what they bargained for, and that bargain was in all ways compliant with federal and state law. Plaintiffs understood that their pay was for hours worked in excess of forty hours, and further, have vastly overstated the amount of time they actually worked during the relevant time period. Further, Plaintiff Bonikos was an executive chef and therefore his agreement was not governed by hourly wage principles under the law. Defendants have satisfied their burden to rebut Plaintiffs' conclusory allegations regarding hours and pay, and the Court should not foist additional agreements upon the parties by providing a windfall to Plaintiffs.

Dated: October 16, 2018

Respectfully submitted,

T. Bryce Jones, Esq.
Jones Law Firm, P.C.
450 7th Avenue, Suite 1408
New York, NY 10123
(212) 258-0685
bryce@joneslawnyc.com
*Counsel for Defendants*