T. Bryce Jones, Esq.
Jones Law Firm, P.C.
450 7th Avenue, Suite 1408
New York, NY 10123
(212) 258-0685
bryce@joneslawnyc.com

Jones
Law Firm, P.C.

October 31, 2018
Magistrate Judge Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N208
Brooklyn, New York 11201

      Re: Bonikos et al. v. 50 Front Street Enterprises, Inc. et al.,
         1:17-cv-06076 (ARR) (RER)

Dear Magistrate Judge Reyes:

We write to request that discovery be reopened in the above-captioned matter. Opposing counsel yesterday rejected our request for them to consent to reopen discovery and adjourn the November 1st status conference. Given new evidence that has come in from third-party sources after the close of discovery – namely EZ-Pass records from the vehicle Plaintiffs testify that they used to commute back and forth from work and credit card processor data showing dates that the workplace may not have been in operation – Defendants wish to follow up on Plaintiffs' whereabouts at specific times and places they have claimed to be working for Defendants.

The six-factor test followed in the Second Circuit would weigh heavily in favor of Defendants in this instance. Pharm., Inc. v. Am. Pharm. Partners, Inc., No. CV 05-776 (DRH) (AKT), 2008 U.S. Dist. LEXIS 73293, at *8-9 (E.D.N.Y. Sep. 24, 2008).

1. No trial date has been set and trial is not imminent. Allowing this discovery would streamline trial because Defendant is seeking information that would allow for summary judgment or directed verdict or, in the alternative, bring Plaintiffs' settlement numbers down considerably to be more in line with Defendants' last offer.
2. Although Plaintiffs are opposing these requests, evidence may need to be introduced at trial for impeachment purposes anyways. Full and open

discovery will allow all parties the ability to follow up. Furthermore, Plaintiffs' testimony in depositions conflicts with their Complaint and with responses to interrogatories such as we do not believe they answered interrogatories in good faith.

3. The Plaintiffs would not be prejudiced by the Court reopening discovery. It would give both parties equally the ability to ferret out the truth about material, basic facts. Incidentally, this would cure the Plaintiffs' objections to "trial-by-ambush" that they are alleging in their motion *in limine*.

4. Defendants were diligent in attempting to obtain discovery beforehand, but were hampered by slow response times from third-parties, particularly with regards to provision of EZ-Pass records which were repeatedly requested and promised only to not be delivered as anticipated. Additionally, any defects in diligence or delay were due to prior counsel. Defendants' current counsel has never had the opportunity to conduct discovery in this matter and intends to cooperate with Plaintiffs' counsel to pursue aggressive and efficient discovery if afforded the opportunity.

5. The need for additional discovery prior to the close of discovery was not particularly foreseeable, as the EZ-Pass records and credit card processor records, only recently received from third parties, tell a story that is directly opposed to Plaintiffs' and necessitate follow-up.

6. Additional discovery will almost certainly lead to highly relevant evidence. We have discovered photos of Plaintiff Shaholli being out of the country posted to his public Facebook page during the period he claimed to have worked and would request his passport pages as well as copies of any tickets or itineraries. Additionally, we need to corroborate some specific times and dates of EZ-Pass tag usage in order to prove incontrovertibly that a certain tag was the only one used by Plaintiffs to travel back and forth to work. Such tag, if it is, as Defendant asserts, the one used by Plaintiffs, shows that Plaintiff Bonikos worked fewer than 100 days out of the over 500 claimed in the Complaint and over 400 claimed in deposition testimony during the relevant time periods.

With further regards to the Plaintiffs' Motion *in limine*, we suggest that the motion may be moot to the extent that the Court grants reopening discovery and that a briefing schedule would be inappropriate at this time. We note that if it is considered a discovery motion under your Honor's local rules, then Plaintiffs' counsel have neither attempted to confer with us to resolve the issue nor have they attested to having done so. If it is not a discovery motion, we note that they did not ask the Court for a pre-motion conference prior to filing it as required by your Honor's local rules, nor have they attempted to set a briefing schedule for it with us. Again, we believe this motion to be premature.

Finally, we emphasize one last time that with reopened discovery we hope and expect either to find dispositive evidence or settle the case prior to a time when the *in limine* motion would need to be briefed and decided.

Respectfully Submitted,

/s/ T. Bryce Jones, Esq.
T. Bryce Jones
Jones Law Firm, P.C.