T. Bryce Jones, Esq.
Jones Law Firm, P.C.
450 7th Avenue, Suite 1408
New York, NY 10123
(212) 258-0685
bryce@joneslawnyc.com

November 2, 2018
Magistrate Judge Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N208
Brooklyn, New York 11201

   Re: Bonikos et al. v. 50 Front Street Enterprises, Inc. et al.,
    1:17-cv-06076 (ARR) (RER)

Dear Magistrate Judge Reyes:

Thank you for the opportunity to provide additional information on certain bank records and witnesses so that you can make an appropriate ruling on the Plaintiffs' Motion *in limine*. We have provided this information below and further requested a clarification of your rulings on the scope of the exclusion of vendor receipts in light of the subsequent ruling on limited reopened discovery.

**Bank Records**

You asked me to provide information on when Defendants' prior defense counsel, Mr. Chong, subpoenaed, received, and produced Plaintiffs' bank records. According to e-mails I received from Mr. Chong's office yesterday subsequent to the status conference, Mr. Chong's office: a) mailed subpoenas on June 13, 2018 b) received documents from i) Bank of America on July 5, 2018 and ii) Chase on August 2, 2018 and c) processed, bates stamped, and reviewed all these documents prior to producing them to Plaintiffs on August 29, 2018.

**Witnesses**

Rob Finnerty was the only witness brought up for the first time by name after Mr. Chong's August 29, 2018 Amended Rule 26 Disclosure.

| Defense Witness Name | When Named as a Witness |
|---|---|
| Steven Rogers | Not named prior to August 29, 2018. |
| Dean Clavio | Not named prior to August 29, 2018. |
| Kayla McCambridge | Named as witness in Plaintiffs' Amended Rule 26 Disclosure pg. 3, in Shaholli deposition 73:6 and Bonikos deposition 47:14;<br><br>Not objected to in the JPTO itself but objected to as part of Plaintiffs' *in limine* Motion. |
| John Lisi | John "Doe" is named as witness in Plaintiffs' Amended Rule 26 Disclosure pg. 3; Shaholli deposition 75:10 refers to this entry as a witness named John with an unknown last name who is Italian; Bonikos 44:20 refers to this John as a cleaner.<br><br>This John "Doe" matches the description of John Lisi. |
| Jose Galvez | In Kazamias's deposition 45:10 and 79:19 he named this person as someone Bonikos fired but did not specifically disclose him as a potential witness prior to August 29, 2018. |
| Chintia Lemus Nova | Not named prior to August 29, 2018. |
| Barry Clark | Mentioned in Kazamias's deposition 44:5 as a former executive chef. Not explicitly identified as a potential witness prior to August 29, 2018. |
| Rob Finnerty | A chef not named prior to the JPTO. |
| Angelo Angelis | Not explicitly named as witness prior to August 29, 2018; Named as CPA who prepared Defendants' taxes in Defendants' responses to questions 18-20 in First Set of Interrogatories to |

| | |
|---|---|
| | Individual Defendants and 9-10 of Corporate Defendants. |
| George Kokkinos | Named as witness in Plaintiffs' Amended Rule 26 Disclosure, in Shaholli deposition 72:21, Bonikos deposition 46:13. |
| Kim Hentschel | Not named prior to August 29, 2018. |
| Elizabeth Serrano | Not named prior to August 29, 2018. |
| Kimberly Ortega | Not named prior to August 29, 2018. |
| Vicky Salamoras | May not have been identified prior to August 29, 2018.<br><br>Viky "Doe" is named in Plaintiffs' Amended Rule 26 Disclosure pg. 3, Shaholli deposition 77:11, and Bonikos deposition 49:22, but identified by Plaintiffs as an accountant for a food supplier; Defendants' Amended Rule 26 Disclosure names Vicky Salamoras as a customer. |
| Konstantina Christodoulou | Not named prior to August 29, 2018. |

**Vendor Receipts**

With respect to hard copy vendor receipts your honor ruled to be excluded yesterday in response to Plaintiffs' oral motion (these had never been discussed in any written Motion *in limine* by Plaintiffs), we also ask your honor to clarify this ruling and reconcile it with the subsequent ruling that discovery would be reopened for limited purposes until December 5 in order, *inter alia*, to establish whether a particular EZPass tag number could be associated with the Plaintiffs' trips.

My understanding was that your honor ruled the vendor receipts at least partially inadmissible because they had not been produced prior to the close of discovery.

Prior to Defendants' receipt of the EZPass records, these receipts had neither been requested by Plaintiffs nor did anyone have reason to think they would be particularly relevant. However, now that we are attempting to link an EZPass tag to the vehicle Plaintiffs were using, data about which dates and even approximate times Plaintiff Bonikos purchased and loaded fish onto a vehicle in Queens then transported it via two toll bridges to the Newburgh restaurant immediately thereafter could be dispositive of the question of which EZPass tag Plaintiffs used for the vast majority of Bonikos's claimed period of employment and all of Shaholli's.

As I stated yesterday, the specific EZPass tag number Defendant Kazamias asserts Plaintiffs were using was used for under 100 round trips out of over a year of employment where Plaintiff Bonikos has admitted to "always" using an EZPass tag provided to him by Defendant Kazamias to pay the tolls and "always" using the same toll bridges yet also claims to have worked 6/7 days a week. If this tag is indeed the one that was used by Plaintiff Bonikos, the records provided by EZPass of dates and times tolls were paid between Queens to Newburgh would prove incontrovertibly that Plaintiffs have lied materially about the number of days they worked. Alternatively, if these vendor receipts show many days where highly spoilable food was loaded in Queens and not driven to Newburgh that same day, this could provide equally good evidence for Plaintiffs that this tag number is not related to Plaintiffs.

Thus, while there may be other ways of attempting to link a tag number to Plaintiffs' trips to and from work and other uses of the vendor receipts, use of those receipts could be the quickest and easiest way to establish specific dates and approximate times that bridges were crossed. I therefore ask your honor to clarify whether our understanding is correct that the vendor receipts have been excluded for general purposes at trial but were not pre-excluded from the reopened discovery for its limited purposes.

Respectfully Submitted,

/s/ T. Bryce Jones, Esq.
T. Bryce Jones
Jones Law Firm, P.C.