**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

YANNIS BONIKOS and RIGEL SHAHOLLI, *individually and on behalf of others similarly situated,*

Plaintiffs,

v.

50 FRONT STREET ENTERPRISES, INC. (d/b/a "Mykonos"), PETER KAZAMIAS, JOHN DOE CORP. #1 (d/b/a "50 Front"), JOHN DOE CORPS. #2-10, and JOHN DOES 1-10,

Defendants.

Case No. 1:17-cv-06076-ARR-RER

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO SET ASIDE**
**IN PART AN ORDER OF THE MAGISTRATE JUDGE**

---

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**……………………………………………………………………3

**PRELIMINARY STATEMENT**…………………………………………………………..5

**I. STANDARD OF REVIEW**……………………………………………………………6

**II. STATEMENT OF FACTS**…………………………………………………………..7

**A) SUMMARY OF COMPLAINT**………………………………………………7

**B) PROCEDURAL BACKGROUND**……………………………………………...7

**III. ARGUMENT**………………………………………………………………………8

**A) Witnesses and Deposition Testimony Should not be Precluded**………………8

**1) The Eight Witnesses Should Not Be Precluded From Testifying Because They Were Timely Disclosed Pursuant to Magistrate Judge Reyes's Orders**.....................................................................8

**2) Defendants Should Not Be Sanctioned**………………………...12

**B) Discovery Should be Broadly Reopened to Explore in Further Depth Recently Acquired Evidence and the Upcoming Deposition Testimony of Plaintiffs**……………………………………………………………………14

# TABLE OF AUTHORITIES

**Cases**

*Altman v. New Pub. Sch. Dist.*, 2017 U.S. Dist. LEXIS, 13 Civ. 3253 (S.D.N.Y. Jan. 6, 2017) . 13

*Cine Forty-Second Street Theatre Corp.*, 602 F.2d 1062 (2d Cir. 1979) .................................... 14

*Cody v. Mello*, 59 F.3d 13 (2d Cir. 1995) ........................................................................ 15

*Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006)........................................................ 5

*Ebo v. New York Methodist Hosp.*, No. 12-CV-4432, 2015 WL 4078550 (E.D.N.Y. July 6, 2015) ........................................................................................................................ 6

*Fed Ins. Co. v. Mertz*, No. 12-CV-1597, 2015 U.S. Dist. LEXIS 132690, 2015 WL 5769945 (S.D.N.Y. Sept. 29, 2015)........................................................................................ 16

*Fielding v. Tollaksen*, 510 F.3d 175 (2d Cir. 2007)........................................................................ 6

*Fleming v. Verizon N.Y., Inc.*, 2006 U.S. Dist. LEXIS 68632, No. 03 Civ. 5639 (S.D.N.Y. Sept. 25, 2006) ............................................................................................................ 12

*Genova v. City of Glen Cove*, No. 13-CV-4088, 2015 U.S. Dist. LEXIS 141830, 2015 WL 6143718 (E.D.N.Y. Oct. 19, 2015) ........................................................................ 15

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 2018 WL 4158290 (E.D.N.Y. Aug. 30, 2018)........................................................................................ 7

*Jacobs v. New York City Dep't of Educ.*, No. 11-CV-5058, 2015 U.S. Dist. LEXIS 158517, 2015 WL 7568642 (E.D.N.Y. Nov. 24, 2015)...................................................... 15, 16

*Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, No. 15 Civ. 8459, 2017 WL 3142072 (S.D.N.Y. July 24, 2017) ....................................................................................... 6

*Martinez v. City of N.Y.*, 2018 U.S. Dist. LEXIS 66106, 16 Civ. 079 (Apr. 18, 2018).......... 14, 17

*Metito (Overseas) Ltd. v. GE*, 2009 U.S. Dist. LEXIS 12590, 05 Civ. 9478 (Feb. 17, 2009)...... 13

*Outley v. City of N.Y.*, 837 F.2d 587 (2d Cir. 1988) .................................................................. 13

*Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522 (2d Cir. 1990) .......... 6

*Va. Props, LLC v. T-Mobile Northeast LLC*, 965 F.3d 110 (2d Cir. 2017) .......... 13

*Vichare v. AMBAC Inc.*, 106 F.3d 457 (2d Cir. 1996) .......... 13

*Wakefern Food Corp. v. Prospect Plaza Improvements*, LLC, 2010 WL 4514287 (D. Conn. Nov. 2, 2010) .......... 7

*Young v. Sw. Airlines Co.*, No. 14-CV-1940 (LDH) (RLM), 2016 U.S. Dist. LEXIS 75950 (E.D.N.Y. May 4, 2016) .......... 15, 16

**Statutes**

28 U.S.C. § 636 .......... 5, 6

**Rules**

Rule 31 of the Federal Rules of Civil Procedure .......... 12

Federal Rules of Civil Procedure 16 .......... 15

Rule 26 of the Federal Rules of Civil Procedure .......... 8, 9, 10

Rule 72 of the Federal Rules of Civil Procedure .......... 5, 6

**PRELIMINARY STATEMENT**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure ("Federal Rules"), Defendant 50 Front Street Enterprises, Inc., a restaurant doing business under the trade name "Mykonos," and its corporate owner, Defendant Peter Kazamias (collectively, "Defendants") respectfully move to set aside Magistrate Judge Reyes's order dated November 7, 2018 ("November 7 Order") (Exhibit A).

The November 7 Order resolved two motions. *First*, it granted in part and denied in part Plaintiffs' Motion *in Limine* to Sanction Defendants Under Rule 37(c)(1) of the Federal Rules (Exhibit B) to preclude certain witnesses and documents from trial. *Second*, it granted in part and denied in part Defendants' motion to reopen discovery for limited purposes (Exhibit C). Defendants respectfully request that: (1) the portion of the Order precluding certain witnesses from testifying be reversed; (2) that the portion of the Order precluding Defendants from using Plaintiff's prior depositions at trial be reversed to the extent it prohibits Defendants from using those depositions solely for the purposes of impeachment; and (3) discovery be re-opened on a basis sufficient to request and produce certain evidence that could be dispositive of the most significant claims in the Complaint.

In regards to the portion of the Order excluding the testimony of certain witnesses, the Magistrate Judge failed to apply the test set forth in *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297-98 (2d Cir. 2006). In this case, the Magistrate Judge did not consider and weigh whether (1) Defendants were substantially justified in failing to make the disclosure, (2) the importance of the precluded evidence, (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new evidence, and (4) the possibility of a continuance. *See id.* Moreover, refusing to admit evidence that was not initially disclosed (but nonetheless disclosed as soon as it was

discovered by counsel) is a drastic remedy and applies only in situations where the failure to disclose represents a flagrant bad faith and callous disregard of the rules. Courts rarely impose preclusion because doing so undermines the truth-seeking function of the Court.

The truth-seeking function of the Court is also undermined when the very real possibility exists that, were the portion of the Magistrate Judge's Order in regards to limiting reopened discovery to be sustained, Plaintiffs might have outright lied in sworn interrogatory responses and deposition testimony, *inter alia*, about the most material facts in this litigation while specific discoverable evidence that might have proven this incontrovertibly would be prevented from being uncovered and introduced by Defense counsel.

## I. STANDARD OF REVIEW

Under Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), a district court must reverse a magistrate judge's ruling regarding a non-dispositive matter where the order is "clearly erroneous or *contrary to law*." 28 U.S.C. § 636(b)(1)(A) (emphasis added); Fed. R. Civ. P. 72 (a); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). Discovery disputes are typically considered non-dispositive. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

"An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, No. 15 Civ. 8459, 2017 WL 3142072, at *1 (S.D.N.Y. July 24, 2017) (citation and quotation marks omitted); *Ebo v. New York Methodist Hosp.*, No. 12-CV-4432, 2015 WL 4078550, at *4 (E.D.N.Y. July 6, 2015) (same). For this reason, questions of law are also reviewed *de novo*. *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 2018 WL 4158290, at *9 (E.D.N.Y. Aug.

30, 2018); *Wakefern Food Corp. v. Prospect Plaza Improvements*, LLC, 2010 WL 4514287, at *2 n. 2 (D. Conn. Nov. 2, 2010).

## II. STATEMENT OF FACTS

### A. Summary of Complaint

Plaintiffs Yannis Bonikos and Rigel Shaholli allege that they were "chefs" who worked at Mykonos, a Greek restaurant owned by Peter Kazamias located at 50 Front Street in Newburgh New York. (Compl. ¶¶4, 6, 10, 46, 62).[1] Plaintiff Bonikos alleges that he worked seven days a week for 91 hours a week "[t]hroughout his entire employment with Defendants," for approximately 17 months from May 2015 until October 2016, without ever taking a single day off.[2] (Compl. ¶51). Plaintiff Shaholli alleges that he worked slightly less – six days a week for 72 hours a week from July 2015 until February 2016.[3] (Exhibit D ¶¶ 61, 67).

Based on these allegations, Plaintiffs assert a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, for violating federal overtime time requirements. (Exhibit D ¶¶ 91-97). Plaintiffs also assert four claims under New York Labor Law ("NYLL"), Art. 6, §§ 190-199-a, for: (1) state overtime requirement violations; (2) spread of hours violations; (3) notice and record keeping violations; and (4) wage statement violations. (Exhibit D ¶¶ 98-111).

### B. Procedural Background

The initial conference before Magistrate Judge Ramon E. Reyes Jr. was held on January 23, 2018. The Magistrate Judge directed the parties to exchange initial disclosures as required by

---

[1] "Compl." Refers to Plaintiffs' Complaint filed on October 17, 2017, attached as Exhibit D.

[2] Plaintiff's deposition testimony reduces this amount slightly, to 14.5 hours a day, six days a week, for a total of 87 hours a week. (Exhibit E at 9:15 and 10:3) The Complaint has not been amended in this action.

[3] Plaintiffs' deposition testimonies also reflect a shorter employment range. Plaintiff Bonikos testified that he was terminated on September 22. (Exhibit E at 38:10). Both Plaintiffs testified that Plaintiff Shaholli was hired mid-August. (Exhibit E at 8:19 and Exhibit F at 4:11).

Rule 26(a)(1) of the Federal Rules by February 9, 2018. The Court also referred the case to mediation, which was to be completed no later than April 27, 2018. Further facts and circumstances relevant to this motion, and the discovery disputes it concerns, are set forth in the attached Affirmation of T. Bryce Jones.

## III. ARGUMENT

### A) Witnesses and Deposition Testimony Should not be Precluded

#### 1) The Eight Witnesses Should Not Be Precluded From Testifying Because They Were Timely Disclosed Pursuant to Magistrate Judge Reyes's Orders.

Magistrate Judge Reyes excluded eight witnesses[4] from testifying at trial by docket order dated November 7, 2018. But seven of these eight witnesses—all but Rob Finnerty, who Defendants cannot find contact information for—were in fact disclosed with full contact information in supplemental discovery pursuant to Magistrate Judge Reyes's bench order issued at the hearing held on August 30. Magistrate Judge Reyes ordered the Defendants to make a final disclosure by September 7, 2018 and these witnesses were subsequently provided in accordance with Magistrate Judge Reyes's specific instructions. Accordingly, the Court should set aside the November 7 Order with regards to the preclusion of these seven witnesses.

On August 29, 2018, a day before close of discovery, Defendants' prior counsel Michael Chong produced the names of various witnesses whom the Defendant had recently been able to identify after further research (Exhibit G). Plaintiffs raised an objection to this the following day at a status conference before Magistrate Judge Reyes. Although Magistrate Judge Reyes initially suggested that such witnesses would be excluded, he subsequently held that they could serve as

[4] These witnesses are: Steven Rogers, Dean Clavio, Chintia Nova, Rob Finnerty, Kim Hentschel, Elizabeth Serrano, Kimberly Ortega, Konstantina Christodoulou.

witnesses if contact information were provided by September 7, stating "[Defendants] are going to get you the contact information for each witness. […] If you want to take anyone's deposition, they got to pay for the court reporter and you've got to do it -- obviously do it before trial. […] they're nonparties, so you're going to have to serve a nonparty subpoena and do all that but I'm not going to exclude anyone. I'm going back. I'm changing that ruling.[…] So that's September 7 for the identification of witnesses, last known contact information….", (Exhibit H at 25-26).

Following Magistrate Judge Reyes's instructions, Defendants' former counsel then provided an updated Rule 26 disclosure (the "Third Rule 26 Disclosure") to the Plaintiffs on September 7, 2018. (Exhibit I). This final disclosure included the names and contact information of seven of the eight witnesses that are the subject of this appeal: Steven Rogers, Dean Clavio, Chintia Nova, Kim Hentschel, Elizabeth Serrano, Kimberly Ortega, Konstantina Christodoulou. (Exhibit I at 2-4).

Defendant was forced to replace their former counsel and current counsel, Jones Law Firm, P.C., was substituted in over the opposition of Plaintiffs by order dated September 13, 2018. Then, on October 12, 2018, Plaintiffs filed a motion *in limine* seeking to "Preclud[e] the Defendants from eliciting or offering at trial testimonial evidence from witnesses produced after the close of discovery which the Defendants failed to identify during discovery." (Exhibit B at 1).

Plaintiffs motion *in limine* was at best vague. Perhaps intentionally, knowing that newly substituted counsel had not been at the prior status conference, the Plaintiffs' motion did not name the witnesses that they wished to exclude, nor did they make any mention of the Third Rule 26 Disclosure and Magistrate Judge Reyes's clear instructions that permitted it. The motion *in limine* stated only that "fifteen (15) additional witnesses . . . do not appear in either the First Rule 26 disclosure, nor the Second Rule 26 disclosure," and sought to invoke the "self-executing"

exclusion of late-disclosed witnesses under Federal Rule of Civil Procedure 37(c)(1). (Exhibit K, at 6-7).

But this was a complete mischaracterization of the record, which omitted Magistrate Judge Reyes's specific orders issued at the August 30, 2018 hearing and the subsequent Third Rule 26 Disclosure. Magistrate Judge Reyes had clearly extended discovery with regards to specific evidence, namely, these witnesses. Defendants' former counsel duly complied with those orders. Plaintiffs' motion in limine sought to capitalize on the change of counsel and the complex procedural history in this case by attempting to re-litigate issues that had already been decided without citing the prior decisions. Clearly there can be no violation of Rule 26(e) and no exclusion is appropriate where disclosures have been made pursuant to Magistrate Judge Reyes's express orders.

Magistrate Judge Reyes sought to rule on this motion *in limine* at a November 1, 2018 status conference. Noting that the motion had not named the witnesses whom the Plaintiffs sought to preclude, Magistrate Judge Reyes ordered Defendants to provide a letter to the court by close of business on the following day, specifying which witnesses had been disclosed at what stage of the litigation. ("So I need to know exactly where these people have been identified to Mr. Portesy and his clients so I can rule on the motion. So I'd like you to do that by close of business tomorrow.") (Exhibit J at 6:21). Jones rushed to provide this letter in a timely fashion, but because the August 30 bench order did not appear on the docket and Chong had neglected to include either any mention of it or the September 7 correspondence showing compliance with it in the case file along with what appeared to be a complete set of all other correspondence from him to Plaintiffs' counsel, Defendants' current counsel did not realize that for arguably all of these eight excluded

witnesses, they (and their contact information) had in fact been timely disclosed pursuant to a court order. (See Jones Affirmation ¶¶ 52).

Although Magistrate Judge Reyes's preclusion order is understandable given the complicated and confusing discovery record in this matter, and the gamesmanship executed in Plaintiffs' motions *in limine*, the fact remains that these eight witnesses were in fact disclosed pursuant to his clear orders and ongoing management of discovery. Defendants' should not be forced to defend themselves at trial with only those witnesses disclosed at the earliest points in the litigation.

Because these eight[5] witnesses were disclosed on September 7 in accordance with Magistrate Judge Reyes's own orders (and in five out of eight cases their names were in fact disclosed prior to the close of discovery), and because Magistrate Judge Reyes had explicitly ruled them admissible if Plaintiffs were provided their last known contact information by September 7, 2018, there was no reason to revise previous discovery rulings on account of Plaintiffs' motion *in limine*. Thus, the Court should set aside Magistrate Judge Reyes's November 7 Order, and hold that these witnesses may testify at trial.

Plaintiffs will not be unfairly surprised by this result. It cannot come as a surprise that other employees of the restaurant, including waitstaff, bartenders, dishwashers, and chefs, would be called to check the veracity of their allegations. Employees at a small business like a restaurant are generally known to each other, and it is not unreasonable to expect Plaintiffs to know that they will be called to testify. *Cf. Fleming v. Verizon N.Y., Inc.*, 2006 U.S. Dist. LEXIS 68632, No. 03

[5] Arguably seven. Defendants have been unable to identify any contact information for the Rob Finnerty. Defendants contend that they are in compliance in regards to Rob Finnerty as well because they have provided all contact information they have and conducted a diligent search. (See Jones Affirmation ¶¶ 47)

Civ. 5639 (S.D.N.Y. Sept. 25, 2006) (upholding preclusion in part because Verizon is a "large corporation with thousands of employees" whose identities would be difficult to guess absent disclosure pursuant to Rule 26).

The November 7 Order has extended the close of discovery until December 5, 2018. While there may not be time for Plaintiffs to depose all the precluded witnesses, there is certainly an opportunity for a continuance. The precluded witnesses could respond to Depositions by Written Questions pursuant to Federal Rule of Civil Procedure 31. They could submit comprehensive declarations identifying the subject matter of their testimony, and any testimony outside that subject matter could be excluded. Any prejudice alleged by Plaintiff can easily be cured with a continuance and/or supplemental discovery.

2) **Defendants Should Not Be Sanctioned**

The November 7 Order states that "As a sanction for late production" of certain documents, Magistrate Judge Reyes has also precluded Defendants from "using at trial plaintiffs' initial deposition transcripts". To the extent this prohibits Defendants *only* from introducing portions of the initial deposition transcripts as evidence, Defendants do not object to this portion of the Order. To the extent, however, that Magistrate Judge Reyes's Order precludes using the deposition transcripts for any purpose, including impeachment, Defendants request that this portion of the Order be set aside.

If Magistrate Judge Reyes's sanction is construed to exclude use of Plaintiffs' depositions for any purpose, including impeachment, that sanction is too broad and Defendants request that it be appropriately narrowed. Any discovery sanction must be related causally – and not simply temporally – to the sanctioned conduct. *Va. Props, LLC v. T-Mobile Northeast LLC*, 965 F.3d 110, 114 (2d Cir. 2017). Here, the punishment of exclusion of use for impeachment purposes bears

no relation to the crime (late production of documents). The fact that Plaintiffs did not have advance notice that evidence would show their testimony to be false is not prejudice, and an appropriate cure for whatever prejudice there might have been should be a free pass given to false sworn statements. Furthermore, preclusion is an "extreme sanction" and the Court must assess "the actual difficulties which the violation causes" and tailor a remedy reasonably related to those difficulties. *Outley v. City of N.Y.*, 837 F.2d 587, 591 (2d Cir. 1988).

Here, the only "actual difficulty" caused by Defendants' late production of certain documents is delay. Such delay should not prohibit Defendants from impeaching Plaintiffs on the basis of their prior sworn statements. Defendants recognize that "impeachment evidence is not substantive evidence of the truth of the statements" and do not intend to use prior deposition testimony for that purpose. *Metito (Overseas) Ltd. v. GE*, 2009 U.S. Dist. LEXIS 12590, 05 Civ. 9478, at *24 (Feb. 17, 2009) (internal quotations omitted).

But Plaintiffs are "the crucial witness[es] to their claims" and "the question of [their] credibility [is] essential to the case." *Vichare v. AMBAC Inc.*, 106 F.3d 457, 468 (2d Cir. 1996). *See id.* Plaintiffs' credibility is of particular importance in cases where, as here, factual determinations will be made pursuant to a burden-shifting framework. *Cf. Altman v. New Pub. Sch. Dist.*, 2017 U.S. Dist. LEXIS, 13 Civ. 3253, at *20-*21 (S.D.N.Y. Jan. 6, 2017) (emphasizing the importance of permitting evidence regarding Plaintiff's credibility in the context of an employment discrimination claim).

The Court, when fashioning a sanction, should take into consideration "fair play", which "may dictate that the courts eschew the harshest sanctions . . . where failure to comply is due to a mere oversight of counsel amounting to no more than simple negligence." *Cine Forty-Second Street Theatre Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979). While Defendants may have been

dilatory in producing certain documents, the late production was not willful or tactical, particularly given that many of the documents produced were already in Plaintiffs' custody or control (See Exhibit J at 13:6) (late production of Plaintiffs' bank records, received pursuant to Defendants' subpoena, cannot be prejudicial because such records belong to Plaintiffs).

Even in cases where a party's late production may have been in bad faith, courts should avoid total preclusion while the discovery disputes remain fluid, and monitor the parties for further bad behavior that may in fact warrant the extreme sanction of preclusion. *See Martinez v. City of N.Y.*, 2018 U.S. Dist. LEXIS 66106, 16 Civ. 079, at *9 (Apr. 18, 2018). Evidence preclusion is particularly inappropriate where, as here, the sanctioned party has also been ordered to bear the costs associated with their alleged wrongdoing. *Id.* at *9. The November 7 Order commands Defendants to pay the costs of Plaintiffs' prior depositions. Defendants reserve the right to contest the reasonableness of Plaintiffs' stated fees thereof, but do not deny that such sanction is at least causally related to the sanctioned conduct. But Plaintiffs should not be granted immunity from any falsehoods they swore to in their prior depositions, particularly because the question of their credibility is essential to Defendants' case.

**B) Discovery Should be Broadly Reopened to Explore in Further Depth Recently Acquired Evidence and the Upcoming Deposition Testimony of Plaintiffs**

Magistrate Judge Reyes's November 7 Order also states that discovery shall be re-opened with a limited scope. Discovery should, however, be re-opened to the a somewhat greater extent than that contemplated by the November 7 Order, to permit Defendants to seek and produce evidence that is either dispositive or highly probative of the central issue in this case: the days and hours worked by Plaintiffs.

The courts should seek to decide cases on their merits. *See, e.g., Cody v. Mell*o, 59 F.3d 13 (2d Cir. 1995). Where, as here, the case may still be heard on its full merits without substantial

prejudice or delay, the Court should permit the parties to present their best evidence. Defendants respectfully request that the Court reverse Magistrate Judge Reyes's Order to the limited extent set forth herein.

Where a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Young v. Sw. Airlines Co.*, No. 14-CV-1940 (LDH) (RLM), 2016 U.S. Dist. LEXIS 75950, at *5-6 (E.D.N.Y. May 4, 2016). A district court "has broad discretion in deciding whether good cause exists to amend the scheduling order and reopen discovery." *Genova v. City of Glen Cove*, No. 13-CV-4088, 2015 U.S. Dist. LEXIS 141830, 2015 WL 6143718, at *3 (E.D.N.Y. Oct. 19, 2015) (internal citations omitted).

With respect to motions to reopen discovery, district courts have determined whether good cause exists by considering six factors: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Jacobs v. New York City Dep't of Educ.*, No. 11-CV-5058, 2015 U.S. Dist. LEXIS 158517, 2015 WL 7568642, at *4 (E.D.N.Y. Nov. 24, 2015) (citing various cases); *see also Fed Ins. Co. v. Mertz*, No. 12-CV-1597, 2015 U.S. Dist. LEXIS 132690, 2015 WL 5769945, at *7 (S.D.N.Y. Sept. 29, 2015) (applying factors when considering appeal from magistrate judge decision that good cause did not exist to reopen discovery). In the case at bar, these factors weigh in favor of reopening discovery.

First, trial in this matter is not imminent. Although the parties have submitted a Joint Pretrial Order, the trial is not yet on the calendar and depositions are still pending. Given the narrow focus of the re-opened discovery Defendants' seek, there will not be significant delay.

Second, Plaintiffs are not materially prejudiced by reopening discovery. *See, e.g., Young*, 2016 U.S. Dist. LEXIS 75950, at *6-7 ("Any prejudice to defendant is largely mitigated by the adjournment of the trial date."). Further, the discovery Defendants seek is highly probative and not burdensome. Plaintiffs cannot claim they have been prejudiced by Defendants' production of, and requests for, highly relevant evidence.

Third, although Defendants' former counsel may not have been totally "diligent in obtaining discovery within the guidelines established by the court," Defendants have themselves acted diligently in recognizing their former attorney's shortcomings and swiftly replacing them, and this should weigh in favor of reopening discovery. *Jacobs*, 2015 U.S. Dist. LEXIS 158517, at *13-14 (holding that a party's need to replace inadequate counsel and that party's diligence in doing so weigh in favor of reopening discovery, noting that "Plaintiff was diligent, but for her first attorney's lack of zealous advocacy or interest in pursuing her claims").

Fourth, broad discovery ending on a reasonable future date will not likely necessitate additional discovery. This case has had its twists and turns, but with continued judicial supervision, and with appropriately tailored-sanctions issued against Defendants in the form of costs, the parties now have a narrow focus and will be able to complete discovery according to whatever narrow basis the Court decrees in response to these papers. *See Martinez* U.S. Dist. LEXIS 66106 at *9-*10 (district courts are empowered to monitor contested discovery proceedings and limit their scope under threat of further sanction).

Fifth, additional discovery will almost certainly lead to relevant evidence. Defendants have issued subpoenas pending for certain records that may in fact be dispositive of the claims in this case. (Exhibit L). The limited discovery Defendants seek from Plaintiffs will be narrowly-tailored and will not necessitate significant effort on the part of Plaintiffs. (See Jones Affirmation ¶¶ 48).

With depositions pending and discovery re-opened on a limited basis, Defendants should be permitted to bolster their defense pursuant to those depositions and present their best case.

Finally, Defendants have evidence that Plaintiffs have lied at several points in this action about material facts, and Plaintiffs' counsel have failed either to amend the Complaint or notify the Court of Plaintiffs' misconduct. In the November 1, 2018 hearing before Magistrate Judge Reyes, Plaintiffs' counsel Anthony Portesy stated in regards to Defendants' request to obtain Plaintiff Shaholli's passport pages, "I spoke to my client about this issue, Your Honor. I spoke to my client about this issue and he said that he was in the country the entire time." (Exhibit J at 30:13). The actual passport pages, in fact, which have now been produced pursuant to a November 1, 2018 bench order show a 10-day period where Plaintiff Shaholli was out of the country. Furthermore, the E-ZPass records that Defendants seek to further establish in reopened discovery were the records for the vehicle Plaintiffs used to go to and from work show a pattern of usage consistent with significant falsity in the Plaintiffs' claims elsewhere of how many days they worked per week. (See Jones Affirmation ¶¶ 49-50). This is consistent with other evidence of the impossibility of Plaintiffs' claims such as significant winter closings of the restaurant as evidenced by, *inter alia*, credit card processor account statements. (See Jones Affirmation ¶¶ 51). Under these circumstances where Plaintiffs have already been shown to have made false statements, Defendants respectfully submit that they should be afforded wider deference by the Court to pursue additional discovery.

Dated: November 21, 2018

Respectfully submitted,

/s/ Bryce Jones

T. Bryce Jones, Esq.
**Jones Law Firm, P.C.**
450 7th Avenue, Suite 1408
New York, NY 10123
(212) 258-0685
bryce@joneslawnyc.com
*Counsel for Defendants*