UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YANNIS BONIKOS and RIGEL SHAHOLLI, *individually and on behalf of others similarly situated,*<br><br>    Plaintiffs,<br><br>        v.<br><br>50 FRONT STREET ENTERPRISES, INC. (d/b/a "Mykonos"), PETER KAZAMIAS, JOHN DOE CORP. #1 (d/b/a "50 Front"), JOHN DOE CORPS. #2-10, and JOHN DOES 1-10,<br><br>    Defendants. | Case No. 1:17-cv-06076-ARR-RER<br><br>**AFFIRMATION OF T. BRYCE JONES IN SUPPORT OF MOTION TO SET ASIDE IN PART AN ORDER OF THE MAGISTRATE JUDGE** |

I, T. Bryce Jones, an attorney duly admitted to practice law in the United States District Court, Eastern District of New York, hereby swear and affirm the following statements are true to the best of my knowledge:

1.      I am the principal of the Jones Law Firm, P.C., attorneys for Defendants in the above-captioned action and, as such, I am familiar with the facts set forth below.

2.      I submit this declaration in support of Defendants' Motion to Set Aside in Part an Order of the Magistrate Judge.

### Affirmation of Exhibits

3.      Attached as Exhibit A is a true and correct copy of a Printout of the PACER Docket for Bonikos et al. v. 50 Front Street Enterprises, Inc. et al., Timestamped 11/21/2018 12:45:15.

4.      Attached as Exhibit B is a true and correct copy Plaintiffs' First Motion *in Limine* to Preclude Defendants' From Using Evidence and Witnesses Provided After the Close of Discovery.

5.      Attached as Exhibit C is a true and correct copy of Defendants' Letter Motion to Reopen Discovery.

6.      Attached as Exhibit D is a true and correct copy of the Complaint.

7.      Attached as Exhibit E is a true and correct copy of Plaintiff Bonikos's Deposition Transcript.

8.      Attached as Exhibit F is a true and correct copy of Plaintiff Shaholli's Deposition Transcript.

9.      Attached as Exhibit G is a true and correct copy of a witness list sent by prior counsel for Defendants, defense counsel, Michael Chong, to Plaintiffs' counsel on August 29, 2018.

10.     Attached as Exhibit H is a true and correct copy of the Transcript of the August 30, 2018 Final Pretrial Conference before Magistrate Judge Reyes.

11.     Attached as Exhibit I is a true and correct copy of Michael Chong's September 7, 2018 Third Rule 26 Disclosure.

12.     Attached as Exhibit J is a true and correct copy of the Transcript of the November 1, 2018 Status Conference.

13.     Attached as Exhibit K is a true and correct copy of Plaintiffs' Memorandum of Law in Support of Plaintiffs' First Motion *in Limine* to Preclude Defendants' From Using Evidence and Witnesses Provided After the Close of Discovery.

14.     Attached as Exhibit L is a true and correct copy of Defendants' November 20, 2018 Subpoenas to E-ZPass.

15.     Attached as Exhibit M is a true and correct copy of the E-ZPass statements for account number 0000000033658882 in the name of Peter Kazamias.

16. Attached as Exhibit N is a true and correct copy of credit card processor statements from the company "Heartland" for merchant number 650000008328158, d/b/a 50 Front Street, from May 2015 through August 2018.

17. Attached as Exhibit O is a true and correct copy of the damages calculations presented by Plaintiffs to Defendants on March 13, 2018.

## Procedural History

18. More than one month after the deadline for the initial disclosures including "a computation of each category of damages claimed by the disclosing party," Fed. R. Civ. P. 26(a)(1)(iii), Plaintiffs provided a calculation of damages.

19. Based on a purported regular rate of pay of $45 an hour for Bonikos (the equivalent of $90,000 a year for 40 hours a week for 50 weeks or 2,000 hours), Plaintiff Bonikos seeks damages of $647,376.63 for the alleged 71 weeks of non-stop employment. Based on a purported regular rate of pay of $30 an hour for Shaholli (the equivalent of $60,000 a year for 40 hours a week for 50 weeks or 2,000 hours), Plaintiff Shaholli seeks damages of $140,239.84 for an alleged 34 weeks of employment. (Exhibit O).

20. Plaintiffs missed the scheduled mediation twice. Despite over six weeks of notice, the mediation had to be adjourned for seven days due to purported issues with one of the Plaintiff's current employer.

21. Plaintiffs missed the second mediation on the final day available under the Court's order when one of the Plaintiffs had a family emergency and the other Plaintiff was unavailable by telephone.

22. The Court granted Plaintiffs' request for a 45-day extension for mediation to be completed.

23. Plaintiffs served initial discovery on the Defendants on January 15, 2018.

24. Defendants served initial discovery on the Plaintiffs on February 8, 2018, including deposition notices for both Plaintiffs.

25. Defendants responded to Plaintiffs' initial discovery demands on April 13, 2018.

26. On May 15, 2018, Plaintiffs responded to Defendants' initial discovery demands.

27. The deposition of Plaintiff Shaholli took place on June 1, 2018 and that of Plaintiff Bonikos took place on June 5, 2018.

28. On June 7, 2018 Magistrate Judge Reyes set an August 14, 2018 deadline for completion of discovery and an August 15, 2018 final pretrial conference.

29. Defendants and Plaintiffs then jointly moved also on June 7, 2018 to adjourn the August 15 final pretrial conference.

30. On June 19, 2018, Magistrate Judge Reyes granted this motion and adjourned the final pretrial conference to August 30, 2018.

31. In this same notice, the magistrate judge stated that all discovery should be completed prior to this August 30, 2018 conference.

32. Plaintiffs deposed Defendant Kazamias on August 21, 2018.

33. On August 23, 2018, Plaintiffs served a second set of discovery requests on the Defendants.

34. Plaintiffs did this in spite of their later claim that discovery ended on August 14, 2018 (Exhibit I at 3).

35. On August 29, 2018, pursuant to a rolling production of any and all newly-acquired relevant evidence, Defendants produced additional documents to Plaintiffs. Defendants also sent Plaintiffs an amended Rule 26 disclosure of witnesses.

36. Defendants responded to the supplemental discovery on September 24, 2018.

37. On September 12, 2018, I filed a Notice of Appearance on behalf of Defendants. Michael Chong sought to withdraw as counsel and Magistrate Judge Reyes granted the substitution, over Plaintiffs' objections, on September 13, 2018.

38. In the course of getting up to speed on the case I noticed certain gaps in Defendants' discovery requests and the documents Michael Chong had secured from Plaintiffs for review.

39. First, during Plaintiff Shaholli's claimed period of employment, he had posted pictures to his Facebook account of him travelling in Dubai, casting doubt on his deposition testimony regarding his duration of employment.

40. I found that information regarding his travel history during the relevant time period had not been sought by prior counsel.

41. I also determined that "E-ZPass" records, which would be probative of Plaintiffs' travel and therefore days and hours worked given their respective deposition testimonies had not been sought early on by prior counsel. I also found out that rather than issuing a third-party subpoena for the information, which would have compelled its expeditious production to Defendants and subsequently to Plaintiffs, Defendant's former counsel tasked the Defendant with obtaining this information from E-ZPass customer service agents who Defendant told me had repeatedly stated to him over the phone that his requests were processing or the statements should become available to him electronically within days.

42. Certain elements of discovery were therefore incomplete, but in good faith, after I was substituted in Defendants collaborated with Plaintiffs in submitting a Joint Pretrial Order on October 12, 2018.

43. On October 16, 2018, my firm filed Defendants' Pretrial Memorandum.

44. By letter motion, on October 31, 2018, I wrote to Magistrate Judge Reyes requesting that discovery be re-opened on a limited basis in order to close the gaps in discovery identified supra.

45. On November 1, 2018, the parties held a conference before Magistrate Judge Reyes, who re-opened limited discovery until December 5, 2018.

46. On November 7, 2018, Magistrate Judge Reyes entered a docket order precluding certain witnesses "from testifying at trial because they were not identified during discovery" and "[a]s a sanction for the late production of [certain] records, defendants will be precluded from using at trial plaintiffs' initial deposition transcripts." (Exhibit A at 8).

## Affirmations of Facts

47. Defendants have stated that they are unable to provide their counsel with any contact information for Rob Finnerty, one of the eight witnesses precluded in the November 7, 2018 Order, despite a diligent search.

48. Defendants seek limited reopened discovery to follow up linking the newly-received E-ZPass records to the Plaintiffs as well as any statements Plaintiffs make at their second depositions.

49. Statements received from E-ZPass customer service at Defendant's request show that the account most consistent with Plaintiffs' usage as they testified in depositions was in fact used for far fewer work days than the Plaintiffs have alleged they worked. (Exhibit M).

50. These statements show the tag ending in -64 crossing the Mario Cuomo Bridge 93 times and the Robert Kennedy Bridge 78 times during the period of Plaintiffs' employment alleged in the complaint.

51. While Plaintiffs' allege to have worked seven or six days a week, the credit card processor used by the restaurant shows many days where no transactions were made, particularly in the winter months when Defendants contend that the restaurant was in fact closed due to normal preplanned variance in days and times the restaurant was open during the colder season versus the summer. (Exhibit N).

52. Defendants' prior counsel, Michael Chong, did not mention Magistrate Judge Reyes's August 30, 2018 bench order regarding providing contact information for witnesses to Plaintiffs by September 7, 2018, nor did the purportedly complete set of correspondence he gave us include a copy of the e-mail where he sent this information to Plaintiffs' counsel on September 7, 2018. The file did contain Exhibit I, an out-of-context list of witnesses and contact information dated September 7, 2018 that was later revealed to be an attachment to an e-mail Mr. Chong surprisingly did not send to us when he turned over to us all the other e-mail correspondence with Plaintiffs.

Dated: November 21, 2018

Respectfully submitted,

/s/ Bryce Jones
T. Bryce Jones, Esq.
**Jones Law Firm, P.C.**
450 7th Avenue, Suite 1408
New York, NY 10123
(212) 258-0685
bryce@joneslawnyc.com
*Counsel for Defendants*