UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YANNIS BONIKOS and RIGEL SHAHOLLI, individually, and on behalf of all others similarly situated,

Civil Action No. 17-cv-06076

Plaintiffs,

-against-

50 FRONT STREET ENTERPRISES, INC. (d/b/a "Mykonos"), PETER KAZAMIAS, JOHN DOE CORP. #1 (d/b/a "50 Front"), JOHN DOE CORPS. #2-10, and JOHN DOES 1-10.

Defendants.

---

# PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE

---

Anthony R. Portesy (AP-3804)
Varacalli & Hamra, LLP
*Attorneys for Plaintiffs*
32 Broadway, Suite 1818
New York, New York 10018
Tel: (646) 590-0571
Fax: (646) 619-4012
E-mail: aportesy@vhllp.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

Witnesses and Deposition Testimony Should Be Precluded ........................................................ 3

The Eight Witnesses should in Fact be Precluded From Testifying Because Plaintiffs Attempts to Obtain Information Were Fruitless ............................................................................................... 3

The Courts Exclusion of the First Deposition Transcript is a Valid Sanction And Should be Upheld ............................................................................................................................................ 6

Discovery Should Not Be Reopened And Close on December 5th, 2018 Pursuant to the Court's Order ............................................................................................................................................. 7

The Court Should Grant Plaintiffs' Motion in Limine Pursuant to Local Procedural Rules .......... 8

The Court Should Reject This Motion To Set Aside in Its Entirety For Failing to Follow the Court's Individual Rules of Practice ............................................................................................. 9

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Link v. Wabash R.R. Co.,* 370 U.S. 626, (1962)............................................................................. 1

*Scott v. N.Y.C. Dep't of Corr.*, 445 F. App'x 389, 391 (2d Cir. 2011) ........................................ 1

*American Stock Exchange, LLC v. Mopex, Inc.,* 2002 U.S. Dist. LEXIS 23924, * 19-20 (S.D.N.Y. 2002)............................................................................................................................................. 5

*Castro v. City of New York*, 2009 U.S. Dist. LEXIS 69723, *15)............................................... 5

*Patterson v. Balsamico,* 440 F.3d 104, 117 (2d Cir.2006) ........................................................... 6

*Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine,* 951 F.2d 1357, 1365 (2d Cir.1991)......................................................................................................................................... 6

*Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 169 (2d Cir.2001)......................................... 6

*Design Strategy, Inc. v Davis*, 469 F3d 284, 294-95 (2d Cir 2006)............................................. 6

**Statutes**

EDNY Local Rule 6.1(a) .............................................................................................................. 1

Fed. R. Civ. P. 16(b) .................................................................................................................... 2

Fed. R. Civ. P. 37(c)(1)............................................................................................................. 5,6

Fed. R. Civ. P. 37 ......................................................................................................................... 6

Fed. R. Civ. P. 37(b)(2)................................................................................................................ 6

# I. PRELIMINARY STATEMENT

Plaintiffs Yannis Bonikos ("Bonikos") and Rigel Shaholli ("Shaholli" and collectively "Plaintiffs"), hereby respond to and formally oppose the Defendants' Motion to Set Aside Magistrate Judge Ramon E. Reyes Jr's Order Dated November 7th, 2018.

The Court's Decision and Order regarding late discovery represented a fair compromise in the interest of all parties in this litigation which balanced all the factors that the Defendants mention in their motion while simultaneously avoiding expanding the timeline of the litigation. The Court declined to grant all of the relief requested by Plaintiffs' counsel despite the fact that the Court could have granted Plaintiffs' motion by Default as Defendants' never filed a formal and timely opposition to Plaintiffs' Motion in Limine in accordance with EDNY Local Rule 6.1(a), which requires that all oppositions to motions be filed within seven (7) days[1]. Plaintiffs' did not object to the Court's decision regarding the discovery issues in its' Limine Motion in deference to the Court's adjudicatory authority despite having standing to do so in accordance with Rule 6.1(a). Furthermore, many of the arguments made in the Defendants' Motion To Set aside are being raised for the first time, improperly, since Defendants never filed a proper opposition to our Motion in Limine.

Moreover, the Defendants' Motion To Set Aside employs a rather unorthodox "a la carte" approach with respect to the Court's November 7th Order where they seek to avoid the penalties

---

[1] EDNY Local Rule 6.1(a): "On all motions and applications under Fed. R. Civ. P. 26 through 37 inclusive and 45(d)(3), (1) the notice of motion, supporting affidavits, and memoranda of law shall be served by the moving party on all other parties that have appeared in the action, (2) any opposing affidavits and answering memoranda of law shall be served within seven days after service of the moving papers, and (3) any reply affidavits and reply memoranda of law shall be served within two days after service of the answering papers. In computing periods of days, refer to Fed. R. Civ. P. 6 and Local Civil Rule 6.4." E.D.N.Y Civ. R. 6.1(a).

1

enforced upon them while simultaneously asking the Court grant them further relief with no justifiable basis. While Plaintiffs' counsel certainly understands the burden on an attorney entering a litigation this late in the game, the rules of the Court do not bend on the whims of a Defendant who has chosen ineffective prior counsel. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, (1962) (suggesting that a party who voluntarily chooses her attorney generally "cannot . . . avoid the consequences of the acts or omissions of this freely selected agent"); *see also Scott v. N.Y.C. Dep't of Corr.*, 445 F. App'x 389, 391 (2d Cir. 2011) ("[T]he magistrate judge did not abuse his discretion in concluding that the apparent negligence of Scott's former attorney was not sufficient to establish 'good cause' for amending the scheduling order under Fed. R. Civ. P. 16(b).").

For the reasons set forth herein, Plaintiffs respectfully submit that the Defendants' Motion is without merit and should be denied in its entirety. Plaintiffs further request that the Court grant legal fees and costs associated with this opposition and any related further motion practice.

## II.   STATEMENT OF FACTS

Plaintiffs hereby recite the facts submitted with its' original October 12, 2018 Motion in Limine for the purpose of streamlining the facts at issue without requiring the Court to constantly refer back to the text of Docket Nos. 36 and 37. Plaintiffs were employed as cooks in the Defendants' Greek theme restaurant known as the "Mykonos" restaurant in Newburgh, New York. Plaintiffs were paid a flat weekly salary for all hours worked and were not paid an overtime premium for any hours worked in excess of forty (40) hours per week. Plaintiffs commenced the present lawsuit before the Court on October 17, 2017 alleging a garden variety of violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  On January 17, 2018 Defendants produced their First Set of Rule 26(a) (1)(A)(i) disclosures identifying the Plaintiffs and Defendant Peter Kazamias as individuals likely to have discoverable information (See Docket Entry No. 37 Portesy Declaration and Docket Entry No. 37-1, Defendants' First Set

of Initial Disclosures). On February 16, 2018, Defendants produced a Second Set of FRCP Rule 26 disclosures, this time identifying only Defendant Kazamias as a party having discoverable information (See Docket Entry No. 37-2 Defendants' Rule 26 Amended Initial Disclosures). On August 20th, the day before Defendant Kazamias' deposition, Defendants produced documents bate stamped "D Docs 100-D Docs 123."[2] Thereafter, on August 29th, 2018 around 5:11 PM, after the August 14, 2018 Court Ordered deadline for the close of all discovery, Defendants produced to Plaintiffs' counsel a "witness list" via e-mail with eleven (11) witnesses, nine (9) of which were new witnesses that had not been identified previously (See Docket Entry No. 37-3 Defendants' Counsel's E-mail). Defendants also produced nearly three thousand pages of paper discovery which had never been produced to Plaintiffs prior to August 29, 2018, nearly two weeks after the close of discovery. These issues were explained before the Court at the August 30th hearing whereby the Court ordered that any documents that had not been produced prior to the deadline could be subject to a motion in limine as they were produced after the close of discovery. On September 7th, 2018, at 6:41 PM, nearly three full weeks after the close of discovery, Defendants produced a third set of Amended Rule 26 Initial disclosures, this time including fifteen (15) total witnesses, twelve (12) of which had not been identified previously. (See Docket Entry No. 37-4 Defendants' E-mail and Docket Entry No. 37-5, Defendants' Third Amended Rule 26 Initial Disclosures).

### III.   ARGUMENT

#### A. Witnesses and Deposition Testimony Should Be Precluded

#### 1. The Eight Witnesses should in Fact be Precluded From Testifying Because Plaintiffs Attempts to Obtain Information Were Fruitless

---

[2] Defendant Kazamias' deposition was held after the close of discovery because he could not attend any dates in July or early August due to traveling (See Docket Entry No 37-6, July 24th, emails from Keiry Rodriguez of MKC Law Group apprising that client was not available until late August).

3

Plaintiffs reiterate that the crux of their opposition to the additional witnesses is that the Defendants failed to provide them in either the first or the second Rule 26 disclosure or at any point throughout the litigation during discovery despite having ready access to this information until they were Ordered by Your Honor to provide this information on September 7, 2018. Defendants' continued reliance on the fact that the additional witnesses were other employees of the restaurant and/or patrons only further emphasizes Plaintiffs' counsel's contention that the information for these witnesses should have been provided much earlier on in discovery. It is a highly dubious contention that these witnesses would not be known by the Defendants prior to September 7, 2018. This fits part and parcel to the stalling tactics that were the entire focus of the Plaintiffs' Motion in Limine.  As indicated in our prior filed Motion in Limine, the preclusion of the witnesses information does in fact amount to a "trial by ambush" particularly when the Defendants maintain in their papers that the information regarding these witnesses was readily available to the Defendants throughout the litigation given Defendants cavalier description of these witnesses as mere employees and customers (See, Defendants Memorandum of Law ("MOL") at 11 "…employees of the restaurant, including waitstaff, bartenders, dishwashers, and chefs, would be called to check the veracity of their allegations." . Defendants fail to note that Plaintiffs' counsel did in fact file the Defendants' Third Rule 26 Disclosure (See Docket Entry No. 37-5, Defendants' Amended Rule 26 Initial Disclosures). with the Portesy Declaration which was submitted in connection with the Court's order regarding the additional witnesses. Additionally, Jaclene Troisi, Esq., an associate in our firm made numerous attempts to contact these witnesses and was only able to contact five (5) of these witnesses. It was only after an ongoing failure to reach the vast majority of the witnesses that Plaintiffs' counsel decided to continue to request exclusion of these witnesses as the prejudicial value of the Plaintiffs having their day in court was outweighed by the ongoing necessity to try to make contact with these parties to obtain what relevant information they may have concerning the

4

litigation.

The importance of timely FRCP Rule 26 witness disclosures cannot be overemphasized. Witnesses move, change addresses, lose their memory of facts as time goes on, become hostile, among a myriad of other issues that arise with witness cooperation over the course of a litigation. Therefore, it is of the utmost importance to obtain material facts and/or statements that these witnesses may have as soon as the parties have this information so that counsel can properly obtain information and if necessary, sworn affidavits and/or declarations regarding their purported testimony in anticipation of a potentially hostile witness. Plaintiffs' counsel in fact obtained a declaration from one of the witnesses it had in fact named in its own disclosures in anticipation of the very scenarios outlined above. (See Troisi Declaration Exh. A, Declaration of George Kokkinos). The Defendants' choice to wait until the 11th hour to provide this witnesses information is well-documented in the record and is clearly a deliberate stall and delay tactic evidenced by their continual amendments to their FRCP disclosures spaced months apart and their decision to sit on this information until the last day that Your Honor indicated that they must provide the information to counsel (See Troisi Declaration, Exh B, 8/31/18 Email from MKC). The Defendants should not be rewarded in their gaming of the Federal Rules of Civil Procedure and the Court should exclude the witnesses named in its Order dated November 7th.

As outlined in Plaintiffs' Motion in Limine filed on October 12, 2018 (Docket Nos. 36 through 37-6), Defendants bear the burden to prove that there is no prejudice to Plaintiff. However, Defendants bizarrely cite to irrelevant case law regarding "surprise" (See, Defendants MOL at 11 "Plaintiffs will not be unfairly surprised by this result"). Plaintiffs will spare the Court a recital of the standard cited in its 10/12/18 Motion in Limine, but reiterate that a party that fails to disclose information or fails to amend a previous response is not permitted to use such information as evidence unless there is substantial justification provided for the failure and such failure is

5

harmless. *Fed. R. Civ. P. 37(c)(1)*. Rule 37(c)(1)'s preclusionary sanction is automatic, absent a determination of either substantial justification, or "harmlessness". *American Stock Exchange, LLC v. Mopex, Inc.,* 2002 U.S. Dist. LEXIS 23924, * 19-20 (S.D.N.Y. 2002). Additionally, "The burden to prove . . . harmlessness rests with the party who has failed to disclose information pursuant to Rule 26." *Castro v. City of New York*, 2009 U.S. Dist. LEXIS 69723, *15). As the Defendants have cited an erroneous standard their arguments lack merit and counsel for Plaintiffs reiterate that the Court stand by the relief it granted in its November 7th Order.

2. **The Courts Exclusion of the First Deposition Transcript is a Valid Sanction And Should be Upheld**

The caselaw in the Second Circuit is well settled that the Court is free to impose the sanction it deems appropriate in discovery disputes under Rule 37 of the Federal Rules of Civil Procedure. A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37, and its ruling will be reversed only if it constitutes an abuse of discretion. *See Patterson v. Balsamico,* 440 F.3d 104, 117 (2d Cir.2006) ("This Court reviews the district court's exclusion of testimony under Rule 37(c)(1) for abuse of discretion."); *Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine,* 951 F.2d 1357, 1365 (2d Cir.1991) (discussing discretion under Rule 37(b)(2)). "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *295 Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 169 (2d Cir.2001) (footnote omitted). See, *Design Strategy, Inc. v Davis*, 469 F3d 284, 294-95 (2d Cir 2006). There is absolutely nothing in the record that indicates that the Court either (1) relied on an error of law or (2) the decision was clearly erroneous. In fact, the transcript of the November 1st hearing indicates that the Court gave the parties

nearly an hour to litigate their contentions in open court and cancelled a telephone conference to accommodate the parties (See Troisi Declaration Exh C, Transcript of Status Conference Hearing). Moreover, the Court's decision on excluding the deposition testimony was a reflection of the Court's decision to compromise regarding the weight of the interest regarding the Defendants' late production of EZ Pass records after the close of the discovery and the interest of Plaintiffs' counsel's inability to consult with their clients regarding these records as they were produced months after both of the plaintiffs' depositions. The Court was overly generous in this respect, as our motion in limine was not opposed and the production of the E-Z Pass records were undeniably produced well after the close of discovery.

Therefore, the Court should uphold the relief it granted in its November 7th Order as the Court has not abused its broad deferential discretion standard in awarding relief afforded to the Court in the Second Circuit.

**B. Discovery Should Not Be Reopened And Close on December 5th, 2018 Pursuant to the Court's Order**

Plaintiffs' counsel vehemently oppose the characterization set forth in Defendants' Motion to Set Aside regarding the Plaintiffs' testimony on several fronts, but will spare the Court an argument based purely on speculation and conjecture. Further, we oppose the extension of discovery which will only serve the Defendants means of "punting the football" of this litigation further out into the future. Additionally, Mr. Jones continues to refer to the E-Z Pass records as a means to show that Plaintiffs did not work the days or hours they are alleging. He has recited that argument to the Court *ad nauseum*, with vigor and confidence. This argument is extremely misleading as Mr. Jones cannot verify whether our client actually used any of the tags recorded in the EZ-Pass records produced. Mr. Jones could not even identify, which tag he is attempting to associate with Plaintiffs' trips in question. As evidenced by Mr. Jones' e-mail correspondence with our firm, it is painstakingly apparent that he does not know

7

if Plaintiffs used any of the tags associated with the EZ-Pass records produced. (See Troisi Declaration Exh D, 11/12/18 Emails between Mr. Hamra and Mr. Jones). We believe the E-Z Pass records produced in this litigation which Mr. Jones refers to are more than likely Defendants' personal EZ-Pass records.

After the Court issued the decisions regarding the close of discovery, Mr. Jones did not advise our firm, nor did he make any reference of his desire to move the Court to reconsider its decision on our motion in limine, which Defendants never opposed. Mr. Jones never raised an objection with the Court's ruling with us and did not inform us that he will be asking that the Court allow Defendants to use the old deposition transcripts for impeachment purposes. Rather, Mr. Jones noticed the re-deposition of both Plaintiffs to take place on November 26th, 2018 and our offices confirmed the deposition. In an attempt to avoid my obvious opposition of this motion before the court and take the re-deposition of our clients, Mr. Jones, as is his *modus operandi*, on November 21st, 2018, the day before Thanksgiving, at 11pm, he filed a motion to set aside the Court's Order. Unfortunately, our offices were closed for the extended holiday weekend and missed the ECF bounce. Mr. Portesy attended the November 26, 2018, deposition of both Plaintiffs whereby Mr. Jones was given the opportunity to re-depose both Plaintiffs and ask the Plaintiffs all of the information with which they sought to procure regarding the facts recited in their Motion. Mr. Jones is now asking the Court to reconsider its decision of excluding the deposition testimony and allow him to use the initial deposition testimony for impeachment purposes at trial. Effectively, Defendants seek to turn a sanction into a windfall, where Mr. Jones has had the opportunity to depose the Plaintiffs and now seeks to use the stricken depositions and the November 26th depositions to undermine the credibility of the Plaintiffs, the very issue that Plaintiffs brought to the Court's attention during the November 1st hearing (See Troisi Declaraction Exh C, Transcript of Hearing at 23 ¶15-20.) This type of gamesmanship with discovery in federal court should be admonished. The Defendants had their "bite of the apple" in re-deposing the Plaintiffs on November 26th, 2018 and should be satisfied with the information they have

obtained. Therefore, the Court should uphold the ruling set forth in its November 7th Order and not allow the Defendants to use the stricken deposition transcripts for any purpose, impeachment or otherwise.

## C. The Court Should Grant Plaintiffs' Motion in Limine Pursuant to Local Procedural Rules

If the Court grants any relief, it should completely deny the Defendants' Motion to Set Aside as moot because the Defendants failed to file a proper opposition to the Plaintiffs original motion in limine because their opposition papers were due on October 19th, 2018, seven days after Plaintiffs filed their motion on October 12th, 2018. Defendants failure to abide by the Local Rules regarding oppositions to motions cannot be excused by Defendants neglect to review the timetable imposed by the Court on all lawyers who practice in the Eastern and Southern Districts of New York. Moreover, the Defendants did not once ask my office of an extension of time to respond to my motion. We reiterate that the Court should uphold its rulings in the November 7th Order, as Plaintiffs believe this motion pending before the Court is nothing more than a "slight of hand card trick" tactic to effectively oppose Plaintiffs' original motion despite lacking the foundation and standing to do so while simultaneously skirting their procedural obligations under the Local Rules of the court in this District.

## D. The Court Should Reject This Motion To Set Aside in Its Entirety For Failing to Follow the Court's Individual Rules of Practice

If the Court should reject all the arguments set forth in this Opposition motion, the Court should immediately reject Defendants' Motion to Set Aside due to Defendants' counsel's failure to follow the Court's individual rules in making this motion. In your Honor's *Motion and Individual Practice Rules, Section **III** subpart B.,* it states "that for motions other than discovery motions in all cases where the parties are represented by counsel, a pre-motion conference with the Court is required before making any motion. It further states that to arrange a pre-motion conference, the moving party shall submit a letter not to exceed 5 pages in length setting forth the factual and legal bases of the anticipated motion." Here, Mr.

9

Jones, completely ignored your Honor's rules and is attempting to bypass your Honor's Pre-motion conference requirement. Should Mr. Jones suddenly claim that this is a discovery motion, then it should be denied outright, as he did not meet and confer in good faith with my office regarding these issues. Nonetheless, we submit this opposition without waiving our objection to Mr. Jones's attempted bypass of the pre-motion conference procedure. Accordingly, we request that the Court outright dismiss Defendants' motion for its nonconformity with your Honor's individual practice rules should the court reject all of the other legal and procedural arguments set forth herein.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny the Defendants' Motion to Set Aside in its entirety as well as grant Plaintiffs' counsel the legal fees and costs associated with this Opposition along with such other and further relief as the Court deems just and proper.

DATED:     NEW YORK, NEW YORK
           November 27, 2018

_____
Anthony R. Portesy (AP-3804)
Varacalli & Hamra, LLP
*Attorneys for Plaintiffs*
32 Broadway, Suite 1818
New York, New York 10018
Tel: (646) 590-0571
Fax: (646) 619-4012
E-mail: aportesy@vhllp.com