UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YANNIS BONIKOS and RIGEL SHAHOLLI, *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>50 FRONT STREET ENTERPRISES, INC. (d/b/a "Mykonos"), PETER KAZAMIAS, JOHN DOE CORP. #1 (d/b/a "50 Front"), JOHN DOE CORPS. #2-10, and JOHN DOES 1-10,<br><br>Defendants. | Case No. 1:17-cv-06076-ARR-RER |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE IN PART**

1

This matter, where hundreds of thousands of dollars are on the line, is for the most part easily resolvable with an almost trivial amount of discovery work that Plaintiffs are going to any lengths to avoid happening. Either Plaintiffs worked the days and hours they claim or they did not. Objective, knowable, and almost indisputable evidence exists that should prove this one way or the other. Perhaps it should have been uncovered sooner, but the fact is that the answer to the number of days and hours worked by Plaintiffs is readily ascertainable and efforts to discover it would not prejudice any party. We are not on the eve of trial. A defendant should not have to suffer a grave injustice from deceitful gamesmanship because facts that are easily discoverable from both DMV and E-ZPass databases in a short period of time cannot be discovered.

Simply put, the Plaintiffs have made it difficult to uncover the E-ZPass records for their vehicle, and these records are perhaps the only reliable evidence that can help either party establish when Plaintiffs went to and from work and on what days. Plaintiff Bonikos drove with several different plate numbers on the same E-ZPass tag Defendant Kazamias provided to him. Plaintiff Bonikos apparently registered the vehicle under the names of several other individuals in order to get insurance in their names and evade the insurance underwriting process. Plaintiff Bonikos was asked for the plate number of the vehicle in interrogatories and failed to provide it even though he could have easily obtained the plate numbers from the New York State Department of Motor Vehicles. Instead, Defendants were forced to try to obtain the plate numbers of the vehicle from a third party, which they only recently managed to do.

Defendants can now use this plate number to acquire the other vehicle plate numbers from the same Vehicle Identification Number (VIN) in order to submit all these plate numbers to E-ZPass to check against their databases. In addition, if the scope of reopened discovery were expanded Defendants would subpoena odometer information for the vehicle from the DMV.

2

Since Plaintiff Bonikos bought the car while working and sold it shortly after stopping, and since he claimed to work 7 days a week, sometimes 6, should the change in mileage from purchase to sale be much lower than expected it would substantially disprove his claims.

In short, Plaintiff Bonikos's refusal to provide information that was easily available to him forced the Defendants to undertake a far more time-consuming, circuitous process of obtaining the same evidence. But Defendants should be permitted to discover and admit this evidence at trial because it is perhaps the only records available that can either prove or disprove key factual elements of this case—namely, when the Plaintiffs worked—and because it was the Plaintiff Bonikos's own failure to comply with discovery requests that caused the delay.

These records can help prove or disprove the Plaintiffs' claimed work hours because they have testified that they consistently used the Robert F. Kennedy "Triborough" and Mario Cuomo "Tappan Zee" toll bridges to get back and forth to work. When all the plate numbers are matched against the E-ZPass database for the relevant time period, the results, along with the testimony and other evidence already obtained, should clearly and convincingly show the days and times Plaintiffs traveled back and forth to work. These records of E-ZPass transponder signals are as reliable as electronic clock-in and clock-out systems for telling approximately when employees went to and from work.  This evidence is particularly crucial in this case, where Plaintiffs have already shown a penchant for untruthfulness, it is imperative that the truth be uncovered. For example, at the last hearing, Plaintiffs' counsel said that he asked his client if he was in Dubai and his client said to him that he was not. (See Exhibit J of the Affirmation of T. Bryce Jones in Support of Motion to Set Aside 30:13). Pursuant to a bench order of this Court, Plaintiffs' counsel then produced passport records showing that Plaintiff Shaholli was, in fact, in Dubai for 10 days during the time he alleged to have worked non-stop in the Complaint. This burden-

3

shifting to the Defendants to disprove Plaintiffs' vague recollections and categorical claims of dawn-to-dusk workdays was clearly not intended by courts issuing such precedent as *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) and by the legislators who passed the applicable New York statute, which may operate in some limited circumstances to require the employer to disprove employees' recollections of days and hours worked when records are not kept. When alternative, reliable evidence of work hours is available, Defendants should be afforded every opportunity to uncover it if they are to be held to account for it.

Plaintiffs contend that Defendants defaulted in responding to their written *Motion in Limine*. However, the written *Motion in Limine* failed to conform to the appropriate local rules and was not filed either with the consent of the court after a pre-motion conference was requested in a letter or after a meet and confer with counsel to attempt to resolve the issues in good faith. Thus, Defendants not be considered to have defaulted as the procedural clock had not started ticking on an opposition.

In that *Motion in Limine*, Plaintiffs' counsel conveniently failed to mention the fact that this Court previously ruled against them on excluding the issues or couch the motion as a motion to reconsider. A bench order specifically ruled against Plaintiffs by allowing these witnesses to testify subject to timely provision of last known contact information.

Moreover, Plaintiffs' claims that this motion failed to follow the Court's individual rules of practice conflate two differing sets of individual rules. Plaintiffs' cite the *Motion and Individual Practice Rules of Magistrate Judge Ramon E. Reyes, Jr.* in an attempt to show that they were not adequately followed. However, the Motion to Set Aside in Part an Order of the Magistrate Judge was directed at District Judge Ross. Under the *Individual Practices and Rules of Judge Allyne R. Ross*, there are no pre-motion procedures to follow on a Federal Rules of Civil

4

Procedure Rule 72 Objection to an Order of the Magistrate and so the motion was filed in accordance with Local Civil Rule 6.1. Plaintiffs, who were in violation of this Court's rules on pre-motion conferences, should not be given a free pass allowing them to allege a default by Defendants on their *Motion in Limine*. Defendants, who abided by differing Individual Rules of Judge Ross on this motion, should similarly not be punished for doing so.

Now that the veil has been stripped from Plaintiffs' attempts to exclude Defendants witnesses without notifying the Court that such a ruling would constitute a reversal of an earlier bench ruling, which had permitted Defendants subsequent witness additions so long as their last known contact information was provided by September 7, 2018. And Plaintiffs' claim of being unable to get answers to their calls or information out of Defendants' witnesses as a reason to exclude these witnesses is disingenuous and irrelevant; the fact is that Plaintiffs never lawfully noticed a deposition or served one third-party subpoena on them, nor sought to coordinate a deposition through defense counsel.

Defendants are not attempting to stall but to rather to obtain the truth quickly. And Plaintiffs' attempts to oppose this process under the guise of procedure needlessly delay the parties from reaching the ultimate goal of settlement or a determination on the merits. Defendants are ready to move swiftly to issue depositions and secure additional evidence should the scope of reopened discovery be expanded to allow it. We respectfully request that Magistrate Judge Reyes, Jr. clarify and, to the extent necessary, reconsider the prior order in light of what we have already uncovered about what was, at best, one Plaintiffs' propensity to lie to his attorneys about a trip to Dubai and Plaintiffs' counsel's failure to correct this prior misstatement to the Court.

Dated: November 29, 2018

                                                Respectfully submitted,

                                                <u>/s/ Bryce Jones</u>
                                                T. Bryce Jones, Esq.
                                                **Jones Law Firm, P.C.**
                                                450 7th Avenue, Suite 1408
                                                New York, NY 10123
                                                (212) 258-0685
                                                bryce@joneslawnyc.com
                                                *Counsel for Defendants*