UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
RIGEL SHAHOLLI AND YANNIS
BONIKOS,

                Plaintiffs,

        -against-

50 FRONT STREET ENTERPRISES, INC.,
D/B/A MYKONOS; PETER KAZAMIAS,
INDIVIDUALLY AND AS SHAREHOLDER
OF DEFENDANTS; ET AL.,

                Defendants.
--------------------------------------------------------X

**SUMMARY ORDER**

17-cv-06076 (ARR) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

Rigel Shaholli and Yannis Bonikos (collectively, "Plaintiffs") filed this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, against 50 Front St. Enterprises, Inc., Peter Kazamias, and others (collectively, "Defendants") on October 17, 2017 (Dkt. No. 1 at 18). Before the Court is Defendants' motion to set aside in part the Court's Order dated November 7, 2018, which imposed certain discovery sanctions. (Dkt. No. 43). Although originally directed to the assigned district judge, the motion was referred to me so that I might "reconsider [my] Order in light of the defendants' new arguments" and "explain more fully the reasoning underlying [my] initial and ultimate conclusions." (Order dated 11/26/2018). For the reasons set forth herein, I modify the November 7 Order slightly.

## I.     Procedural Background

The Order at issue disposed of Plaintiffs' first motion in limine to preclude Defendants from using evidence and witnesses allegedly provided after the close of discovery and Defendants' motion to reopen discovery. (Dkt. Nos. 35, 39, 41). The Court granted in part and denied in part both motions. (Order dated 11/07/2018). Subsequently, Defendant moved to set aside the Court's preclusion of eight of Defendants' witnesses, to set aside in part the preclusion of Plaintiffs' deposition testimony, and to set aside certain limitations on the scope and duration of the reopened discovery. (Dkt. No. 43 at 1). In light of new arguments raised by Defendants, the Court has renewed its consideration of these issues.

## II.   Exclusion of Certain Witnesses

### A.  Standard of Review

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37.  While a district court is not bound to impose preclusion as a sanction, it has the discretion to do so where a party has failed to comply with Rule 26(e).  *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006).  The burden of proving harmlessness or substantial justification rests with the party opposing sanctions.  *Castro v. City of New York*, No. 06-CV-2253 (KAM) (RER), 2009 WL 2461144, at *6 (E.D.N.Y. Aug. 10, 2009).

The trial court's discretion to exclude is not absolute.  The Second Circuit has identified certain factors for deciding whether testimony ought to be precluded under Rule 37 as a sanction for late disclosure: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *Softel, Inc. v. Dragon Med. And Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (citing *Outley v. City of New York*, 837 F.2d 587, 590–91 (2d Cir.1988)).[1]

### B.  Analysis

Here, Plaintiffs sought to preclude Defendants from introducing certain witnesses at trial, alleging that the existence of these witnesses was not disclosed prior to the close of discovery.  (Dkt. No. 36 at 6-7).  Initially, the Court's inclination was to exclude all witnesses not disclosed prior to August 29, 2018.  (*See* Dkt. No. 43-10 at 11).  However, upon further consideration, the Court held that the disputed witnesses would be allowed to testify on the condition that Defendants give Plaintiffs the late-disclosed witnesses' last known addresses and telephone numbers, and that Defendants afford Plaintiffs an opportunity to depose the witnesses at Defendants' expense.  (*Id.* at 22).  The Court ordered that Defendants produce the late-named witnesses' last known contact information by September 7, 2018.  (*Id.* at 26).

Accordingly, Defendants submitted Amended Rule 26 Initial Disclosures to Plaintiffs on September 7.  (Dkt. No. 43-11).  These disclosures included contact information for four of the five witnesses who had been named for the first time on August 29: Steven Rogers, Dean Clavio, Chintia Lemus Nova, and Kim Hentschel.  (Dkt. Nos. 43-9, 43-11).  Because the disclosures complied with the Court's instructions with respect to the foregoing witnesses, their testimony shall not be excluded.  However, the Amended Disclosures failed to provide contact information for Rob Finnerty, another witness first named on August 29.[2]  Additionally, the September 7 Amended Disclosures introduced four previously unnamed witnesses: Elizabeth Serrano,

---

[1] Hereinafter "the *Softel* factors."

[2] Defendants incorrectly indicate that Mr. Finnerty was first named after August 29.  (Dkt. No. 41 at 1).

In fact, Mr. Finnerty was named on August 29.  (Dkt. No. 43-9).

Kimberly Ortega, Vicky Salamoras, and Konstantina Christodoulou. The Court had given Defendants until September 7 to provide contact and other identifying information for the witnesses belatedly named on August 29. (Dkt. No. 43-10 at 26). Because these four witnesses had not been named previously, their inclusion in the September 7 disclosure fell outside the scope of the Court's Order. Thus, Defendants are incorrect in asserting that all eight witnesses disclosed on September 7 were disclosed "in accordance with Magistrate Judge Reyes's own orders." (Dkt. No. 43-1 at 11). Whether these witnesses should be allowed to testify therefore depends on the application of the *Softel* factors.

Here, Defendants assert that every witness was in fact named in compliance with the Court's Order. (Dkt. No. 43-1 at 8). This is incorrect, as Defendants failed to provide contact information for one witness and attempted to bootstrap four new witnesses into their September 7 disclosure, taking advantage of the latitude afforded by the Court. Defendants admit that the Court's instruction to produce contact information was limited to the witnesses already named. (*See id.* at 10 ("Magistrate Judge Reyes had . . . extended discovery with regards to *specific evidence*, namely, *these witnesses*.") (emphasis supplied)). Because they maintain their compliance, Defendants offer no explanation for their failure to comply with the Court's Order. To the extent that Defendants' discussion of the substitution of counsel may be read as an explanation, this is unavailing. The Second Circuit has explicitly rejected this justification. *See Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

Nor do Defendants present the importance of the precluded witnesses' testimony in their motion papers. The Court is left to evaluate the second *Softel* factor

based on Defendants' September 7 disclosure to Plaintiffs, which sets forth the discoverable information possessed by each prospective witness. (Dkt. No. 43-11). Almost every witness, including Elizabeth Serrano and Kimberly Ortega, is described as having "information relating to the employment of the Plaintiffs including, but not limited to, the Plaintiffs' length of the employment, number of hours and days worked per week, and job duties." (*Id.*). Among the disputed witnesses, there are only two exceptions: Vicky Salamoras and Konstantina Christodoulou, both customers of the restaurant, are purported to possess "information to the employment of Plaintiff Bonikos, including, but not limited to, Plaintiff Bonikos' title as Executive Chef." (*Id.*). With respect to Ms. Serrano and Ms. Ortega, Defendants' boilerplate statement is inadequate to persuade the Court of these witnesses' importance, especially given that Defendants will be permitted to call as witnesses others in possession of similar information. Similarly, the Court is unable to see why customers should have unique information relating to Plaintiff Bonikos's job title. Defendants have not established the importance of these witnesses' testimony.

The third *Softel* factor concerns prejudice suffered by the opposing party. Defendants suggest that Plaintiffs will not suffer prejudice if these witnesses are permitted to testify. They contend that Plaintiffs should have known these witnesses would be called, and that potential harm to Plaintiffs would be curable "with a continuance and/or supplemental discovery." (Dkt. No. 43-1 at 12). This is insufficient to carry Defendants' burden of proving harmlessness.

Plaintiffs are correct that as time elapses the value of information possessed by witnesses erodes. (*See* Dkt. No. 45 at 5). The

Court rejects the proposition that Plaintiffs' constructive knowledge obviates any prejudice that might result from the passage of time. For one thing, two of the witnesses first named on September 7 are customers, rather than coworkers. Customers are a much more open-ended class of people than employees, and Plaintiffs cannot reasonably be expected to identify those customers whom Defendants will call to testify. With respect to these witnesses, Defendants' contention that "it is not unreasonable to expect Plaintiffs to know that [their former colleagues] will be called to testify" is inapposite. (Dkt. No. 43-1 at 11). Further, that Defendants, by their own admission, have been unable to ascertain contact information for Rob Finnerty despite a "diligent search," (*see id.*) belies their assertion that Plaintiffs can easily conduct supplemental discovery through written correspondence.

To the extent that Plaintiffs would not be prejudiced were their coworkers permitted to testify, the same logic underscores Defendants' culpability. It stands to reason that Defendants would be better acquainted with the names and contact information of their employees than would Plaintiffs, notwithstanding Defendants' blanket assertion that co-workers at small restaurants are "generally known to each other." (*Id.*). Defendants' omission to name these witnesses earlier, then, smacks of bad faith at worst and of negligence at best. Sanctions may be appropriate where a party "has breached a discovery obligation not only through bad faith or gross negligence, but also through ordinary negligence." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 113 (2d Cir. 2002).

Though a continuance is possible, the Second Circuit has held that a party "cannot rely on this possibility when there is no indication in the record that he requested a continuance at the time." *Patterson*, 440 F.3d at 118. Moreover, courts in this district have held that the close of discovery weighs against the possibility of a continuance. *See Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-755 (ILG) (RLM), 284 F.R.D. 50, 71 (E.D.N.Y. 2012). Discovery in this case is closed but for certain narrowly circumscribed inquiries.

To the extent that the Court's November 7 Order excluded Steven Rogers, Dean Clavio, Chintia Lemus Nova, and Kim Hentschel from testifying, that Order is hereby set aside as inconsistent with the Court's prior Order. However, Defendants have not shown that the *Softel* factors militate against preclusion of the other disputed witnesses. Thus, the Court leaves in place the exclusion of Rob Finnerty, Elizabeth Serrano, Kimberly Ortega, Vicky Salamoras, and Konstantina Christodoulou.

### III. Preclusion of Plaintiffs' Deposition Testimony

Plaintiffs further sought to preclude Defendants from using the documents Bates numbered D Docs 124-D Docs 3337. (Dkt. Nos. 35-36). These documents comprise, inter alia, records associated with an E-ZPass tag used by Plaintiffs in commuting to and from Defendants' restaurant and records associated with Plaintiffs' bank accounts. It is undisputed that these documents were not disclosed during the discovery period, even though Defendants' counsel had procured them over a month before discovery ended. The Court denied Plaintiffs' motion *in limine* as it pertained to these documents, out of appreciation for their probative value and the importance of trying cases on the merits. However, the Court recognized that this decision might prejudice Plaintiffs, who were deprived of the opportunity to use the documents to refresh their respective

recollections prior to being deposed. Exercising its discretion under Federal Rule of Civil Procedure 37(c)(1)(C), the Court fashioned a sanction that would minimize prejudice to the Plaintiffs without impeding Defendants' ability to introduce relevant evidence: Plaintiffs' original depositions would be excluded at trial, but Defendants would be authorized to conduct new depositions of Plaintiffs. (Order dated 11/07/2018). This sanction was entirely reasonable. *See Brown v. City of New York*, No. 15-CV-4488 (KAM) (RER), 2018 WL 3193208, at *3 (E.D.N.Y. June 28, 2018) (Order denying motion to vacate similar discovery sanction for failure to produce documents timely).

Contrary to Defendants' assertion, this consequence is indeed causally related to their "crime" of untimely document production, and it is narrowly tailored to forestall difficulties the Plaintiffs would otherwise suffer. (*See* Dkt. No. 43-1 at 12). Defendants characterize the prejudice to Plaintiffs here as mere "delay," arguing that no prejudice attends a lack of "advance notice that evidence would show [Plaintiffs'] testimony to be false." (Dkt. No. 43-1 at 13). This characterization is wrong. Defendants withheld from Plaintiffs a tool that might have made Plaintiffs' deposition testimony more accurate and precise by refreshing the deponents' recollections. At trial, Plaintiffs will have the benefit of this tool, which may result in departures from their deposition testimony. Were Defendants permitted to introduce the original deposition transcripts at trial for impeachment purposes, the transcripts could seriously undermine Plaintiffs' credibility, even if discrepancies were attributable to reasonable lapses in memory rather than deliberate dissembling. Timely production of the documents would have prevented this result.

Defendants propose that a more reasonable sanction would preclude Defendants from introducing portions of the initial deposition transcripts as evidence, but not from introducing them for impeachment purposes. (*Id.* at 12). To alter the Order in this way would be to defeat its purpose and eviscerate any protection for Plaintiffs. Of course Defendants do not wish to introduce Plaintiffs' deposition testimony for its truth, (*see id.* at 13); their objective is to establish its inconsistency with Plaintiffs' trial testimony, thereby impeaching Plaintiffs' credibility. If anything, Defendants would benefit from the fact-finder's conclusion that Plaintiffs' deposition testimony was false. To allow Defendants to introduce that testimony at trial solely for impeachment purposes, then, would contravene the purpose of the sanction.

Defendants' insistence that "Plaintiffs' credibility is of particular importance" does not compel a different conclusion. (*Id.* at 13). The case law to which Defendants cite illustrates the uncontroversial proposition that evidence of a witness's credibility is admissible. *Vichare v. AMBAC Inc.*, 106 F.3d 457, 468 (2d Cir. 1996) (finding no abuse of discretion where the trial court allowed defendants to elicit testimony from plaintiff regarding his receipt of kickbacks related to the circumstances giving rise to his claim); *Altman v. New Rochelle Pub. Sch. Dist.*, No. 13-CV-3253 (NSR) (LMS), 2017 WL 66326, at *14 (S.D.N.Y. Jan. 6, 2017) (declining to preemptively exclude evidence that the plaintiff had lied on her employment application). But Rule 37 allows the Court to exclude otherwise admissible evidence as a sanction. Fed. R. Civ. P. 37(c)(1)(C); 37(b)(2)(A)(ii). *Vichare* and *Altman* are also distinct from this case in that they dealt with evidence of the plaintiffs' outright fraud. Here, in contrast, the excluded deposition

testimony is expected to evince inconsistencies that may be innocent on the part of Plaintiffs and attributable to Defendants' late disclosure. As such, its probative value is diminished, and its exclusion is an appropriate sanction for Defendants' misfeasance.

Thus, the first depositions of Plaintiffs are hereby excluded.

## IV.   Restrictions on Reopened Discovery

Federal Rule of Civil Procedure 16 provides that a scheduling order, once entered, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court enjoys broad discretion in determining whether good cause to reopen discovery exists. *Young v. Southwest Airlines Co.*, No. 14-CV-1940 (LDH) (RLM), 2016 WL 3257008, at *2 (E.D.N.Y. May 4, 2016) (citing *Genova v. City of Glen Cove*, No. 13-CV-4088, 2015 WL 6143718, at *3 (E.D.N.Y. Oct. 19, 2015)). Courts in this district have looked to six factors to determine the existence of good cause: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Jacobs v. New York City Dep't of Educ.*, No. 11-CV-5058 (MKB) (RML), 2015 WL 7568642, at *4 (E.D.N.Y. Nov. 24, 2015) (collecting cases).

Here, trial is not imminent. It is plausible that discovery will lead to relevant evidence (though the scope of discovery Defendants seek is imprecisely defined in Defendants' papers). Yet Defendants themselves emphasize the abundance of evidence "consistent" with what they seek to prove in reopened discovery, which suggests that reopening discovery might prove redundant. (Dkt. No. 43-1 at17).

Other considerations weigh heavily against reopening discovery. Most significantly, Defendants have had ample time to pursue discovery in this case, and had they been diligent in doing so, no further discovery would be necessary. "A party seeking to reopen discovery bears the burden of establishing good cause, and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Pharm., Inc. v. Am. Pharm. Partners, Inc.*, No. 05-CV-776 (DRH) (AKT), 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008).

This Court has continually loosened the strictures of discovery deadlines for the benefit of Defendants. Discovery was originally scheduled to close on June 14, 2018, nearly six months after Defendants had filed their Answer. (Dkt. Nos. 18, 13). The Court extended that deadline twice, first to August 14, 2018, and then to August 30, 2018. (Orders dated June 7, 2018; June 19, 2018). In the latter Order, the Court noted that no further extensions would be permitted. As detailed above, however, the Court permitted Defendants to supplement its Rule 26 disclosures up until September 7. The Court then permitted Defendants to introduce documents produced after the close of discovery and to perform limited

additional discovery. (Order dated 11/07/2018).

At least with respect to the E-ZPass records, (*see* Dkt. No. 43-14), Defendants were aware from the outset of the case of the existence of the information they seek. Their client was the owner of the E-ZPass at issue, and they had access to related E-ZPass records before discovery closed, but Defendants first sought additional identifying information from E-ZPass on November 21, 2018, more than five months after discovery was originally set to close. (Dkt. No. 43-14).

Defendants explain this omission by pointing the finger at prior counsel. In general, a party's replacing deficient counsel with new counsel "weighs slightly in favor of reopening discovery." *Jacobs*, 205 WL 7568642, at *5. In this case, however, substitute counsel was also dilatory in moving to reopen discovery, doing so for the first time on October 31, 2018, nearly two months after having entered his notice of appearance, close to three weeks after Plaintiffs had moved *in limine* to exclude late-produced evidence, and two full weeks after Defendants had filed their Pretrial Memorandum. (Dkt. Nos. 22, 35, 38).

In the absence of a compelling showing of good cause, the Court concludes that fairness and efficiency require the closure of discovery.

As noted on the record at the conference held on November 1, 2018, discovery was reopened for the sole purposes of allowing Defendants to conduct renewed depositions of Plaintiffs and enabling Defendants to access a copy of Plaintiff Shaholli's passport.[3] This limited discovery period shall close on January 11, 2019.

## V.    Conclusion

For the foregoing reasons, Defendants' motion to set aside the Court's Order dated November 7, 2018, is GRANTED in part and DENIED in part. Defendants will not be precluded from calling as witnesses Steven Rogers, Dean Clavio, Chintia Lemus Nova, and Kim Hentschel. In all other respects, the Court's Order remains in effect.

SO ORDERED.

**/s/ Ramon E. Reyes, Jr.**
RAMON E. REYES, JR.
United States Magistrate Judge
Dated: December 18, 2018
Brooklyn, NY

---

[3] According to the parties' motion papers, the additional discovery contemplated in the Court's order is complete. (*See* Dkt. No. 45 at 8; Dkt No 43-1 at 17).