**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YANNIS BONIKOS and RIGEL SHAHOLLI, *individually and on behalf of others similarly situated,*<br><br>      Plaintiffs,<br><br>                    v.<br><br>50 FRONT STREET ENTERPRISES, INC. (d/b/a "Mykonos"), PETER KAZAMIAS, JOHN DOE CORP. #1 (d/b/a "50 Front"), JOHN DOE CORPS. #2-10, and JOHN DOES 1-10,<br><br>      Defendants. | Case No. 1:17-cv-06076-ARR-RER<br><br><br><br>**DEFENDANTS' UPDATED PRETRIAL MEMORANDUM** |

Defendants 50 Front Street Enterprises, Inc., ("50 Front") and Peter Kazamias ("Kazamias" and, collectively, "Defendants") submit this Memorandum of Law pursuant to the Court's Individual Practices and Rules, Section IV(A)(6), and the January 11, 2019 Joint Pre-Trial Order.

## PRELIMINARY STATEMENT

Plaintiffs Rigel Shaholli and Yannis Bonikos allege that Defendants have violated the following duties under New York State and federal law: failure to keep adequate records, failure to pay overtime compensation, and failure to pay "spread of hours" compensation under New York law. Given the procedural posture of this submission, Defendants will not respond to the factual conclusions set forth in Plaintiffs' pretrial memorandum because such conclusions are the province of the jury.

**I.     Plaintiff Bonikos Is an Executive and Therefore Exempt from Overtime Pay.**

Plaintiffs both allege employment as chefs. Defendants intend to show that, in his

capacity as "head" chef, Plaintiff Bonikos was an "executive" and therefore exempt from overtime regulations.

The FLSA exempts from overtime those employees working in a "bona fide executive . . capacity." 29 U.S.C. § 213(a)(1).  Whether an individual employee falls within the executive exemption is a mixed question of law and fact that depends on the actual job characteristics and duties of the employee. *See Myers v. Hertz Corp.*, 624 F.3d 537, 548 (2d Cir. 2010).  The U.S. Department of Labor ("DOL") has promulgated regulations defining the FLSA's executive exemption (*see* 29 C.F.R. § 541.00 *et seq.*) and courts generally defer to those regulations. *See, e.g. Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 560-61 (2d Cir. 2012).  Further, the executive exemption under the NYLL parallels that of the FLSA, and courts regularly consult the DOL's FLSA regulations when evaluating the applicability of the executive exemption under New York law. *See, e.g., Reiseck v. Universal Comm'ns of Miami, Inc.*, 591 F.3d 101, 105 (2d Cir. 2010).

Defendants intend to adduce evidence sufficient to show that Plaintiff Bonikos meets the executive exemption because: (1) he was compensated on a fixed salary basis sufficient to meet the federal guidelines; (2) his primary duty was management of his kitchen; (3) he customarily and regularly directed the work of two or more other employees; and (4) he had the authority to hire or fire other employees *or* their suggestions and recommendations concerning personnel matters were given particular weight. *See* 29 C.F.R. § 541.100.  Plaintiff Bonikos also meets the slightly different standards under the NYLL and its regulations. *See* 12 N.Y.C.R.R. § 142-2.14(c)(4)(i).

**II.**    **Plaintiffs Have Failed to Show That They Worked Hours for Which They Were Not Properly Compensated.  They Were Paid A Lawful Minimum Wage for All Regular Hours Worked, And A Lawful Overtime Rate.**

If Plaintiff Bonikos is determined not to be an executive, he and Plaintiff Shaholli have still failed in their burden to adduce reasonable evidence indicating entitlement to the requested relief.  Any employee who "brings suit under § 16(b) of the [FLSA] for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946).  Even when the employer's records are insufficient or incomplete, the employees must set forth "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference" and show that the employer had actual or constructive knowledge of that uncompensated work. *Id.* at 687.  The employer may negate the reasonableness of the inference drawn from the employee's testimony by submitting its own evidence. *Id.* at 687-88.

Plaintiffs were compensated fairly for all hours worked.  The evidence will show that Plaintiffs did not work the hours that they claim.  Even if Plaintiffs can demonstrate that they worked the days and hours they claim, Plaintiffs received the compensation they were due under law.  Plaintiff Bonikos alleges that he worked 91 hours a week for a fixed salary of $1800 per week. (Compl. ¶¶ 51-53).  While Plaintiff Bonikos would no doubt wish to jump the gun and calculate "regular" wages under the law (i.e., divide 1800 by 91 to get the base rate, and then superimpose overtime pay upon that rate), the fact is that such pay for such hours worked is completely consistent with receiving hourly pay of just over $15, and overtime pay of $22.50.  Plaintiffs should not be permitted to put the cart before the horse and ignore the fact that, during all relevant time periods, their allegations are completely consistent with an agreement for Defendants to pay all applicable minimum wages and overtime compensation due under law.

The same is true for Plaintiff Shaholli, who alleges that he was paid $1200 weekly for 72 hours worked. (Compl. ¶¶ 67-69).  Such pay for such hours worked is completely consistent with receiving hourly pay of just under $14, and overtime pay just under $21 per hour.  Again, Plaintiffs are seeking protections from laws that do not apply to them.

Defendants intend to demonstrate that they paid a market rate for Plaintiffs' services, did so in good faith, knowing that the pay issued was sufficient to compensate Plaintiffs across-the-board for applicable obligations under both minimum wage laws and overtime laws.  Defendants intend to demonstrate that the parties agreed and understood that compensation was sufficient to comply with applicable laws and regulations, and Defendants are exempt from "regular rate" calculations under the exceptions set forth in the federal regulations. 29 C.F.R. § 778.400.

In the alternative, should the regular rate be calculated through other means, Defendants are still entitled to, and intend to, rebut the presumption of the veracity of Plaintiffs' testimony. Defendants intend to present documentary and testamentary evidence rebutting Plaintiffs' claims with respect to hours worked. *See* Section V, *infra*.

### III.   Plaintiff Bonikos Is Not Entitled To "Spread of Hours" Pay or Pay Statements Reflective of Overtime Hours Worked

Because Plaintiff Bonikos is an executive exempt from overtime under the NYLL, he is not entitled to "spread-of-hours" compensation or pay stubs reflecting overtime hours worked. New York Department of Labor regulations require that an "employee" receive one additional hour's pay for any day in which "the spread of hours exceeds 10 hours." 12 N.Y.C.R.R. § 142-2.4.  But those regulations define "employee" to exclude "any individual permitted to work in . . . [an] [e]xecutive . . . capacity." The regulations then go on to define "executive" using the multi-pronged test discussed *supra*. *Id.* § 142-2.14(c)(4)(i).  Likewise, section 195 of the NYLL requires employers to provide pay statements that include "the number of overtime hours

worked," but only for "employees who are not exempt from overtime compensation" under the applicable regulations. N.Y. Lab. Law § 195(3).   Because Plaintiff Bonikos is an exempt executive, he is not entitled to spread of hours pay.

## IV.   Any Violation of the FLSA Was Not Willful

Plaintiffs have failed to demonstrate that the alleged violations of the FLSA and NYLL were willful and as such, any provisions with respect to willfulness, including, but not limited to, statutes of limitations and liquidated damages, are inapplicable in this case.

Plaintiffs have set forth only conclusory allegations that Defendants failed to act in good faith in this case.  They style Defendants' obligations as reaching for a "high bar" (See Plaintiffs' Pretrial Memorandum at 13), but the requirement is only that the Defendant act "reasonably in determining its legal obligation" *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 n.13 (1988).  The jury will decide what steps Defendants took to comply with their obligations. Defendants maintain that their actions, including but not limited to paying Plaintiffs the wages to which they were entitled, are sufficient to demonstrate reasonable conduct under the FLSA and NYLL.

Therefore, even if Defendants are found liable, Plaintiffs should be permitted to recover damages for the FLSA only under a two-year statute of limitations from accrual, rather than three. 29 US.C. § 255(a).  This distinction is critical and reflective of Congressional intent to "draw a significant distinction between ordinary violations and willful violations." *Gunawan v. Sake Sushi Rest.*, 897 F.Supp.2d 76, 86-87 (E.D.N.Y. 2012) (quoting *McLaughlin*, *supra*, at 132).

While the assignment of damages, liquidated or otherwise, are subject to the Court's discretion (*see, e.g.*, *Hernandez v. JRPAC, Inc.*, 2016 U.S. Dist LEXIS 75430, at *107-*108

(S.D.N.Y. June 9, 2016) (quoting 29 U.S.C. § 260), they should not be available to Plaintiffs when Defendants have acted in good faith regarding their obligations under the law.  Therefore, at trial, Defendants intend to show that they "took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F.Supp.2d 901, 938 (S.D.N.Y. 2013).

## V.     Witness Credibility

While fact-finding is the province of the jury, Defendants intend to introduce evidence tending to impeach or disprove the testimony of one or both Plaintiffs. Based upon documentary and testimonial evidence, Defendants intend to show that there are numerous dates during the relevant time period during which Plaintiffs claimed to have worked, but on which the restaurant in question was closed. In addition to setting forth this evidence in order to determine hours worked, Defendants intend to use this evidence to aid the jury's determinations of credibility.

## VI.    Plaintiffs Have Unclean Hands

The jury may also find, and the Defendants will attempt to show, that the Plaintiffs abused the trust they were given and lack of oversight in order to work far more hours than were authorized or keep the restaurant open for more hours than reasonable, especially during winter months, in order to rack up damages for a planned lawsuit. Furthermore, the Plaintiffs' credibility regarding the amount of hours they worked may be found by a jury to be undermined by the fact that they sued a previous employer for FLSA overtime violations.

### VII.   Peter Kazamias Does Not Meet the Definition of Employer Under the Relevant Statutes.

Plaintiffs will not be able to demonstrate that that Defendant Peter Kazamias meets the definition of an "employer" as defined by 29 U.S.C. § 203(d) and is therefore personally liable for any alleged violations.

Under the FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). "Person" means "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a). To "employ" means "to suffer or permit to work." 29 U.S.C. § 203(g). Thus, an individual may be held liable as an employer under the FLSA so long as he or she exercises "operational control" over the employee in question, see *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013), and any individuals who are found to qualify as "employers" under the FLSA may be held jointly and severally liable to the plaintiff along with any corporate employer. *Moon v. Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002).

To determine whether an individual qualifies as an employer for the purposes of the FLSA, the "economic realities test" is utilized. *Carter v. Dutchess Comm. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) ("It is common ground that courts, in determining whether an employment relationship exists for the purposes of the FLSA, must evaluate the 'economic reality' of the relationship."); *see also Kaplan v. Wings of Hope Residence, Inc.*, No. 2:18-cv-02972 (ADS)(AKT), 2018 U.S. Dist. LEXIS 207138, at *21-22 (E.D.N.Y. Dec. 7, 2018). In *Carter*, the Second Circuit established the following four factors to determine the "economic reality" of an employment relationship: "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment

records." *Carter*, 735 F.2d at 12 (citing *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)); *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-05 (2d Cir. 2013) (same).

The Second Circuit emphasizes that these factors are non-exhaustive and that a district court's inquiry is fact intensive. None of the above factors are to be considered dispositive. *See, e.g., Kaplan*, 2018 U.S. Dist. LEXIS 207138, at *22**.** In 2013, the Second Circuit clarified the *Carter* test as it pertains to individual defendant liability, holding that to be an "employer," an individual defendant must possess control over a company's actual "operations" in a manner that related to a plaintiff's employment. *Irizarry*, 722 F.3d at 109-10 ("It is appropriate ... to require some degree of individual involvement in a company in a manner that affects employment-related factors such as workplace conditions and operations, personnel, or compensation—even if this appears to establish a higher threshold for individual liability than for corporate 'employer' status.").

The NYLL defines "employer" as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." N.Y. Lab. Law § 190(3). "Many courts in this Circuit have applied the economic realities test to determine 'whether an employer/employee relationship exists under the FLSA and the NYLL.'" *See, e.g., Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 922 (S.D.N.Y. 2013) (collecting cases); *Ayala v. Looks Great Servs.*, No. 14-CV-6035 (ADS) (SIL), 2016 U.S. Dist. LEXIS 81912, at *12 (E.D.N.Y. June 23, 2016).

In the instant case, Plaintiffs will not be able to establish that Peter Kazamias was an "employer" as defined by the 29 U.S.C. § 203(d). Plaintiffs have set forth only conclusory allegations that Defendant Kazamias met the requirements to be held personally liable under the FLSA and NYLL. *See Serrano v. I. Hardware Distributors, Inc.*, No. 14-CV-2488 (PAC), 2015

U.S. Dist. LEXIS 97876, 2015 WL 4528170, at *3 (S.D.N.Y. July 27, 2015) (finding that allegations that the principal and CEO of a company "had the power to (i) fire and hire, (ii) determine the rate and method of pay and (iii) otherwise affect the quality of employment' were 'boilerplate allegations' that 'fail[ed] to raise the Plaintiffs' right to relief 'above the speculative level.'"); *Peng Bai v. Fu Xing Zhuo*, No. 13 CIV. 05790 (ILG), 2014 U.S. Dist. LEXIS 81173, 2014 WL 2645119, at *4 (E.D.N.Y. June 13, 2014) ("Bai's allegations that Lin had the power to hire, fire, set wages, set work conditions, and maintain employment records are conclusory and inadequate to establish that Lin was an employer, as several courts in this circuit have held.").

## <u>CONCLUSION</u>

Plaintiffs received exactly what they bargained for, and that bargain was in all ways compliant with federal and state law.  Plaintiffs understood that their pay was for hours worked in excess of forty hours, and further, have vastly overstated the amount of time they actually worked during the relevant time period.  Further, Plaintiff Bonikos was an executive chef and therefore his agreement was not governed by hourly wage principles under the law.  Defendants have satisfied their burden to rebut Plaintiffs' conclusory allegations regarding hours and pay, and the Court should not foist additional agreements upon the parties by providing a windfall to Plaintiffs.

Dated: January 11, 2019

Respectfully Submitted,

<u>/s/ T. Bryce Jones, Esq.</u>
T. Bryce Jones, Esq.
Jones Law Firm, P.C.
450 7th Avenue, Suite 1408
New York, NY 10123
(212) 258-0685
bryce@joneslawnyc.com
*Attorneys for Defendants*