**VARACALLI & HAMRA, LLP**

32 Broadway Suite 1818
New York, New York 10004
(646) 590-0571 Phone
(646)619-4012 Fax
www.vhllp.com  Web

January 14, 2019

Anthony R. Portesy, Esq.
aportesy@vhllp.com

**VIA FIRST CLASS MAIL**
Honorable Magistrate Judge Ramon E. Reyes, Jr
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Bonikos et. al v. 50 Front Street Enterprises et al.*
Civil No.: 17-cv-06076

Dear Judge Reyes:

I write to the Court in connection with the submission of the modified Joint Pre-Trial Order in the above captioned matter. The parties submit this joint letter with references to: (1) clarification regarding the exclusion of evidence in the Court's December 6th Order, (2) differences on proposed jury instructions, as well as apprise the Court that the parties are considering [should the Court's schedule allow] a bench trial before Your Honor. Defendants' counsel has advised Plaintiffs that they need to run the proposal by their client and will have a response by January 21, 2019. If the Court's schedule allows and Defendants agree to the proposal, the parties will submit a Consent to Magistrate Judge form with the Court pursuant to Rule 73 of the Federal Rules on January 21st to allow the parties to conduct a trial to allow finality with respect to this matter. The parties have met and conferred regarding the Joint Pretrial Order and our respective positions are outlined below.

    I.    **Exclusion of the Vendor Notices**

        a.  *Plaintiff's Position*

It is the plaintiff's position that Exhibit 12 on the Defendants' proposed Joint Pre-trial Order "50 Front Street- Credit Card Vendor statements have been excluded by the Court, both at the November 1st, 2018 status conference and subsequently in the courts December 6th Order. More specifically, during the November 1st status conference, your Honor stated as follows:

> "Mr. Jones, your client was woefully inadequate in their search for
> documents. I don't know if --because they hired Mr. Chong and he

**VARACALLI & HAMRA, LLP**

32 Broadway Suite 1818
New York, New York 10004
(646) 590-0571 Phone
(646)619-4012 Fax
www.vhllp.com   Web

> gave them some sort of inadequate instructions but the same ruling. Those vendor receipts are out. They had more than enough time to get them in. The only reason why discovery is being reopened is for the purpose of redeposing the plaintiffs. That's it."

*See*, November 1st 2018 *Transcript of Proceeding* ¶14-¶19. Moreover, the court further stated in its' December 16th, 2018 Order that "As noted on the record at the conference held on November 1, 2018, discovery was reopened for the sole purposes of allowing Defendants to conduct renewed depositions of Plaintiffs and enabling Defendants to access a copy of Plaintiff Shaholli's passport. This limited discovery period shall close on January 11, 2019." *See*, Docket No 48, *Summary Order on Motion for Reconsideration* at ¶7. Therefore, this evidence has been excluded for use at trial by the Court.

    b.  *Defendants' Position*

It is Defendants' position that, while initially inclined to exclude all late-produced evidence, Judge Reyes ultimately ordered, in a written docket order of November 7th, 2018, that the late-produced evidence, produced prior to the status conference of November 1st, 2018, would be allowed in at trial, and that the sanction to Defendants would, rather than preclusion, be that Defendants could not use the first deposition of the Plaintiffs at trial. This was consistent with the limited prejudicial effect the court found and consistent with Judge Reyes's statement from the bench that "You know what, here's what we're going to do. Your client produced documents late. They can use them. The first deposition is excluded. You can't use his deposition. If you want to depose him again you can depose him again." *Transcript of Proceeding* pg. 23, ¶21-¶25. The November 7th docket order was final as to the issue, whereas at the hearing Judge Reyes indicated that he would reserve final ruling on the Plaintiffs' Motion *in Limine* for a written order. *Transcript of Proceeding* pg. 31, ¶17-¶18.  The docket order of November 7, 2018 even reads: "The late-produced bank records, EZ-Pass records, and vendor receipts can be used at trial, provided they are otherwise admissible under the Federal Rules of Evidence. As a sanction for the late production of such records, defendants will be precluded from using at trial plaintiffs'

**VARACALLI & HAMRA, LLP**

32 Broadway Suite 1818
New York, New York 10004
(646) 590-0571 Phone
(646)619-4012 Fax
www.vhllp.com  Web

initial deposition transcripts." Nowhere in a subsequent written order does the Court preclude documentary evidence produced prior to the final status conference of November 1, 2018.

### II. Proposed Jury Instructions

*a. Plaintiffs' Position*

In crafting the jury instructions outlined in the original Joint Pre-Trial Order submitted to the Court on October 12, 2018 (Docket Nos. 30 and 31), Plaintiffs' counsel relied upon Model Jury Instructions from the American Bar Association entitled "Evidence and Jury Instructions in FLSA Actions" to ensure that the instructions to the jury were factually neutral and did not attempt to sway the jury to a factual predisposition regarding the claims in this litigation. Defendants did not assert any objections in the prior filing. Despite the prior consent to Plaintiff's proposed jury instructions, Defendants now seek to amend the jury instructions adding an additional jury instruction that seeks to apportion responsibility on behalf of the Plaintiffs in the action based on their trial theory of the case, notably, "… Defendants assert that Plaintiffs have unclean hands and took actions injurious to the Defendants, such as working unnecessary and unauthorized hours, in an attempt to set Defendants up for this suit." *See*, Exhibit 2 Defendants' Proposed JPTO at 3. Plaintiffs object to this jury instruction in that it places a cloud over a potential jury's view of the case skewed toward the Defendants. Further, Defendants cite to an 11th circuit case regarding tension between two federal statutes as justification for this jury instruction. The *Lamonica* case has less to do with jury instructions and more to do with whether the National Labor Relations Act ("NLRA") bars undocumented workers from collecting backpay for failing to report income to the Internal Revenue service and the associated tension between the NLRA and FLSA conflicting positions. The caselaw is not analogous to allow an errant jury instruction. Therefore, Plaintiffs' counsel respectfully requests that the Court strike this additional jury instruction should the Defendants reject a bench trial before your Honor.

**VARACALLI & HAMRA, LLP**

32 Broadway Suite 1818
New York, New York 10004
(646) 590-0571 Phone
(646)619-4012 Fax
www.vhllp.com  Web

    b. *Defendants' Position*

Defendants submit that Plaintiffs' recovery should be barred under equitable defenses such as unclean hands and/or *in pari delicto*. Specifically, *in pari delicto* "may be applied to bar recovery under a federal statute only where (1) the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress, and (2) preclusion of the suit would not substantially interfere with the statute's policy goals." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1306 (11th Cir. 2013) (quoting *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310-11 (1985). The Second Circuit has not held that such a defense is impermissible in the FLSA context. *See, e.g., Chen v. Republic Rest. Grp.,* 2008 U.S. Dist. LEXIS 47690, at *3 (S.D.N.Y. June 18, 2008) ("The Court need not reach the question whether the proposed in pari delicto defense is available to Defendants [in FLSA action]"). To address opposing counsel's concerns of prejudicial effect with regards to an earlier draft, Defendants have edited the language so it firmly tracks the language of the first prong of *in pari delicto*—the factual component—as stated in the best available authority for the doctrine as it applies to the FLSA. Defendants submit that the second prong is for the Court rather than the jury to determine.

Annexed to this letter are the clean exhibits of our law firm's respective pre-trial orders (Exhibit 1 as Plaintiffs' proposed JPTO and Exhibit 2 as Defendants' proposed JPTO) and a redline of the Defendants' proposed changes (Exhibit 3). The parties thank the Court in advance for their consideration of the matter.

                            Very truly yours,

                            Anthony R. Portesy