# VARACALLI & HAMRA, LLP

32 Broadway, Suite 1818, New York, NY 10004
Tel: 646-590-0571, Fax: 646-619-4012
Web: WWW.VHLLP.COM

February 28, 2019

Anthony R. Portesy, Esq
aportesy@vhllp.com

**VIA ECF**
Honorable Allyne R. Ross
United States District Court
Eastern District of New York
Room N-208
225 Cadman Plaza
Brooklyn, NY 11201

        Re:    Bonikos et al. v. 50 Front Street et al,
                 17-cv-06076

Dear Judge Ross:

The parties to the above captioned matter hereby jointly notify the Court that they have agreed to settle the above Action brought under the Fair Labor Standards Act (FLSA) for $150,000.00 and seek the Court's approval of the Settlement Agreement in accordance with <u>Cheeks v. Freeport Pancake House, Inc</u>, 796 F.3d 199 (2d Cir. 2015). The parties respectfully request that the Court approve the Settlement Agreement, a copy of which is attached hereto as *Exhibit A,* and allow the parties to discontinue the matter with prejudice pursuant to F.R.C.P. Rule 41. As explained in further detail below, the parties respectfully state that the proposed Settlement Agreement is fair, reasonable, and equitable.

## Background

Plaintiffs' federal Fair Labor Standards Act ("FLSA") claims arise out of work allegedly performed by Plaintiffs for Defendants at Defendants' restaurant located in the

County of Orange, State of New York. Plaintiffs filed this action on October 17, 2017, with various causes of action for alleged wage and hour violations.

## Allegations of Plaintiffs and Risks of Trial

a. **Plaintiff Yannis Bonikos**

Bonikos alleges to have worked for Defendants from on or about May 2015 until on or about October 2016 (See Comp. at §45). Bonikos alleges to have worked as a chef for Defendants (See Comp. at §46). Bonikos further alleges a failure to pay overtime for hours in excess of forty (40) hours per week in addition to failing to receive proper pay stubs and notification of pay rate under the New York Labor Law (See Comp. at §57, §59). Bonikos alleges that he routinely throughout his employment worked in excess of ninety one (91) hours per week without ever taking a lunch break (See Comp. at §51, §54).

Plaintiff Bonikos' damages were based on the ninety-one (91) hour workweeks he alleges to have worked each week and a presumption that the Defendants would not successfully claim an "executive exemption" under the FLSA and NYLL. These damages were not discounted by possible insolvency of Defendants, nor by any argument that the individual defendant was not involved enough in the business to constitute an "employer" of Plaintiffs. The Defendants as part of their trial strategy would present witnesses at trial who were prepared to give statements regarding Bonikos' status as an executive chef and that the restaurant was regularly closed for significant portions of weeks during the colder months during which many of Bonikos' overtime claims allegedly accrued.

b. **Plaintiff Rigel Shaholli**

Shaholli worked for Defendants from on or about July 2015 until on or about February 2016 as a chef (See Comp at §62, §63). Shaholli further alleged a failure to pay overtime for hours in

excess of forty (40) hours per week in addition to failing to receive proper pay stubs and notification of pay rate under the New York Labor Law (See Comp. at §73, §75). Shaholli alleged that he routinely throughout his employment worked in excess of seventy two (72) hours per week without ever taking a lunch break (See Comp at §72, §54).

Plaintiff Shaholli's damages were based on the seventy-two (72) hour workweeks he worked while in Defendants' employ. The Defendants as part of their trial strategy were to present witnesses at trial who were prepared to give statements that Shaholli was substantially absent from his alleged employment with Defendants and staggered employment for two separate stints. Defendants were also prepared to procure evidence and witnesses that the restaurant was closed for a significant time period in which Shaholli's overtime claims are based.

In light of the Defendants' strategy of defense at trial regarding its witnesses and the likelihood that both Plaintiffs' overtime claims would be significantly reduced, there existed a significant risk that Plaintiffs might not prevail on any of their federal claims if this case proceeded to trial, other than the stipulated NYLL claims regarding the Defendants' failure to provide pay stubs and notices of payrate. Accordingly, it became necessary to evaluate the potential value and success of all claims if the case proceeded to trial.

Given the inherent uncertainties of a trial verdict, the risk to Plaintiffs that Defendants would succeed with the legal and/or factual defenses discussed above, and, most importantly, to avoid the increased costs to all parties of litigating this case to trial, the parties agreed that the proposed amount set forth in the Settlement Agreement is fair and reasonable.

## The Proposed Settlement Should Be Approved

The attached proposed Settlement Agreement warrants approval as it is fair, reasonable, and adequate. Indeed, the agreement reflects a reasonable compromise of Plaintiffs' claims rather

than a mere waiver of statutory rights brought about by Defendants' alleged violations of Federal and state wage and hour laws. Plaintiffs will each recover amounts that, when adjusted for the risks of a defeat at trial and expense to all parties of conducting a trial, are appropriately risk-weighted. The Plaintiffs have been informed of the terms of the settlement including the overall amount to be paid by Defendants and there have been no objections to the settlement.

Plaintiffs are represented by competent counsel and the settlement amount constitutes a not insignificant portion of what Plaintiffs may be entitled to should either or both prevail at trial.[1] Likewise, Defendants are represented by competent counsel, well-versed in employment law, who presented strong legal arguments based upon the facts. Therefore, the arm's length bargaining between the represented parties weighs in favor of finding a settlement reasonable. As noted above, the parties have engaged in discovery efforts and have gathered sufficient information to permit them to assess the strengths and weaknesses of the asserted claims and their respective positions. See, Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.")(internal citations and quotations omitted); Aponte v. Comprehensive Health Mgmt., Inc., 2013 WL 1364147, at *4 (S.D.N.Y. Apr. 2, 2013) (Courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.")(citation and internal quotations omitted).

Furthermore, settling this matter now will avoid incurring the additional costs of litigation on both sides, and, as Plaintiffs are no longer associated with Defendants, coercion is unlikely. See, Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); Cisneros v. Schnipper

---

[1] See Attached Declaration of Plaintiffs' counsel.

Rest. LLC. 2014 U.S. Dist. LEXIS 2111, 2-3 (S.D.N.Y. Jan. 8, 2014) ("[a]lthough the FLSA places strict limits on an employee's ability to waive claims ... for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here.")(internal citation and quotation omitted); Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483. 2011 U.S. Dist. LEXIS 130357, 2011 WL 5508972, at *3  (E.D.N.Y. Nov. 10, 2011); Brown v. Mustang Sally's Spirits & Grill, Inc., 2013 U.S. Dist. LEXIS 13482 (W.D.N.Y. Jan. 30, 2013).

  Additionally, no factors weigh against allowing the settlement to proceed as requested because: a) Plaintiffs have not identified "the presence of other employees situated similarly to the claimant" or of some industry-wide practices; b) Defendants explicitly deny any wrongdoing, and have no "history of FLSA non-compliance"; and c) continuing to develop the record will only serve to enlarge costs on both sides and not serve any useful purpose in light of Defendants' lack of a history of non-compliance and the lack of any identified industry-wide practice. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335-336 (S.D.N.Y. 2012).

  Lastly, the parties agree that the settlement amount is a reasonable compromise of all parties' positions and the proposed settlement regarding attorney fees is also fair and reasonable, as Plaintiffs' counsels' own compensation does not adversely affect the extent of the relief obtained by Plaintiffs. See Wolinsky, 900 F. Supp. 2d at 336-37; Cisek v Natl. Surface Cleaning, Inc., 954 F. Supp. 110. 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest, and there was no reason to conclude that plaintiffs' counsel benefited at the expense of their clients); Chapman-Green v. Icahn House West LLC, No. 11 Civ. 1190 (MHD), 2013 U.S. Dist. LEXIS 25671, 2013 WL 658245, at *2 (S.D.N.Y. Feb. 21,2013) (amount of fees "is of little consequence' when fees are

consensual")(internal citation and quotation omitted); see also Mireku v. Red Vision Sys., Inc., 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013).

Accordingly, the parties respectfully request judicial approval of the parties' proposed settlement agreement (annexed hereto as Exhibit A), and request to be allowed to submit a stipulation of dismissal with prejudice consistent with the requirements of FRCP Rule 41(1) (a) (ii).

**Discussion of Plaintiffs' Attorneys' Fees**

The Settlement Agreement's apportionment of $1772.40 in costs to Plaintiffs' counsel in addition to $50,000.00 to Plaintiffs' counsel as attorney's fees (for a total of $51,772.40) is reasonable. See *Rangel v. 693 Grand St. Meat & Produce Corp.*, No. 13 CV 3234(LB), 2013 WL 5308277 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit.") (internal citation omitted). One-third of the settlement net of costs for attorneys' fees, in addition to costs themselves, is consistent with Plaintiffs' consensual representation agreements with their attorneys. *See Exhibit B,* Attached Representation Agreements. Furthermore, the amount is reasonable given the hours billed by Plaintiffs' counsel multiplied by a reasonable hourly rate. *See Exhibit C,* Attached Billing Record, which totals $107,488.89.

Therefore, we respectfully request the Court dismiss the action with prejudice pursuant to F.R.C.P. Rule 41. The parties thank the Court in advance for their consideration of this request.

Truly Yours,

_[signature]_

            Anthony R. Portesy, Esq.
            *Junior Partner*
            Varacalli & Hamra, LLP


CC via ECF: All Counsel