**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YANNIS BONIKOS and RIGEL SHAHOLLI, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> 50 FRONT STREET ENTERPRISES, INC, AND PETER KAZAMAIAS, <br><br> Defendants. | Case No. 1:17-CV-6076 <br><br> **SETTLEMENT AGREEMENT AND RELEASE** |

This Settlement Agreement and Release ("Agreement") is made by: YANNIS BONIKOS and RIGEL SHAHOLLI ("Plaintiffs") individually and on behalf of his present and former representatives, agents, attorneys, heirs, executors, administrators, successors, and assignors, and 50 FRONT STREET ENTERPRISES INC. ("Corporate Defendant") and PETER KAZAMIAS ("Individual Defendant"),  collectively "Defendants", individually and as an officer of the Corporate Defendant and on behalf of all former directors, officers, partners, owners, representatives, agents, attorneys, parents, subsidiaries, affiliates, successors, heirs, executors, administrators, successors, and assignors of Defendant Corporation and Individual Defendant. Plaintiff and Defendant are collectively referred to hereafter as "Settlement Parties."

WHEREAS, on October 17, 2017, Plaintiffs on behalf of themselves and similarly situated employees, commenced an action by filing a Complaint encaptioned Bonikos et al v. 50 Front Street et al, civil action no. 17-cv-06076 in the United States District Court Eastern District of New York ("Litigation"); and

WHEREAS, the Settlement Parties have determined it to be in their mutual interests to settle any and all claims or other matters arising out of Plaintiffs' employment; and

WHEREAS, the Settlement Parties have determined it to be in their mutual interest to dismiss the Litigation with prejudice;

NOW, THEREFORE, for good and valuable consideration, the receipt of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Settlement Parties agree as follows:

1.      Preliminary Matters

Plaintiffs acknowledge that they have consulted with his lawyers regarding this Agreement and has considered carefully their advice.

2.      Mutual Release of Claims

2.1.      Plaintiffs fully and unconditionally release and forever discharges Defendants from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, any claims under the Fair Labor Standards Acts (FLSA); any claims under New York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations, Articles 6, 7 and 19 of the New York Labor Law; any claims pursuant to the New York State Minimum Wage Order for the Restaurant Industry, *et seq.* and the New York State Hospitality Wage Order, *et seq.*; any claims under any other federal, state or local wage and hour law; and any claims for reimbursement, wages, vacation or other leave time through the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement). This release does not bar a claim that a term of this Agreement has been materially violated.

2.2.      Defendants fully and unconditionally releases and forever discharge Plaintiff, from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in

2

connection with Plaintiffs' employment, including any claims under the Fair Labor Standards Acts (FLSA); any claims under New York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations, Articles 6, 7 and 19 of the New York Labor Law; any claims pursuant to the New York State Minimum Wage Order for the Restaurant Industry, *et seq.* and the New York State Hospitality Wage Order, *et seq.*; any claims under any other federal, state or local wage and hour law; and any claims for reimbursement, wages, vacation or other leave time through the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement).

This release does not bar a claim that a term of this Agreement has been materially violated.

3.      Termination of the Litigation

Plaintiffs agree to terminate, discontinue, and dismiss the Litigation in its entirety and in each and every respect, with prejudice, and to cooperate and to take all necessary and appropriate action to accomplish same consistent with the terms of this Agreement. The District Court shall maintain jurisdiction with respect to enforcement of this Agreement. In that connection, Defendants' counsel will execute and deliver to Plaintiffs' Counsel a Stipulation of Dismissal with Prejudice ("Stipulation") in the form of the attached Exhibit A, voluntarily dismissing the Litigation with prejudice. Plaintiffs' counsel agrees to file the fully-executed Stipulation immediately once all payments have been made in accordance with Section Four below.

4.      Monetary Consideration

4.1.      The total monetary consideration to be paid by Defendants to Settling Plaintiff' and Settling Plaintiff' counsel shall be $150,000.00 ("Total Settlement Amount") which shall be paid in two installments set forth as follows:

(1) Thirty Days (30) from the date of the settlement conference in this action, February 26, 2019, Defendants shall make payable one (1) check to be held in Defendants' counsel's escrow account in the amount of One Hundred and Fifty Thousand dollars ($150,000.00), broken down as follows:

(a) one check made payable to Yannis Bonikos in the amount of  Sixty Nine Thousand One Hundred Thirteen Dollars and Eighty Cents ($69,113.80), with the issuance of an IRS 1099 form;

(b) one check made payable to RIGEL SHAHOLLI in the amount of Twenty Nine Thousand One Hundred Thirteen Dollars and Eighty Cents ($29,113.80)

(c ) one check made payable to VARACALLI & HAMRA LLP in the amount of Fifty One Thousand Seven Hundred Seventy Two Dollars and Forty Cents ($51,772.40).

4.2.    Tax Payment Procedures

(a)(1)  With respect to the 1099 payments these payments represent non-wage compensation from which no withholdings or deductions shall be taken.  These payments will be reflected in an IRS Form 1099-MISC, using Box 3 of Form 1099-MISC. (a)(2)    Upon        the Court's approval of this Agreement, Plaintiffs shall provide Defendants with his social security number or individual taxpayer identification number, unless he previously provided such information to Defendants. If Defendants no longer maintain Plaintiffs' social security number or individual taxpayer identification number, then Plaintiffs shall resubmit their social security number or individual taxpayer identification number upon request at the time Defendants execute this Agreement.

(b)    Although Plaintiffs and Defendants believe, in good faith, that the tax treatment of the payments referred to in this Agreement and the procedures set forth in this

Agreement regarding withholding and payment, are proper and in compliance with applicable tax regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiff and/or Defendant are liable for any failure to pay federal, state or local income or employment taxes with respect to the payments made under Section Four of this Agreement, or liable for interest or penalties related thereto, Plaintiffs and Defendants shall each be responsible for their own portion of any such liability and their own legal fees incurred in determining such liability.

(c)      Plaintiffs acknowledge and agree that (i) this settlement may result in taxable income to Plaintiffs under applicable federal, state and local tax laws; (ii) Defendants are providing no tax, accounting or legal advice to Plaintiff, and make no representations regarding any tax obligations or tax consequences on Plaintiffs' part relating to or arising from this Agreement; (iii) Plaintiff shall be solely responsible for all of his respective individual tax obligations, including, without limitation, all federal, state and local taxes, and Plaintiffs shall not seek any indemnification from Defendants with respect thereto; (iv) Plaintiffs have been advised that Defendant must comply with his obligations to make reports of such taxable income to the appropriate federal, state and local tax authorities, and issue IRS Forms W-2 and 1099, as appropriate, and (v) Plaintiff shall cooperate and provide information to Defendant, as reasonably necessary, to allow Defendant to comply with all applicable federal, state and local tax laws.  As such, Plaintiffs shall provide Defendants with signed IRS Forms W4 and W9 simultaneously with execution and delivery of this Agreement.

5.      <u>Non-Admission of Liability</u>

The execution of this Agreement shall not be construed as an admission of any liability whatsoever by the Defendants.  Plaintiffs will not claim to be a prevailing party, to any degree or extent.

6.      Default or Late Payment

In the event Defendants fail to make the payments provided for herein, Plaintiffs shall provide Defendants with written notice of default sent by email to Bryce Jones, Esq at bryce@joneslawnyc.com and overnight mail to: T. Bryce Jones, Esq. Jones Law Firm P.C., 450 7th Avenue NY, NY 10123, which shall provide no less than five (5) business days to cure such default following the delivery of the notice of default by overnight mail.  Should Defendants fail to cure within that time frame, the entire balance of the Total Settlement Amount shall immediately become due and payable.

In the event Defendant fails to make the payments provided for herein Defendant shall pay Plaintiffs' reasonable attorneys' fees and costs associated with enforcement of the Agreement.  Notwithstanding anything contained in this Section, all terms of this Agreement remain conditioned on timely receipt of the initial payment to be made by Defendants as described in Section 4. above.

7.      All of the terms and conditions of this Agreement shall be binding upon Defendants, their representatives, successors, and assignors, including: but not limited to, any purchaser of any of Defendants' businesses and/or successor entities named in this action or otherwise substantially related to this action.

8.1.    Governing Law.  This Agreement shall be construed as a whole in accordance with its fair meaning and in accordance with the laws of the State of New York (without regard

to its choice of law principles), as are applied to contracts to be performed wholly within the State of New York.

8.2.    Descriptive Headings. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

8.3.    Severability.  In the event that any one or more of the provisions of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remainder of the Agreement shall not in any way be affected or impaired thereby. Moreover, if any one or more of the provisions contained in this Agreement shall be held to be excessively broad as to duration, activity or subject, including but not limited to the release set forth in Section 2 of this Agreement, such provisions shall be construed by limiting and reducing them so as to be enforceable to the maximum extent allowed by applicable law.

8.4.    Entire Agreement. This Agreement represents the sole and entire agreement between the Settlement Parties and supersedes all prior agreements, negotiations and discussions between the Settlement Parties hereto, and their respective counsel, with respect to the subject matters covered hereby.

8.5.    Drafter of this Agreement.  In recognition of the fact that the Settlement Parties hereto had an equal opportunity to negotiate the language of, and draft this Agreement, the Settlement Parties acknowledge and agree that there is no single drafter of this Agreement and therefore, the general rule that ambiguities are to be construed against the drafter is, and shall be, inapplicable.  If any language in this Agreement is found or claimed to be ambiguous, each party shall have the same opportunity to present evidence as to the actual intent of the Settlement Parties with respect to any such ambiguous language without any interference or presumption being drawn against any party.

8.6.    Amendments.  Any amendment to this Agreement must be in writing signed by duly authorized representatives of each of the Settlement Parties hereto and stating the intent of each party to amend the Agreement.  Any written changes must be approved by the Court.

8.7.    Counterparts.    This Agreement may be executed by each party in separate counterparts, each of which shall constitute an original and the sum of which shall constitute one document.

9.    Further Employee Acknowledgments

9.1.    Plaintiffs understand and agrees that he have a period of seven (7) days following the signing of this Agreement to revoke it.  Plaintiffs understand that in the event that he revokes this Agreement, it shall be null and void and of no force or effect on any party hereto prior to the expiration of the seven (7) day period.  Any revocation must be in writing and received by counsel for Defendants, T. Bryce Jones, Esq at Bryce@joneslawnyc.com. Plaintiffs further understand that this Agreement shall not be effective or enforceable until the seven (7) day revocation period has expired without revocation.

Any notices relating to this Agreement shall be given in writing to counsel as set forth in the preceding paragraph or to successor counsel or a Settlement Party, if so designated by present counsel or one of the Settlement Parties.

9.3.    Plaintiffs acknowledge having consulted with their attorneys before signing this Agreement and that this Agreement has given them an opportunity to do so.

**PLAINTIFF:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS.**

DATED: 3/4/ , 2019                By: _____
                                         YANNIS BONIKOS

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )


On the 4th day of March in the year 2019 before me, the undersigned personally appeared Yannis Bonikos, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

ARIFUL A CHOWDHURY
Notary Public - State of New York
NO. 01CH6305475
Qualified in Queens County
My Commission Expires Jun 9, 2022

9

**PLAINTIFF:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS.**

DATED: 03/04/ , 2019          By: _____
                                        RIGEL SHAHOLLI

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )


    On the ___ day of _March_ in the year 2019 before me, the undersigned personally appeared _Rigel Shaholli_ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

ANTHONY R PORTESY
Notary Public, State of New York
No. 02PO6315932
Qualified in Suffolk County
Commission Expires December 08, 20__

10

**DEFENDANT:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS AND AM EXECUTING THIS AGREEMENT ON BEHALF OF BOTH MYSELF AND CORPORATE DEFENDANT 50 FRONT STREET ENTERPRISES INC.**

DATED: 3/13 , 2018                    By: _____
                                          PETER KAZAMIAS

DATED: 3/13 , 2019                    By: _____
                                          PETER KAZAMIAS AS CORPORATE
                                          REPRESENTATIVE OF 50 FRONT
                                          STREET ENTERPRISES INC.

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF ~~NEW YORK~~ )
        Orange

On the 13 day of March in the year 2019 before me, the undersigned personally appeared Peter Kazamias, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____ Notary Public
Signature and Office of individual
taking acknowledgment

TAMMY L DAMON
Notary Public - State of New York
NO. 01DA6351397
Qualified in Ulster County
My Commission Expires Dec 5, 2020

11

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YANNIS BONIKOS and RIGEL SHAHOLLI, *individually and on behalf of others similarly situated*<br><br>        Plaintiffs,<br><br><br>                    v.<br><br>50 FRONT STREET ENTERPRISES INC., PETER KAZAMIAS, et al.<br><br>        Defendants. | Case No. 1:18-CV-917<br><br>**STIPULATION OF DISCONTINUANCE** |

        Pursuant to Federal Rule of Civil Procedure 41(a) (1) (A) (ii), this action is hereby dismissed with prejudice.  The Parties agree that the Court will retain jurisdiction of this matter for the sole purpose of enforcing the Settlement Agreement.


Date:        New York, New York
              MARCH __, 2019




_____                          _____
Anthony R. Portesy, Esq.                            T. Bryce Jones, Esq.
Varacalli & Hamra LLP                               Jones Law Firm, P.C.
32 Broadway Suite 1818                              450 7th Avenue
 New York, NY 10002                                 New York, NY 10123
626-590-0571                                        (212) 258-0685
aportesy@vhllp.com                                  bryce@joneslawnyc.com



                                        _____
                                        **SO ORDERED**

12